# U.S. District Court
## U.S. District Court for the Northern District of Oklahoma (Tulsa)
## CIVIL DOCKET FOR CASE #: 4:25−cv−00285−GKF−MTS *I*

Stephens v. State of Oklahoma et al
Assigned to: Judge Gregory K Frizzell
Referred to: Magistrate Judge Mark T Steele
Related Cases: 4:22−cv−00480−CVE−JFJ
  4:23−cv−00553−GKF−SH
  4:24−cv−00216−JDR−CDL
  4:24−cv−00259−GKF−MTS
  4:25−cv−00322−SEH−CDL

Case in other court: Circuit Court of Oregon, 15−DR−18623
  Tenth Circuit, 24−05438
  Tenth Circuit, 25−05063
  10th Circuit, 26−05041 (#21)
  Supreme Court of OK, CI−120847
  Tulsa County District Court, CJ−23−01901
  Tulsa County District Court, CV−24−01311
  Supreme Court of OK, DF−120612
  Supreme Court of OK, DF−120848
  Supreme Court of OK, DF−120849
  Supreme Court of OK, DF−121149
  Supreme Court of OK, DF−121254
  Supreme Court of OK, DF−121851
  Supreme Court of OK, DF−122022
  Tulsa County District Court, FD−15−02228
  Tulsa County District Court, JD−21−00270
  Supreme Court of OK, MA−121200
  Supreme Court of OK, MA−121255
  Supreme Court of OK, MA−122445
  Supreme Court of OK, MA−122859
  Tulsa County District Court, PO−21−03843
  Tulsa County District Court, PO−21−04059
  Supreme Court of OK, PR−121200

Date Filed: 06/06/2025
Date Terminated: 01/21/2026
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

**Petitioner**

**Linh Tran Stephens**

represented by **Linh Tran Stephens**
235 TOM STEWART RD
NEWBERRY, SC 29108
817−631−3223

V.

**Respondent**

**State of Oklahoma**
*and its divisions and*
*employees/successors*

**Respondent**

**Loretta Radford**
*in her individual capacity and in official*
*capacity as Special Judge of Tulsa County*
*District Court; docket F*

**Respondent**

**Deborrah Ludi–Leitch**
*in her individual capacity and in official*
*capacity as Special Judge of Tulsa County*
*District Court; docket F*

**Respondent**

**Emmalene Stringer**
*in her individual capacity and in official*
*capacity as State Attorney of Child*
*Support Services*

**Respondent**

| | | |
|---|---|---|
| **Jacob R Williamson**<br>*in his individual capacity and in official*<br>*capacity as Tulsa County District Court*<br>*Sheriff employee* | represented by | **James Dashiell Dunn**<br>Tulsa County<br>Tulsa County Sheriff's Office<br>6080 E. 66th Street North<br>Tulsa, OK 74117<br>918–596–8704<br>Email: jdunn@tcso.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Respondent**

| | | |
|---|---|---|
| **Vic Regalado**<br>*in his individual capacity and in official*<br>*capacity as SHERIFF OF TULSA*<br>*COUNTY* | represented by | **James Dashiell Dunn**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Respondent**

**Kim Hall**
*in her individual capacity as Court Clerk*
*of Tulsa County District Court*

**Respondent**

**Jeffrey Cartmell**
*in his individual capacity and in official
capacity as DIRECTOR OF OKDHS
since 2024 replacing DEBORAH
SHROPSHIRE*

**Respondent**

**Gentner Drummond**
*in his individual capacity and in official
capacity as OKLAHOMA ATTORNEY
GENERAL since 2023
also known as*
Gentner Fredrick Drummond

**Respondent**

**John Kevin Stitt**
*in his individual capacity and in official
capacity as GOVERNOR OF
OKLAHOMA
also known as*
J. Kevin Stitt

**Respondent**

**Tulsa County District Court**
*and its divisions (Family Court, Juvenile
Court, Civil Court, Small Claim Court
Division) and its employees/successors*

**Respondent**

| | | |
|---|---|---|
| **Oklahoma Department of Human Services** *(OKDHS) and its divisions and its employees/successors* | represented by | **John K.F. Langford** John Langford Oklahoma Department of Human Services P.O. Box 25352 Oklahoma City, OK 73125−0000 405−521−3638 Email: john.langford@okdhs.org *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |

**Respondent**

| | | |
|---|---|---|
| **Oklahoma Child Support Services** *(CSS)* | represented by | **John K.F. Langford** (See above for address) *LEAD ATTORNEY ATTORNEY TO BE NOTICED* |

**Respondent**

| | | |
|---|---|---|
| **Oklahoma Sheriffs' Association** | represented by | **Sharon K. Parker** |

JPM Law, PLLC
401 S. Boston Ave.
Ste. 2000
Tulsa, OK 74103
918–938–7944
Fax: 918–938–7966
Email: sparker@jpmlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Oklahoma Attorney General Office**
*(OAG)*

**Respondent**

**Oklahoma Secretary of State**
*(SOS)*

**Respondent**

**Oklahoma State Governor's Office**

**Respondent**

| | |
|---|---|
| **David L. Moss Justice Center/Tulsa County Jail** | represented by **James Dashiell Dunn**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Respondent**

**Does**
*#1–99 known but unidentified STATE OF OKLAHOMA's employees*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/2025 | 1 | CIVIL COVER SHEET by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 2 | PETITION for Writ of Habeas Corpus – 2254 by Linh Tran Stephens (With attachments) (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 3 | MOTION to obtain electronic case filing rights for non–attorneys by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 4 | MOTION to obtain electronic case filing rights for non–attorneys by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 5 | FILING FEES Paid in Full by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 07/07/2025 | 6 | SUMMONS Issued by Court Clerk as to Jeffrey Cartmell, David L. Moss Justice Center/Tulsa County Jail, Gentner Drummond, Kim Hall, Deborrah Ludi–Leitch, Oklahoma Attorney General Office, Oklahoma Child Support Services, Oklahoma |

| | | |
|---|---|---|
| | | Department of Human Services, Oklahoma Secretary of State, Oklahoma Sheriffs' Association, Oklahoma State Governor's Office, Loretta Radford, Vic Regalado, State of Oklahoma, John Kevin Stitt, Emmalene Stringer, Tulsa County District Court, Jacob R Williamson (dla, Dpty Clk) (Entered: 07/08/2025) |
| 08/01/2025 | 7 | ATTORNEY APPEARANCE by James Dashiell Dunn on behalf of David L. Moss Justice Center/Tulsa County Jail, Vic Regalado, Jacob R Williamson [Note: Attorney James Dashiell Dunn added to party David L. Moss Justice Center/Tulsa County Jail(pty:res), Attorney James Dashiell Dunn added to party Vic Regalado(pty:res), Attorney James Dashiell Dunn added to party Jacob R Williamson(pty:res).] (Dunn, James) (Entered: 08/01/2025) |
| 08/01/2025 | 8 | MOTION to Dismiss by David L. Moss Justice Center/Tulsa County Jail, Vic Regalado, Jacob R Williamson (Dunn, James) (Entered: 08/01/2025) |
| 08/05/2025 | 9 | ATTORNEY APPEARANCE by John K.F. Langford on behalf of Oklahoma Child Support Services, Oklahoma Department of Human Services [Note: Attorney John K.F. Langford added to party Oklahoma Child Support Services(pty:res), Attorney John K.F. Langford added to party Oklahoma Department of Human Services(pty:res).] (Langford, John) (Entered: 08/05/2025) |
| 08/05/2025 | 10 | MOTION to Dismiss for Failure to State a Claim , MOTION to Dismiss for Lack of Jurisdiction by Oklahoma Child Support Services, Oklahoma Department of Human Services (Langford, John) (Entered: 08/05/2025) |
| 08/07/2025 | 11 | DISCLOSURE STATEMENT by Vic Regalado (Dunn, James) (Entered: 08/07/2025) |
| 08/07/2025 | 12 | DISCLOSURE STATEMENT by Jacob R Williamson (Dunn, James) (Entered: 08/07/2025) |
| 08/22/2025 | 13 | ATTORNEY APPEARANCE by Sharon K Parker on behalf of Oklahoma Sheriffs' Association [Note: Attorney Sharon K Parker added to party Oklahoma Sheriffs' Association(pty:res).] (Parker, Sharon) (Entered: 08/22/2025) |
| 08/22/2025 | 14 | DISCLOSURE STATEMENT by Oklahoma Sheriffs' Association (Parker, Sharon) (Entered: 08/22/2025) |
| 08/22/2025 | 15 | MOTION to Dismiss by Oklahoma Sheriffs' Association (Parker, Sharon) (Entered: 08/22/2025) |
| 08/29/2025 | 16 | AFFIDAVIT/CERTIFICATE/PROOF/RETURN of Service by Linh Tran Stephens (atn, Dpty Clk) (Entered: 08/29/2025) |
| 09/02/2025 | 17 | NOTICE Regarding Second Service of Petition [Doc 2] (Re: 2 PETITION for Writ of Habeas Corpus – 2254 ) by Oklahoma Sheriffs' Association (Parker, Sharon) (Entered: 09/02/2025) |
| 01/21/2026 | 18 | ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026) |
| 01/21/2026 | 19 | JUDGMENT by Judge Gregory K Frizzell *of Dismissal*, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026) |

| 01/21/2026 | | ***Civil Case Terminated (see document number 19 ) (mm, Dpty Clk) (Entered: 01/22/2026) |
|---|---|---|
| 03/09/2026 | 20 | MAIL to Linh Tran Stephens Returned – address has been changed to address unknown. (Re: 18 Order,, Dismissing/Terminating Case,, Denying Certificate of Appealability,, Ruling on Petition for Writ of Habeas Corpus (2241/2254),, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Dismiss,, Ruling on Motion to Dismiss for Failure to State a Claim,, Ruling on Motion to Dismiss for Lack of Jurisdiction,,, 19 Judgment, Entering Judgment ) (mm, Dpty Clk) Modified on 5/15/2026 to link to correct entries (mm, Dpty Clk). (Entered: 03/10/2026) |
| 04/09/2026 | 21 | NOTICE OF APPEAL to Circuit Court (Re: 18 Order,, Dismissing/Terminating Case,, Denying Certificate of Appealability,, Ruling on Petition for Writ of Habeas Corpus (2241/2254),, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Dismiss,, Ruling on Motion to Dismiss for Failure to State a Claim,, Ruling on Motion to Dismiss for Lack of Jurisdiction,,, 19 Judgment, Entering Judgment ) by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/09/2026 | 22 | MOTION to reopen the time to appeal , MOTION for relief from judgment under Rule 60 by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | 23 | PRELIMINARY RECORD Sent to Circuit Court (Re: 21 Notice of Appeal to Circuit Court, ) by Linh Tran Stephens (With attachments) (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | 24 | ***Remark: *mailed appeal packet to Linh Tran Stephens at PO BOX 80112 CHARLESTON, SC 29416 on 4/10/2026. Petitioners address updated using address provided in notice of appeal.* (Re: 21 Notice of Appeal to Circuit Court, ) (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | 25 | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 26–5041 (#21) (Re: 21 Notice of Appeal to Circuit Court, ) (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | 26 | ORDER from Circuit Court *abating case regarding post judgment motion. Reason for abatement: DCt Motion. When the district court enters an order on the post–judgment motion [DC ECF 22], the clerk of the district court is directed to supplement the preliminary record in accordance with 10th Cir. R. 3.2(B).* (Re: 21 Notice of Appeal to Circuit Court, ) (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/15/2026 | 27 | RESPONSE in Opposition to Motion *for Relief, to Reopen Time to File Notice of Appeal, and Notice of Appeal* (Re: 22 MOTION to reopen the time to appeal MOTION for relief from judgment under Rule 60 ) by Oklahoma Sheriffs' Association ; (Parker, Sharon) (Entered: 04/15/2026) |
| 04/23/2026 | 28 | RESPONSE in Opposition to Motion (Re: 22 MOTION to reopen the time to appeal MOTION for relief from judgment under Rule 60 ) by David L. Moss Justice Center/Tulsa County Jail, Vic Regalado, Jacob R Williamson ; (Dunn, James) (Entered: 04/23/2026) |
| 05/04/2026 | 29 | MOTION for Leave to Appeal in Forma Pauperis (Re: 21 Notice of Appeal to Circuit Court, ) by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 05/05/2026) |
| 05/05/2026 | 30 | ***Remark: *Received from petitioner duplicate of motion to appeal in forma pauperis (Dkt. 29 )* by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 05/05/2026) |

| 05/18/2026 | 31 | ORDER by Judge Gregory K Frizzell ; setting/resetting Filing Fee deadline(s): ( Filing Fee due by 6/15/2026); directing court clerk to take action; granting in part 22 Motion for Miscellaneous Relief; denying in part 22 Motion for Miscellaneous Relief; denying 29 Motion for Leave to Appeal in Forma Pauperis (Re: 21 Notice of Appeal to Circuit Court, ) (kjp, Dpty Clk) (Entered: 05/18/2026) |
|---|---|---|
| 05/18/2026 | | ***Remark: *Petitioner Linh Tran Stephen's address updated* (see document number 31 ) (kjp, Dpty Clk) (Entered: 05/18/2026) |
| 05/18/2026 | | (Court only) ***Comment: *Copy of Order (doc. 31) electronically sent to the United States Court of Appeals for the Tenth Circuit* (Re: 31 Order,,,, Setting/Resetting Filing Fee Deadline(s),, Directing Court Clerk to Take Action,, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Appeal in Forma Pauperis, ) (see document number 31 ) (alg, Dpty Clk) (Entered: 05/18/2026) |

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Linh Tran Stephens, sui juris, Vietnamese national,

**DEFENDANTS**
25 CV - 285 GKF - MTS
see attached STATE OF OKLAHOMA, Loretta Radford, ···

**(b)** County of Residence of First Listed Plaintiff  Charleston, South Caro
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Tulsa County, Oklahoma
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
N/A

Attorneys *(If Known)*
Oklahoma Attorney General

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [✔] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [✔] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [✔] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §2254; 42 U.S.C. 1983; 18 U.S.C. 242; 42 U.S.C. 1985(3), 28 U.S.C. 2201-2202, 28 C.F.R. 45.2; see Attached

Brief description of cause:
Hybrid Habeas Petition and Civil Rights Claim Challenging Unconstitutional Void Orders

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
N/A

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [✔] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  John D. Russell    DOCKET NUMBER  24-CV-216-JDR-CDL

DATE
06/05/2025

SIGNATURE OF ATTORNEY OF RECORD
*without prejudice*
linh-tran: Stephens/Agent

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE  008



**FILED**

JUN 0 6 2025

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

**25 CV - 2 8 5 GKF - MTS**

**PARTIES for Habeas Corpus for Linh**

0) *Plaintiff:* **Linh Tran Stephens**, sui juris
Rural Free Delivery, Non-Domestic 0000u,
% 1964 Ashley River Rd Ste B Unit 80112,
Charleston, South Carolina [zip exempt,near 29407] without U.S. Washington, D.C.
Phone: 817-631-3223 (donotcall.gov)
*Defendants*:

1) **STATE OF OKLAHOMA and its divisions and employees/successors;**
2) Loretta Radford a/k/a **LORETTA RADFORD**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;
3) Deborrah Ludi-Leitch a/k/a **DEBORRAH LUDI LEITCH**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;
4) Emmalene Stringer a/k/a **EMMALENE STRINGER**, in her individual capacity and in official capacity as State Attorney of Child Support Services
5) Jacob R. Williamson a/k/a **JACOB R WILLIAMSON**, in his individual capacity and in official capacity as Tulsa County District Court Sheriff employee;
6) Vic Regalado a/k/a **VIC REGALADO**, in his individual capacity and in official capacity as SHERIFF OF TULSA COUNTY;
7) Kim Hall a/k/a **KIM HALL**, in her individual capacity and in official capacity as Court Clerk of Tulsa County District Court;
8) Jeffrey Cartmell, a/k/a **JEFFREY CARTMELL** in his individual capacity and in official capacity as DIRECTOR OF OKDHS since 2024 replacing DEBORAH SHROPSHIRE;
9) Gentner Drummond, a/k/a **GENTNER FREDERICK DRUMMOND** in his individual capacity and in official capacity as OKLAHOMA ATTORNEY GENERAL since 2023;
10) John Kevin Stitt, a/k/a, **J. KEVIN STITT**, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA;
11) **TULSA COUNTY DISTRICT COURT and its divisions** (Family Court, Juvenile Court, Civil Court, Small Claim Court Division) **and its employees/successors**
12) **OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and its divisions and its employees/successors;**
13) **OKLAHOMA CHILD SUPPORT SERVICES (CSS)**
14) **OKLAHOMA SHERIFFS' ASSOCIATION;**
15) **OKLAHOMA ATTORNEY GENERAL OFFICE (OAG);**
16) **OKLAHOMA SECRETARY OF STATE (SOS);**
17) **OKLAHOMA STATE GOVERNOR'S OFFICE;**
18) **DAVID L. MOSS JUSTICE CENTER/TULSA COUNTY JAIL**
19) **DOES #1-99** known but unidentified STATE OF OKLAHOMA's employees;

- *Defendants # 1, 9, 15, and all defendants:*
Oklahoma Attorney General Gentner Drummond for **STATE OF OKLAHOMA and all its employees/successors**
313 NE 21st Street, Oklahoma City, OK 73105
- *Defendant # 2, 3, 11*
**Tulsa County District Court and all its divisions:**
ATTN: Clerk's Office, Presiding Judge, and Board of County Commissioners, Judges of docket F: Loretta Radford, Deborrah Ludi Letich
500 S. Denver Avenue, Tulsa, OK 74103
- *Defendants # 4, 8, 12, 13*
**Oklahoma Department of Human Services and its divisions including <u>CSS</u>**, Emallene Stringer, director Jerrey Cartmell and Deborah Shropshire
2400 N. Lincoln Blvd., Oklahoma City, OK 73105
- *Defendant # 5, 6*
Tulsa County Sheriff's Office
ATTN: Sheriff Vic Regalado and Jacob Williamson
500 S Denver Ave, Tulsa, OK 74103-3832
- *Defendant # 7*
Tulsa County Court Clerk's Office; ATTN: **Kim Hall**
500 S. Denver Avenue, 3rd Floor
Tulsa, OK 74103
- *Defendant # 13:* CSS
P.O. Box 268849, Oklahoma City, OK 73126-8849
- *Defendant # 14*
OKLAHOMA SHERIFFS' ASSOCIATION ATTN: Executive Director Ray and Registered Agent for Service of Process:
1615 South State Street, Edmond, OK 73013
- *Defendant # 16*
Service of Process Division, **Oklahoma Secretary of State**
2300 N Lincoln Blvd, Suite 101
Oklahoma City, OK 73105-4897
- *Defendant # 10, 17*
Office of the Governor, ATTN: J. Kevin Stitt
Oklahoma State Capitol
2300 N. Lincoln Blvd., Suite 212
Oklahoma City, OK 73105
- *Defendant # 18*: **DAVID L. MOSS JUSTICE CENTER,**
300 N. Denver Ave. Tulsa, OK 74103
- **CC:The Board of County Commissioners,** Tulsa County Headquarters
218 W. 6th St., Tulsa, OK 74119-1004

*Fee paid & Summons*

009

OKND 2254 Mod 07/2019

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | Northern District of Oklahoma |
|---|---|

| Name (under which you were convicted):<br><br>LINH TRAN STEPHENS | Docket or Case No.:<br><br>FD-2015-2228 |
|---|---|

| Place of Confinement :<br><br>David L. Moss | Prisoner No.:<br><br><u>1282383</u> |
|---|---|

| Petitioner (include the name under which you were convicted)<br><br>LINH TRAN STEPHENS | v. | Respondent (authorized person having custody of petitioner)<br><br>STATE OF OKLAHOMA, Loretta Radford, DAVID L. MOSS, TULSA SHERIFF'S ASSOCIATION, OKDHS, CSS |
|---|---|---|

| The Attorney General of the State of: | DOUG DRUMMOND |
|---|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    TULSA COUNTY DISTRICT COURT

    (b) Criminal docket or case number (if you know):    FD-2015-2228

2.  (a) Date of the judgment of conviction (if you know):    allegedly 05/02/2025 (ordered 05/08/2025?)

    (b) Date of sentencing:    05/08/2025

3.  Length of sentence:    6 months

4.  In this case, were you convicted on more than one count or of more than one    ☐ Yes    ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    contempt of court for unvalidated fraudulent debt that I don't owe

6.  (a) What was your plea? (Check one) I did not plea because Court refused to answer Jurisdiction challenges & others

    ☐ (1)    Not guilty          ☐ (3)    Nolo contendere (no contest)

    ☐ (2)    Guilty              ☐ (4)    Insanity plea

010

OKND 2254 Mod 07/2019

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?    N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only N/A I was blocked out of pretrial hearings; Removal to Federal filings;

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☐ No N/A, see above

8.    Did you appeal from the judgment of conviction?

☐ Yes    ☒ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☐ Yes    ☐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

011

OKND 2254 Mod 07/2019

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐  Yes    ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Y  ☐    No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    U.S. DISTRICT COURT NORTHERN DISTRICT OF OKLAHOMA

(2) Docket or case number (if you know):    24-CV-216-JDR-CDL

(3) Date of filing (if you know):    03/06/2025

(4) Nature of the proceeding:    PENDING appeal in 10th circuit

(5) Grounds raised:    jurisdictional challenge: Proceeding Without Jurisdiction (Viet Nam nation)

Double Jeopardy (Violation of 5th Amendment), pending appeal from same conviction 02/2024

Unconstitutional Imprisonment for Debt (Violation of 14th Amendment Due Process)

Violation of Equal Protection and Due Process (14th Amendment) : court imposed financial

barriers to justice by conditioning my right to a jury trial on payment of fees despite my documented

financial indigency; court granted accommodations for virtual attendance to opposing parties while

denying me the same accommodation despite my residence in South Carolina and documented

financial inability to travel and without a car had to borrow others. Denial of Right to Be Heard;

(due process 14th Amend): labeled me as "no show" after blocked me out; threaten arrest advocate

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:    depriv of rights: lack of jurisdiction, double jeopardy, debtor prison inability to pay

Page 4 of 16

012

OKND 2254 Mod 07/2019

(8) Date of result (if you know):                    05/02/2025

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:                    U.S. DISTRICT OKND+ TULSA COUNTY DISTRICT COURT

(2) Docket or case number (if you know):                    FD-2015-2228 and 24-CV-216-JDR-CDL

(3) Date of filing (if you know):                    03/06/2025

(4) Nature of the proceeding:                    **NOTICE OF REMOVAL FROM STATE COURT...**

(5) Grounds raised:          Diversity Jurisdiction under 28 U.S.C. §1332 Viet Nam citizen, NOT U.S. citizen

Civil Rights Removal under 28 U.S.C. § 1443

Federal Question Jurisdiction under 28 U.S.C. § 1331

28 U.S.C. § 1441 (in addition to §§ 1331, 1332, 1443, and 1446)

FDCPA violations, ADA rights violations,

Violation of Civil Rights 42 USC §1983; Deprivation of Rights Under Color of Law 18 USC §242

Kidnapping (18 U.S.C. §1201); Extortion; R.I.C.O.,

Conspiracy to Deprive of Rights (18 U.S.C. §241)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:          deprivation of rights, denial without hearing; refusal to STAY all proceedings

(8) Date of result (if you know):                    05/02/2025

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:                    TULSA COUNTY DISTRICT COURT

(2) Docket or case number (if you know):                    FD-2015-2228

(3) Date of filing (if you know):                    03/06/2025 + 03/07/2025 + 05/01/2025

(4) Nature of the proceeding:                    **Notice/Affidavit jurisdiction+ COL form+formal protest**

(5) Grounds raised:          Lack of jurisdiction over a natural person Viet Nam nation. Gov acting as a

private corporation under the Clearfield Doctrine. Absence of a valid complainant with firsthand

knowledge. Rebuttal of presumption that the individual is a legal entity.

Challenge to contractual obligations. Tax exemption for natural persons.

Challenge to attorneys' authority.

Demand for proof of authority and oath of office as article iii judge

Objection of special judges' jurisdiction

form COL "violation warning Denial of Rights" served directly to judge and also filed 03/07/2025

013

OKND 2254 Mod 07/2019

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:  _____ denied without hearing, deprivation of rights _____

(8) Date of result (if you know):  _____ 05/02/2025 _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:    ☒ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____ N/A _____

_____ N/A _____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  _____ SEE ATTACHED for 11 grounds _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground One, explain why:  _____

_____
_____
_____
_____
_____
_____

014

OKND 2254 Mod 07/2019

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐    Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐    Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐    Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the    ☐    Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

015

OKND 2254 Mod 07/2019

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:**                    SEE ATTACHED for 11 grounds _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐    Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

OKND 2254 Mod 07/2019

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

|  |  |  |  |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ | Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ | Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the | ☐ | Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____ SEE ATTACHED for 11 grounds _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

Page 9 of 16

017

OKND 2254 Mod 07/2019

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?            ☐  Yes  ☐  No

(4) Did you appeal from the denial of your motion or petition?        ☐  Yes  ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the   ☐  Yes  ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

018

OKND 2254 Mod 07/2019

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**         _____ SEE ATTACHED for 11 grounds _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐   Yes   ☐   No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

019

OKND 2254 Mod 07/2019

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the    ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:    SEE ATTACHED last paragraph under

Section *STATEMENT OF FACTS* and also section *EXHAUSTION OF STATE REMEDIES*

_____

_____

_____

_____

020

OKND 2254 Mod 07/2019

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☒ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A _____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.    N/A _____

_____

_____

_____

_____

Page 13 of 16

021

OKND 2254 Mod 07/2019

16.      Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:      N/A since I am sui juris self presenting as a Viet Nam national

(b) At arraignment and plea:      N/A since I am sui juris self presenting as a Viet Nam national

(c) At trial:      N/A since I am sui juris self presenting as a Viet Nam national

(d) At sentencing:      N/A since I am sui juris self presenting as a Viet Nam national

(e) On appeal:      N/A since I am sui juris self presenting as a Viet Nam national

(f) In any post-conviction proceeding:      N/A since I am sui juris self presenting as a Viet Nam

(g) On appeal from any ruling against you in a post-conviction proceeding:      N/A since I am sui juris self presenting as a Viet Nam national

17.      Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:    N/A but the court likely will do triple and quadruple jeopardy as they have zero respect for LAW, for CREATOR, nor for men/women that sacrificed for freedom and for the U.S. Constitution court shit on

(b) Give the date the other sentence was imposed:    N/A

(c) Give the length of the other sentence:    N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No N/A

18.      TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A this is a timely filed habeas

Page 14 of 16

022

OKND 2254 Mod 07/2019

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

023

OKND 2254 Mod 07/2019

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    issue a writ of habeas corpus for my immediate

release from the imminent six-month imprisonment for alleged child support debt; recall all warrants; permanent

restraining order enjoining Defendants from executing arrest warrant against me or contempt hearings

or any other relief to which petitioner may be entitled.


_____N/A, I'm sui juris self presenting VietNam national_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system, with the correct postage attached, on:

_____N/A_____ (month, date, year).


Executed (signed) on    _____06/05/2025_____ (date).

~~without prejudice~~    _linh-tran-stephens/agent_
_1964 Ashley River Rd. #B_
_Charleston, SC [29407]_
Signature of Petitioner    _817.631.3228_

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

N/A

_unite 90112_

_South Carolina_

Tulsa District County Court of Oklahoma cases No. FD-2015-2228 docket C & F

https://tinyurl.com/4cdv5u56 ; jail David L Moss inmate ID# 1282383 (DLM#)for debtor

imprisonment with inability to pay [unconstitutional] for 2 months since 02/07/2024;

*Nonjurisdictional* OAH No.: 23-00313-73, *Fraudulent and nonjurisdictional* OK IV-D FGN:

000948641001; CPS Case 20652909, CPS referral # 2078246 & 2200561 against Adam for

child abuses among many other CPS referrals by nonparties since 2017 against Adam while

false # 2195835 against Linh; truthful PO-2021-3843 child against Adam,

frauds-upon-the-court **JD-2021-270**, Adam impeached for perjury PO-2021-4059, his two false

VPOs dismissed per CM-2022-285, CM-2022-157;

APPEALS all denied: DF-120612→CI-120847&DF-120848&DF-120849,

DF-121149→PR-121200 & MA-121255; DF-121254; **DF-122022** (debtor prison 2 month

despite inability to pay); **CV-2024-1311** (401k retirement/bank theft appeal); **MA-122445**

(mandamus for recusal of judges); **GJ-2024-1**, **DF-121851** appeal for CJ-2023-1901 (breach of

contract); DHS Claims # 2520034513 started 10/04/2024, denial letter dated 12/17/2024

received 01/06/2025; **MA-122859** (mandamus for OSBI investigation per House of

Representative but denied because of inability to pay filing fees);

Federal lawsuits: Stephens vs. Sparkman et. al, case No. **22-CV-0480-CVE-JFJ** filed in 2022;

Stephens vs. Seibert et. al, **23-CV-553-GKF-SH** 12/21/2023; Stephens v. Child Support

Services of Oklahoma Department of Human Services et. el., **24-CV-216-JDR-CDL**

05/08/2024 appealed 10th circuit **Case No. 25-5063 PENDING STILL BY TODAY**

**05/05/2025**; Stephens v. Erica Parks and Dale Warner et. al. **24-CV-259-GKF-MTS**

06/03/2024 → United States Court of Appeals for the Tenth Circuit, Stephens v. Parks, et al.,

Appellate Case: 24-5138, filed 11/26/2024;

All appeals consistently raise constitutional violations including: due process denials,

discrimination based on national origin, debtor's prison implementation, double jeopardy,

invalid exercise of jurisdiction, and fraud upon the court by state actors, misconducts, etc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Habeas Corpus Petition for Linh and Civil Action **Case No. 25-**_____

Article iii judge assigned: _____

as plaintiff objected to any magistrates and any other alternatives deviating from article iii constitutional judges

0) **Linh Tran Stephens,**sui juris, a woman breathing with a living soul and the Holy Spirit of YAHUAH, the one-and-only Authorized Representative and Beneficiary of LINH TRAN STEPHENS®, a private individual with inherent sovereign rights,

> *Plaintiff,*                              vs.

1) **STATE OF OKLAHOMA and its divisions and employees/successors;**
2) Loretta Radford a/k/a **LORETTA RADFORD**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;
3) Deborrah Ludi-Leitch a/k/a **DEBORRAH LUDI LEITCH**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;
4) Emmalene Stringer a/k/a **EMMALENE STRINGER**, in her individual capacity and in official capacity as State Attorney of Child Support Services
5) Jacob R. Williamson a/k/a **JACOB R WILLIAMSON**, in his individual capacity and in official capacity as Tulsa County District Court Sheriff employee;
6) Vic Regalado a/k/a **VIC REGALADO**, in his individual capacity and in official capacity as SHERIFF OF TULSA COUNTY;
7) Kim Hall a/k/a **KIM HALL**, in her individual capacity and in official capacity as Court Clerk of Tulsa County District Court;
8) Jeffrey Cartmell, a/k/a **JEFFREY CARTMELL** in his individual capacity and in official capacity as DIRECTOR OF OKDHS since 2024 replacing DEBORAH SHROPSHIRE;
9) Gentner Drummond, a/k/a **GENTNER FREDERICK DRUMMOND** in his individual capacity and in official capacity as OKLAHOMA ATTORNEY GENERAL since 2023;
10) John Kevin Stitt, a/k/a, **J. KEVIN STITT**, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA;
11) **TULSA COUNTY DISTRICT COURT and its divisions** (Family Court, Juvenile Court, Civil Court, Small Claim Court Division) **and its employees/successors**
12) **OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and its divisions and its employees/successors;**
13) **OKLAHOMA CHILD SUPPORT SERVICES (CSS)**
14) **OKLAHOMA SHERIFFS' ASSOCIATION;**
15) **OKLAHOMA ATTORNEY GENERAL OFFICE (OAG);**
16) **OKLAHOMA SECRETARY OF STATE (SOS);**
17) **OKLAHOMA STATE GOVERNOR'S OFFICE;**
18) **DAVID L. MOSS JUSTICE CENTER** a/k/a TULSA COUNTY JAIL
19) **DOES #1-99** known but unidentified STATE OF OKLAHOMA's employees;

> *Defendants.*

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS FOR LINH
PURSUANT TO 28 U.S.C. § 2254, EMERGENCY MOTION FOR PERMANENT
RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983**

026

***EXPEDITED HEARING REQUESTED***
**Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce; Silence or NonResponse is Tacit Acquiescence/Agreement/Dishonor;**
**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................2
I. INTRODUCTION AND SUMMARY OF ACTION...........................................3
II. JURISDICTION AND VENUE...........................................................................4
III. PARTIES.................................................................................................................6
IV. STATEMENT OF FACTS (SWORN AFFIDAVIT OF TRUTH)....................17
V. REQUEST FOR REMOTE HEARINGS............................................................22
VI. REQUEST FOR EXPEDITED DISCOVERY AND PRESERVATION OF EVIDENCE.....23
VII. EXHAUSTION OF STATE REMEDIES...........................................................24
VIII. LEGAL CLAIMS FOR RELIEF.......................................................................26
    CAUSE OF ACTION I: PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254) Against All Defendants...........................................................26
    CAUSE OF ACTION II: VIOLATION OF DUE PROCESS (42 U.S.C. § 1983) Against All Defendants.........................................................................28
    CAUSE OF ACTION III: VIOLATION OF EQUAL PROTECTION (42 U.S.C. § 1983) Against All Defendants.............................................................29
    CAUSE OF ACTION IV: DOUBLE JEOPARDY (42 U.S.C. § 1983) Against All Defendants......................................................................................31
    CAUSE OF ACTION V: AMERICANS WITH DISABILITIES ACT VIOLATIONS (42 U.S.C. § 12132) Against All Defendants.....................32
    CAUSE OF ACTION VI: JUDICIAL DECEPTION (42 U.S.C. § 1983) Against Defendant Loretta Radford.......................................................33
    CAUSE OF ACTION VII: MONELL LIABILITY (42 U.S.C. § 1983) Against STATE OF OKLAHOMA and TULSA COUNTY DISTRICT COURT.................34
    CAUSE OF ACTION VIII: VIOLATION OF RIGHT TO COURT ACCESS (42 U.S.C. § 1983) Against All Defendants......................................37
    CAUSE OF ACTION IX: VIOLATION OF ETHICAL STANDARDS AND CONFLICT OF INTEREST REGULATIONS (28 C.F.R. § 45.2) Against All Defendants.........38
    CAUSE OF ACTION X: CIVIL CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1985(3) Against All Defendants.........40
    CAUSE OF ACTION XI: DECLARATORY RELIEF UNDER 28 U.S.C. §§ 2201-2202 (Voidness of State Custody Orders, Structural Denial of Due Process, and Unconstitutional

Imprisonment for Debt)
Against All Defendants...................................................................................44
IX. EMERGENCY RELIEF REQUESTED...............................................................49
X. PRAYER FOR RELIEF...................................................................................52
XI. DEMAND FOR JURY TRIAL..........................................................................53

## I. INTRODUCTION AND SUMMARY OF ACTION

COME NOW i, Affiant, named linh-tran: stephens (also known as "Linh Tran Stephens",

"Plaintiff", "Appellant", "Mother", or "Linh" herein), one of the sovereign People (as seen in

Oklahoma Constitution Article 2 Section 1) republican in form, Sui Juris–i am NOT the en legis,

legal fiction, trust, corporation, sole proprietor "LINH TRAN STEPHENS©®", a "pro se",

"person", "pauper", "indigent", "slave", "public servant", "government employee", "ward of

State", nor a "U.S. citizen", "minor" in your dictionary, but i am a stateless private individual, a

sentient and moral living breathing woman with a living soul and the Holy Spirit of

YAHUAH--do properly service to all opposing parties this affidavit, in this court of civilian

Public Record, to make emergency petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254, combined with an emergency motion for a permanent restraining order and preliminary

injunction, and a complaint for declaratory and injunctive relief under 42 U.S.C. § 1983.

Corporation named "LINH TRAN STEPHENS" (which Plaintiff is the beneficiary) faces

imminent and unlawful imprisonment for six months based on a default bench conviction issued

in violation of its fundamental constitutional rights, in circumstances amounting to double

jeopardy, and in direct contravention of ongoing federal proceedings and appeals, with the State

courts intent to induce confusions between that entity and the living breathing natural woman

named Linh Tran Stephens to cause for the living woman to be unlawfully detained any moment

and ongoing.

028

Plaintiff seeks emergency intervention from this Court to prevent her imminent arrest and unlawful imprisonment under a void order issued without jurisdiction, in violation of due process, and in contravention of clearly established constitutional protections. The default judgment was rendered after Plaintiff was denied the ability to attend proceedings virtually despite her physical residence in another state (South Carolina since April 2024) and financial inability to travel, while the opposing party and its counsel was permitted to appear virtually, creating fundamentally unfair and biased proceedings.

This action challenges the constitutionality of Tulsa County District Court proceedings in which the Plaintiff faced retaliatory prosecution for alleged same contempt of court for alleged debt that she doesn't owe, after already serving a 60-day sentence for the same alleged contempt that is still on appeal in Oklahoma Supreme Court, while being denied fundamental procedural protections, including the right to be heard, the right to have observers and ADA advocates present, and the right to have proceedings stayed pending resolution of jurisdictional challenges and appeals.

The facts of this case demonstrate a systemic pattern of constitutional violations, including denial of equal protection, violations of due process, double jeopardy, retaliation for asserting constitutional rights, and discrimination based on national origin, Christianity religion, disability status, and skin color.

As the Supreme Court has recognized, "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This Court's intervention is necessary to prevent the imminent and unlawful deprivation of Plaintiff's liberty.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) (civil rights), 28 U.S.C. § 2254 (habeas corpus for state prisoners), and 28 U.S.C. § 1651 (All Writs Act).

This Court has personal jurisdiction over the Defendants because they are all citizens of Oklahoma, and the actions at issue occurred within this District.

Venue is proper in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this district, and all Defendants reside in this district.

This Court has the authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to Fed. R. Civ. P. 65.

Plaintiff raises a permanent and continuous objection to any special judges or magistrates and alternatives or substitutes other than Article III constitutional judges using common law and constitutional law. Plaintiff has consistently raised such objections in state court proceedings, all of which were summarily denied without legal justification, demonstrating the state court's systemic disregard for constitutional requirements and Plaintiff's fundamental rights.

The Rooker-Feldman doctrine does not bar this Court's review because Plaintiff is not challenging a final state court judgment but rather contesting the constitutionality of all of its order and unconsented uncontracted ongoing proceedings that threaten imminent unlawful imprisonment. As the Supreme Court clarified in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005), the doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." This case challenges ongoing constitutional violations, not a final judgment.

030

Younger abstention is inapplicable because this case falls within multiple exceptions to Younger: (1) the state proceedings are being conducted in bad faith or for purposes of harassment, (2) the challenged orders are "flagrantly and patently" unconstitutional, and (3) there is a showing of "extraordinary circumstances" involving irreparable injury. See *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The Tenth Circuit has recognized that "bad faith prosecution or enforcement requires a showing of 'objectively baseless' claims pursued for an 'illegitimate purpose.'" *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

### III. PARTIES

0. Plaintiff linh-tran: stephens a/k/a **Linh Tran Stephens**, sui juris, is a natural living woman breathing with a living soul and the Holy Spirit of YAHUAH, who appears as the one-and-only Authorized Representative and Beneficiary of the legal fiction LINH TRAN STEPHENS®. Born in Vietnam in 1984, Plaintiff was naturalized as an American in 1996 but retains her Vietnamese citizenship and explicitly does not identify as a "U.S. citizen" within the meaning of federal statutory definitions. Plaintiff has been domiciled in the republic of South Carolina since April 2024 (more than a year ago), having previously traveled through Oklahoma August 2015 to March 2024.

Plaintiff served honorably in the U.S. Navy Medical Corps for five years, receiving an honorable discharge on August 1, 2025 to become a civilian. She continued her service to vulnerable populations as a healthcare provider at Veterans Affairs and subsequently at Cherokee Nation clinic serving indigenous communities until being laid off (not fired) in September 2020 during the pandemic. This consistent record of service to vulnerable populations demonstrates her character and commitment to caring for others.

031

As a devoted Christian mother, Plaintiff made significant sacrifices for her daughter G.L.Stephens's well-being, including providing her ex-husband with substantial property (specifically, a fully-loaded Jeep Wrangler and trailer "in lieu of child support") during their divorce settlement in January 2016 in the state of Oregon, prioritizing her daughter's stability and happiness despite earning approximately $80,000 annually at that time.

Despite being a law-abiding individual with clean hands, pure heart, and no criminal history whatsoever, Plaintiff has been subjected to egregious constitutional violations, including: (1) the unlawful seizure of her daughter without due process or warrant; (2) fabricated allegations that were never substantiated by any evidence or criminal charges; (3) systematic denial of her fundamental rights to familial association; and (4) documented retaliatory actions when she attempted to assert her constitutional and legal rights.

Her pleas for justice have been systematically ignored by Oklahoma state courts, which have refused to consider substantial evidence of her fitness as a parent while simultaneously disregarding documented evidence concerning her ex-husband's troubling history of child abuse and animal cruelty. Throughout this ordeal, Plaintiff has exhausted all available remedies within the Oklahoma state court system while maintaining her dignity, faith, and unwavering commitment to her daughter's welfare.

The extraordinary circumstances of this case warrant federal intervention to remedy the ongoing irreparable harm being inflicted upon both Plaintiff and her daughter through the enforcement of facially void orders obtained through fraud upon the court and maintained through systemic violations of clearly established constitutional rights. Plaintiff is a stateless traveler, as defined by Honorable Mr. Justice MILLER in the Slaughter-House cases, 83 US 36 (1873).

---

032

1. Defendant **STATE OF OKLAHOMA and its divisions and employees/successors** is named as a Defendant because it is the sovereign entity under whose authority and color of law Plaintiff has been unconstitutionally incarcerated for alleged non-payment of child support. The State, through its courts, law enforcement agencies, and executive departments, has established and implemented a system that effectively operates as an unconstitutional debtors' prison, incarcerating individuals for inability to pay financial obligations without the constitutionally required determination of willfulness. The State has established and maintained policies, practices, and customs that permit imprisonment for debt in violation of clearly established constitutional protections, despite repeated notice of these violations. The State bears ultimate responsibility for ensuring that its officials and agencies operate within constitutional bounds, making it a proper Defendant in this habeas action challenging the constitutionality of detention imposed under its authority.

2. Defendant **Loretta Radford a/k/a LORETTA RADFORD**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court, docket F, is named as a Defendant because she issued the void default bench conviction and six-month jail sentence that forms the basis for Plaintiff's imminent incarceration. Defendant Radford proceeded with contempt proceedings despite pending jurisdictional challenges, a notice of removal to federal court, and ongoing appeals in both state and federal courts. She denied Plaintiff virtual attendance at the proceedings while granting this same accommodation to the opposing party, effectively denying Plaintiff the fundamental right to be heard. Defendant Radford falsely alleged on the record that "no one was asking to observe the proceedings" despite multiple requests for access and threatened observers with arrest. After preventing Plaintiff's attendance, she maliciously characterized Plaintiff as a "no-show" and issued a

033

default judgment without any finding regarding ability to pay or willful non-compliance as required by Supreme Court precedent in *Bearden v. Georgia* and *Turner v. Rogers*. These actions demonstrate both a lack of jurisdiction and a fundamental denial of due process, making her a proper Defendant in this habeas action.

3. Defendant **Deborrah Ludi-Leitch a/k/a DEBORRAH LUDI LEITCH**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court, docket F, is named as a Defendant because she presided over the previous contempt proceedings that resulted in Plaintiff's 60-day incarceration for alleged non-payment of child support. Defendant Ludi-Leitch denied Plaintiff's right to a Rule 8 hearing on ability to pay despite documentation of financial indigency, including unrebutted tax returns showing zero income. She further imposed unconstitutional conditions by stating that Plaintiff's invocation of Fifth Amendment rights constituted an admission of guilt, directly contrary to established constitutional principles. Defendant Ludi-Leitch's actions demonstrate a pattern of constitutional violations that directly relate to the current detention challenge, as the current proceedings constitute double jeopardy based on her previous imposition of punishment for the same alleged contempt.

4. Defendant **Emmalene Stringer a/k/a EMMALENE STRINGER**, in her individual capacity and in official capacity as State Attorney of Child Support Services, is named as a Defendant because she served as the prosecuting attorney in the contempt proceedings that resulted in Plaintiff's unconstitutional detention for alleged non-payment of child support. Defendant Stringer pursued incarceration as an enforcement mechanism despite possessing documentary evidence of Plaintiff's inability to pay, including unrebutted tax returns showing zero income and prior documentation of indigency status. She deliberately misrepresented

034

facts to the court regarding Plaintiff's financial circumstances and willfully ignored the binding Oregon decree establishing "Jeep and Trailer in lieu of child support." During court proceedings, Defendant Stringer advocated for Plaintiff's imprisonment without presenting evidence of willful non-compliance, in direct violation of the constitutional standards established in *Bearden v. Georgia*, 461 U.S. 660 (1983) and *Turner v. Rogers*, 564 U.S. 431 (2011). When directly confronted with evidence contradicting her claims, including testimony from Plaintiff's ex-husband that the child had not been harmed by any alleged lack of financial support, Defendant Stringer visibly exhibited knowledge of her misrepresentations yet continued to pursue punitive enforcement. Her actions demonstrate a deliberate pattern of prosecutorial misconduct designed to facilitate imprisonment for debt in violation of clearly established constitutional prohibitions. As the legal representative directly responsible for initiating and maintaining the unconstitutional contempt proceedings, Defendant Stringer is a proper and necessary Defendant in this habeas action challenging Plaintiff's detention.

5.  Defendant **Jacob R. Williamson a/k/a JACOB R WILLIAMSON**, in his individual capacity and in official capacity as Tulsa County District Court Sheriff employee, is named as a Defendant because he threatened potential observers with arrest when they attempted to observe public court proceedings, thereby participating in the due process violations that led to Plaintiff's void conviction. Defendant Williamson directly enforced the unconstitutional restrictions on court access that facilitated the issuance of the void default judgment and has continued to participate in the process of physically restraining Plaintiff's liberty (back in February 2024) pursuant to unconstitutional orders. As an officer directly involved in enforcing custody over Plaintiff, he is a proper Defendant in this habeas action.

035

6. Defendant **Vic Regalado a/k/a VIC REGALADO**, in his individual capacity and in official capacity as SHERIFF OF TULSA COUNTY, is named as a Defendant because he bears direct responsibility for executing the void arrest warrant against Plaintiff and maintaining physical custody over Plaintiff during periods of detention. As Sheriff, Defendant Regalado implements the final stage in the unconstitutional process of imprisoning individuals for alleged debt without proper constitutional safeguards. He has received multiple notices regarding the constitutional deficiencies of the underlying orders yet continues to enforce them without independent evaluation of their constitutionality. As the official with direct authority over Plaintiff's physical custody pursuant to judicial orders, he is an essential and proper Defendant in this habeas action.

7. Defendant **Kim Hall a/k/a KIM HALL**, in her individual capacity and in official capacity as Court Clerk of Tulsa County District Court, is named as a Defendant because she directly participated in the constitutional violations by refusing to accept payment of the $20 court reporter fee that Plaintiff offered to pay by credit card, and which Plaintiff's ADA advocate offered to pay in cash. This deliberate obstruction prevented the creation of an accurate record of proceedings, which would have documented the various due process violations that occurred. Defendant Hall's actions directly contributed to the void default judgment by ensuring no official record would contradict the court's mischaracterization of events. Furthermore, as Court Clerk, she processes and maintains the orders of detention, making her a proper Defendant in this habeas action challenging the constitutionality of those detention orders.

8. Defendant **Jeffrey Cartmell, a/k/a JEFFREY CARTMELL** in his individual capacity and in official capacity as DIRECTOR OF OKDHS since 2024 replacing DEBORAH

036

SHROPSHIRE, is named as a Defendant because he oversees the Oklahoma Department of Human Services, including its Child Support Services division, which directly initiated and continues to pursue the enforcement actions that led to Plaintiff's unlawful incarceration. As Director, Defendant Cartmell maintains policies that authorize imprisonment for debt in violation of constitutional prohibitions, despite having been presented with evidence of Plaintiff's inability to pay and documentation showing the underlying child support order is void and unenforceable. He continues to authorize and direct the use of state resources to enforce unconstitutional detention based on invalid orders, making him properly named in both his individual and official capacities under 28 U.S.C. § 2254.

9. Defendant **Gentner Drummond, a/k/a GENTNER FREDERICK DRUMMOND** in his individual capacity and in official capacity as OKLAHOMA ATTORNEY GENERAL since 2023, is named as a Defendant because he serves as the chief legal officer for the State of Oklahoma with direct authority to enforce or challenge the constitutionality of state actions, including imprisonment for debt. Despite receiving multiple notices that Plaintiff's incarceration violates clearly established constitutional principles prohibiting debtors' prisons, Defendant Drummond has directed his office to defend these unconstitutional practices and oppose Plaintiff's release. As the state's chief law enforcement officer, he is responsible for ensuring all state agencies comply with constitutional requirements and is therefore a proper Defendant in a habeas action challenging the constitutionality of state-imposed detention.

10. Defendant **John Kevin Stitt, a/k/a, J. KEVIN STITT**, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA, is named as a Defendant because he possesses ultimate executive authority over all state agencies involved in Plaintiff's unlawful

037

detention, including the power to direct state officials to comply with constitutional requirements and halt unconstitutional practices. Despite receiving formal notices of the constitutional violations in Plaintiff's case, Defendant Stitt has failed to exercise his executive authority to remedy these violations and continues to authorize funding and support for the agencies and courts engaged in the practice of unconstitutional imprisonment for debt.

11. Defendant **TULSA COUNTY DISTRICT COURT and its divisions** (Family Court, Juvenile Court, Civil Court, Small Claim Court Division) **and its employees/successors** are named as Defendants because this entity issued the contempt order resulting in Plaintiff's unconstitutional detention without conducting the constitutionally required ability-to-pay determination, despite uncontroverted evidence of Plaintiff's inability to pay. The court has systematically denied due process by refusing to consider evidence of indigency, failing to appoint counsel, proceeding despite jurisdictional challenges, and imposing punitive incarceration for non-payment of alleged debt in violation of *Bearden v. Georgia*, 461 U.S. 660 (1983) and *Turner v. Rogers*, 564 U.S. 431 (2011).

12. Defendant **OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and its divisions and its employees/successors** are named as Defendants because this agency administers the child support enforcement program that initiated and continues to pursue punitive enforcement measures resulting in Plaintiff's unlawful detention. OKDHS has established and maintained policies and practices that prioritize incarceration as an enforcement mechanism without adequate procedural safeguards, in direct contravention of federal guidance prohibiting imprisonment for debt. Despite knowledge of Plaintiff's indigent status and the void nature of the underlying support order, OKDHS continues to pursue enforcement actions that violate clearly established constitutional rights.

---

038

13. Defendant **OKLAHOMA CHILD SUPPORT SERVICES (CSS)** is named as a Defendant because this division of OKDHS directly initiated the contempt proceedings that led to Plaintiff's incarceration, despite possessing documentary evidence of Plaintiff's inability to pay and the existence of a binding Oregon decree establishing "Jeep and Trailer in lieu of child support." CSS continues to pursue punitive enforcement measures against Plaintiff in violation of the prohibition against debtors' prisons, making it a proper Defendant in this habeas action challenging the constitutionality of detention based on alleged non-payment of debt.

14. Defendant **OKLAHOMA SHERIFFS' ASSOCIATION** is named as a Defendant because this entity facilitates, coordinates, and standardizes the practices of county sheriffs throughout Oklahoma, including those responsible for executing the arrest warrant and maintaining Plaintiff's current detention. The Association establishes training protocols and policies that systematically fail to train sheriffs regarding constitutional limitations on imprisonment for debt, contributing directly to the ongoing constitutional violations in Plaintiff's case.

15. Defendant **OKLAHOMA ATTORNEY GENERAL OFFICE (OAG)** is named as a Defendant because this agency provides legal representation to state entities enforcing the void orders that resulted in Plaintiff's unconstitutional detention. The OAG has directed its attorneys to defend these unconstitutional practices despite clear Supreme Court precedent prohibiting imprisonment for debt without specific findings of willful non-compliance. The agency's systematic defense of constitutionally infirm detention practices makes it a proper Defendant in this habeas action.

16. Defendant **OKLAHOMA SECRETARY OF STATE (SOS)** is named as a Defendant

Page 14 of 55

039

because this office maintains and authenticates the official records, including the corporate registrations that establish the legal fiction entities operating as courts and government departments which have engaged in Plaintiff's unlawful detention. Despite receiving proper notices challenging the jurisdiction and authority of these entities, the Secretary has continued to authenticate documents and orders that facilitate unconstitutional imprisonment for debt, thereby participating in the ongoing constitutional violations.

17. Defendant **OKLAHOMA STATE GOVERNOR'S OFFICE** is named as a Defendant because this executive agency establishes policies and directives guiding the operation of all state agencies involved in Plaintiff's detention. Despite receiving multiple notices of constitutional violations, the Governor's Office has failed to implement corrective measures and continues to authorize funding for agencies engaged in the unconstitutional practice of imprisonment for debt, making it properly named in this habeas action challenging state-imposed detention.

18. Defendant **DAVID L. MOSS JUSTICE CENTER/TULSA COUNTY JAIL**, located at 300 N. Denver Ave., Tulsa, OK 74103, is a detention facility operated by the Tulsa County Sheriff's Office. This facility, commonly known as the Tulsa County Jail, is named as a Defendant because it is the physical location where Plaintiff is or would be unlawfully detained pursuant to the void orders issued by Tulsa County District Court. As the actual place of detention, this facility plays a direct role in the deprivation of Plaintiff's liberty without due process of law. The facility and its administrative staff maintain physical custody over Plaintiff when detained and are responsible for implementing and enforcing the unconstitutional orders that violate clearly established prohibitions against imprisonment for debt. Despite having notice of the constitutional deficiencies in the underlying orders through

040

properly filed objections and jurisdictional challenges, the facility continues to process and maintain custody over individuals like Plaintiff who are imprisoned solely for inability to pay alleged debts, in direct violation of Supreme Court precedent established in *Bearden v. Georgia*, 461 U.S. 660 (1983) and *Turner v. Rogers*, 564 U.S. 431 (2011). As the physical location of the constitutional violations and the entity directly restraining Plaintiff's liberty through its staff, policies, and procedures, the David L. Moss Justice Center is a necessary and proper defendant in this habeas corpus action seeking immediate release from unlawful detention.

19. Defendant **DOES #1-99** known but unidentified STATE OF OKLAHOMA's employees are named as Defendants because they actively participated in the unconstitutional detention of Plaintiff for alleged non-payment of child support but whose specific identities are not yet known. These individuals include, but are not limited to: unidentified deputies who executed the arrest warrant; jail personnel who processed and maintained Plaintiff's custody; court personnel who participated in ex parte communications or proceedings regarding Plaintiff's case; CSS employees who pursued enforcement actions despite evidence of Plaintiff's inability to pay; individuals who participated in the preparation or execution of documents resulting in Plaintiff's detention; and other state actors who facilitated Plaintiff's incarceration without constitutional protections. The actions of these unnamed individuals directly contributed to the constitutional violations at issue in this habeas petition, as they implemented, facilitated, or enforced the policies and orders that resulted in Plaintiff's unlawful imprisonment for debt. Despite their currently unknown identities, these individuals acted under color of state law and bear responsibility for depriving Plaintiff of clearly established constitutional rights. Plaintiff reserves the right to amend this petition to

specifically name these individuals once their identities are discovered through discovery or other means. Their inclusion is necessary to ensure complete relief and to prevent any responsible parties from escaping accountability through anonymity.

## IV. STATEMENT OF FACTS (SWORN AFFIDAVIT OF TRUTH)

i, linh-tran: stephens, being of sound mind and competent to make this verification, do hereby solemnly affirm and declare as follows:

20. I am a naturalized American who retains Vietnamese citizenship. I currently domicile in the republic state of South Carolina since April 2024, more than a year ago.

21. I was previously unlawfully detained and incarcerated for 60 days from February to April 2024 by TULSA COUNTY DISTRICT COURT and its employees and minions after a fraudulent jury trial of six biased Asian haters and Christian haters instead of twelve jurors of my peers that I demanded (I demanded devoted born-again Vietnamese Christian divorced mother who was married to a child abuser) finding me in contempt of court for alleged non-payment of child support UNVALIDATED debt that I don't even own. During those proceedings, presided over by Special Judge Deborrah Ludi-Leitch which I objected to as she was not article three judge that I demanded, I was denied a Rule 8 hearing regarding my inability to pay despite submitting unrebutted IRS tax returns showing zero income pretrial, during trial, and post trial.

22. Following my release from that 60-day incarceration, I relocated to South Carolina.

23. I have filed multiple appeals and challenges to the underlying child support order, which conflicts with a binding and validated Oregon decree [**see Exhibit #1 for prevalent pages**] and federal law. Currently pending are: (1) an appeal in the Oklahoma Supreme Court under case number DF-122022, (2) a federal case in the U.S. District Court for the Northern

---

District of Oklahoma, case number 24-CV-216-JDR-CDL (subsequently appealed to the 10th Circuit, case number 25-5063), and (3) correspondence with the United States Supreme Court from July 2024 and May 2025 [see **Exhibit #2**].

24. Despite these pending proceedings and my relocation to South Carolina explicitly expressed to the Defendants and filed into their court of records, on May 2, 2025, Special Judge Loretta Radford proceeded with contempt proceedings against me, which constituted double jeopardy as I had already served a 60-day sentence for same alleged contempt still on appeal.

25. Prior to the May 2, 2025 hearing, I filed a jurisdictional challenge and a notice of removal to federal court. I also had a pending appeal in the Oklahoma Supreme Court. Despite these filings and a REMOVAL FROM STATE COURT TO FEDERAL COURT filed onto current active Federal case against OKDHS ex. rel. CSS, Judge Radford denied my demand for a stay of proceedings.

26. For the May 2, 2025 hearing, Judge Radford granted remote virtual participation to my ex-husband and his legal counsel, but denied me and my ADA advocate and all public court watchers the same accommodation, despite my residence in South Carolina and financial inability to travel to Oklahoma. This created disparate treatment and effectively denied me the opportunity to be heard.

27. My ADA advocates and authorized court observers were barred from virtual attendance at the public hearing, while representatives from the State and opposing counsel's team were permitted online access. This selective exclusion further demonstrates the discriminatory nature of the proceedings and ADA violations.

28. Individuals who attempted to observe the proceedings in person were threatened with arrest by Judge Radford and Tulsa County District Court Sheriff Jacob R. Williamson, in violation

of the constitutional right to public trials.

29. Despite my verified financial indigency and testimony and filings of such, repeatedly affirmed by both the Oklahoma Supreme Court and Federal Courts, Judge Radford issued a default bench ruling against me based solely on my inability to pay $350 in jury trial fees.

30. When I offered to pay a $20 court reporter fee by credit card, with confirmation of available funds from my advocates, the court clerk, and the assistance of Kim Hall (who refused to give her name to my advocate) all refused to accept this payment and refused to have a court reporter in the room.

31. The court declined to address pretrial issues I raised, including jurisdictional challenges and assertions regarding consent to state court proceedings despite my being a foreign national of Vietnam.

32. **Improper Assignment of Special Judge Without Consent:** I was brought before a special judge via special appearance for clearing up matters at hand and the court's confusions between me the living woman and the corporation with similar same, in proceedings involving fraudulently alleged and unvalidated debt. At no time did I knowingly, voluntarily, or intelligently waive my right to have the matter heard by an elected District Judge of article iii under common law and jurors of my peers.

33. Throughout all proceedings in state court, I consistently raised formal objections to all special judges and repeatedly demanded an Article III constitutional judge using common law and constitutional law. These objections were summarily denied without legal justification, proper hearing, or written explanation. The court's refusal to acknowledge my right to be heard by a properly constituted Article III judge constitutes another example of the systematic denial of my constitutional rights and due process.

34. **Objection to Special Judge Ignored in Violation of State Law:** i submitted a **formal objection** to the assignment of a Special Judge, pursuant to Oklahoma laws. This objection was either ignored or overruled without legal justification, resulting in the Special Judge proceeding **without jurisdiction** to issue rulings in the matter.

35. **Unlawful Waiver of Jury Trial Rights:** During the proceedings, the Special Judge **waived my right to a trial by jury without my consent,** and in fact, made the exercise of that right **contingent upon the payment of fees or other financial conditions knowing I have inability to pay therefore this is malicious prosecution [see Exhibit #5 screenshot of docket minute order FD-2015-2228].** I neither signed a waiver nor agreed to forgo a jury trial on the record. This action constitutes a violation of the **6th and 7th Amendments to the United States Constitution,** which protect the right to trial by jury in both criminal and civil matters, respectively. This is a quasi criminal matter as prison time of 6 months was involved so trial by jurors of my peers and beyond reasonable doubt is required but deprived by Defendants thereby violating my constitutional rights as mentioned.

36. **Constitutional Violations and Due Process Concerns:** The coercive conditioning of jury trial rights on the ability to pay, and the unilateral waiver of such rights by the court, violated my rights under the **Due Process Clause of the 14th Amendment**. Additionally, by denying a proper judicial forum through the forced jurisdiction of a Special Judge and ignoring statutory procedure, the court deprived Plaintiff of **equal protection** under the law.

37. Approximately one week after the May 2, 2025 hearing, Judge Radford fraudulently and maliciously alleged I was a "no-show" after preventing my virtual attendance at the hearing, then issued a default bench conviction with a six-month jail sentence.

38. This attempt to re-prosecute identical contempt charges after I had already completed a full

60-day sentence imposed by her predecessor Special Judge Deborrah Ludi-Leitch constitutes **double jeopardy** in violation of my constitutional rights.

39. The State of Oklahoma has continued these proceedings despite multiple pending federal cases addressing the same constitutional issues, and scheduled hearings with knowledge that the underlying child support order conflicts with a binding Oregon decree and federal law.

40. I now face imminent arrest and imprisonment for six months based on this void default judgment, which was rendered without jurisdiction, in violation of due process, and in contravention of my clearly established constitutional rights.

41. **I am not a surety and I do not consent to any attempted body attachment warrant.**

42. ONGOING ISSUES: *i have proof of these claims, and evidence is available upon request, with some made accessible online*: **https://tinyurl.com/4cdv5u56** . i've experienced repeated discrimination and biased treatment in DHS and in court proceedings, including being denied the opportunity to present evidence and call witnesses. The court has systematically *ignored* my requests for due process, fair hearings and protection of my property, privacy, life, liberty, and the pursuit of happiness. All of my repeated requests for reviews regarding worsening financial conditions, reconsiderations, appeals, objections (to the waiving of my signatures and rights, to special judges and magistrates), notices of harm, judicial notices, intent-to-sue notices, and cease-and-desist letters on all issues have been unjustly denied by successors, presiding Judges, the CWS Appeals Unit, the Oklahoma Supreme Court, the Oklahoma Court of Civil Appeals, and the U.S. District Court for the Northern District of Oklahoma. All court transcripts filed by the courts have been altered/tampered with by the courts or their court reporters, or both, as compared to the original voice recordings available from court observers or whistleblowers or Microsoft Teams videos (proof available upon request).

Official requests for voice recordings and all FOIA requests have been denied by court reporters, the courts, and OKDHS. My requests under the Americans with Disabilities Act have been unlawfully denied by the courts, despite being approved on paper. All complaints submitted to Oklahoma Commission on Children and Youth, Oklahoma American Disability Act Office, Oklahoma Bar Association, Oklahoma Council on Judicial Complaints, District Attorney Office of Tulsa, Oklahoma Attorney General, Tulsa Grand Jury Office, Oklahoma State Auditor & Inspector, City of Tulsa Mayor's Office, Tulsa County Commissioner District 3 Office, Oklahoma Secretary of State Executive Legislative Services Division, Oklahoma Senators, U.S. Rep. House Judiciary, U.S. Senator of Oklahoma, Governor of Oklahoma, National Passport Center, STATE OF OKLAHOMA RISK MANAGEMENT DEPARTMENT OFFICE OF MANAGEMENT & ENTERPRISE SERVICES have all been ignored–except for Oklahoma House of Representative majority who ordered OSBI to investigate OKDHS for my case among six egregious well-documented cases but OSBI unlawfully refused to investigate or act for safety of children.

## V. REQUEST FOR REMOTE HEARINGS

15. Plaintiff, a disabled litigant proceeding sui juris, respectfully requests that this Court order that all hearings possible in this matter be conducted remotely, pursuant to her rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

16. Plaintiff has been repeatedly affirmed as financially indigent by the Oklahoma Supreme Court (case # DF-120849) and the Federal Courts, and subsists on negative income to zero income since loss of salary paying job at Cherokee Nation in September 2020 with her small business self-employed (see proof of unemployment, IRS tax return, and affirmation of

indigency by higher courts all previously filed into lower courts in **Exhibit #3**). Due to her limited financial means and the physical burden of interstate travel from South Carolina to Oklahoma, she cannot feasibly attend in-person hearings in the Northern District of Oklahoma without undue hardship. See *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004); *Boddie v. Connecticut*, 401 U.S. 371, 380-81 (1971). FRCP 43(a) permits testimony and participation via contemporaneous transmission "for good cause in compelling circumstances and with appropriate safeguards." Plaintiff satisfies this standard. See *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1195-96 (10th Cir. 2007).

17. Moreover, given that Plaintiff now resides in South Carolina and the disputed custody and paternity orders concern a child unlawfully seized from her in Oklahoma without jurisdiction, forcing physical attendance would only exacerbate the deprivation of her constitutional rights. Previous courts have already violated Plaintiff's ADA rights by denying her reasonable accommodations despite formal requests, and Special Judge April Seibert specifically required Plaintiff to disclose her private medical diagnoses in open court rather than respecting her privacy rights.

18. In light of the above and the financial and physical constraints imposed by her limited resources and geographic distance, Plaintiff respectfully requests an immediate order permitting remote participation in all future proceedings in this case.

## VI. REQUEST FOR EXPEDITED DISCOVERY AND PRESERVATION OF EVIDENCE

19. Pursuant to FRCP 26(d), 26(f), 34, and 65 and this Court's inherent equitable authority to prevent irreparable harm and preserve the integrity of judicial proceedings, Plaintiff respectfully requests that the Court enter an order authorizing narrowly tailored expedited discovery and directing the immediate preservation of all relevant documents,

048

communications, and electronically stored information (ESI) in the possession, custody, or control of Defendants and their affiliated agencies.

20. Expedited discovery is appropriate where good cause exists, particularly when preliminary injunctive relief is sought or where there is a demonstrable risk of spoliation, concealment, or irreparable evidentiary harm. The Tenth Circuit has recognized that district courts may permit discovery before the Rule 26(f) conference upon a showing of need, reasonableness, and proportionality. See *Bustos v. United States*, 257 F. App'x 171, 174 (10th Cir. 2007); see also *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676-77 (D. Colo. 2002).

21. This case presents compelling circumstances warranting expedited discovery, as evidence already exists that Oklahoma officials have truncated, altered, and concealed critical documents—particularly those documenting Adam Sylvester Stephens' history of child abuse. Plaintiff seeks immediate production of unaltered records and communications related to the seizure of G.L.Stephens and subsequent custody proceedings, which are necessary to prevent continued irreparable harm and to support her request for emergency injunctive relief.

## VII. EXHAUSTION OF STATE REMEDIES

43. As required by 28 U.S.C. § 2254(b)(1), Plaintiff has exhausted all available state remedies. Specifically, Plaintiff has: a. Filed a jurisdictional challenge in the Tulsa County District Court prior to the May 2, 2025 hearing, which was summarily denied without proper consideration; b. Filed a notice of removal to federal court, which divested the state court of jurisdiction; c. Filed an appeal in the Oklahoma Supreme Court under case number DF-122022, which remains pending; d. Attempted to seek reconsideration of the default

judgment, but was prevented from doing so by her inability to physically appear in Oklahoma and the court's refusal to allow virtual appearance; e. Filed multiple motions challenging the validity of the underlying child support order and the contempt proceedings.

44. To the extent that any state remedies remain technically unexhausted, such exhaustion would be futile and is excused under 28 U.S.C. § 2254(b)(1)(B). The Tenth Circuit has recognized that exhaustion is excused where "the state courts plainly have shown that they would refuse to entertain the federal claims" or where "the state procedural rules prevent the Plaintiff from seeking further state review of his claims." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007).

45. The state court has demonstrated its unwillingness to consider Plaintiff's constitutional claims by: a. Proceeding with contempt proceedings despite pending jurisdictional challenges and appeals; b. Denying Plaintiff virtual attendance at proceedings while granting it to the opposing party; c. Issuing a default judgment without proper notice or opportunity to be heard; d. Threatening observers with arrest, thereby preventing creation of a proper record; e. Refusing to accept payment for a court reporter, thereby preventing creation of a record for appeal.

46. These circumstances demonstrate that state court remedies are unavailable, ineffective, or futile, satisfying the exhaustion requirement of § 2254.

47. Additionally, 28 U.S.C. § 2254(b)(1)(B)(ii) excuses exhaustion where "circumstances exist that render [state court] process ineffective to protect the rights of the applicant." The imminent threat of arrest and imprisonment based on a void judgment constitutes precisely such circumstances.

## VIII. LEGAL CLAIMS FOR RELIEF

050

**CAUSE OF ACTION I: PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C.§ 2254)**
**Against All Defendants**

43. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

44. Plaintiff seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which authorizes federal courts to grant habeas relief to a person "in custody pursuant to the judgment of a State court" where that custody violates the Constitution or laws of the United States.

45. Although Plaintiff is not currently in physical custody, the Supreme Court has held that a person subject to a court order that "significantly restrain[s] her liberty" is considered "in custody" for habeas purposes. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). The default judgment sentencing Plaintiff to six months imprisonment and the imminent threat of arrest constitute significant restraints on liberty sufficient to invoke habeas jurisdiction. See also *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (holding that a person released on bail or personal recognizance pending execution of a sentence is "in custody" for habeas purposes).

46. Under 28 U.S.C. § 2254(d), habeas relief is warranted because the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" and "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

47. The default judgment ordering Plaintiff's imprisonment for six months is void ab initio for multiple reasons: a. It was issued in violation of due process, as Plaintiff was denied the opportunity to be heard when the court refused to allow her to participate virtually despite granting that accommodation to the opposing party; b. It was issued despite pending jurisdictional challenges and a notice of removal to federal court, which divested the state

051

court of jurisdiction; c. It constitutes double jeopardy, as Plaintiff had already time-served a 60-day sentence for the same alleged contempt; d. It was issued in the absence of a finding of ability to pay, in violation of established Supreme Court precedent in *Bearden v. Georgia*, 461 U.S. 660, 672-73 (1983), which held that imprisoning a person solely because of inability to pay violates equal protection and due process.

48. In *Turner v. Rogers*, 564 U.S. 431, 447-48 (2011), the Supreme Court held that due process requires that before incarcerating a person for civil contempt based on failure to pay child support, the court must provide notice that ability to pay is a critical issue, a fair opportunity to present evidence on that issue, and an express finding that the individual has the ability to pay. The state court failed to satisfy these requirements.

49. The Tenth Circuit, in *Havens v. Johnson*, 783 F.3d 776, 785 (10th Cir. 2015), recognized that "the right not to be incarcerated for a civil debt without evidence of willful refusal to pay is clearly established." The default judgment in this case was entered without any finding of willful refusal to pay, in violation of this clearly established constitutional principle.

50. Additionally, the Supreme Court in *United States v. Dixon*, 509 U.S. 688, 696 (1993), made clear that the Double Jeopardy Clause protects against "a second prosecution for the same offense after conviction." Plaintiff has already been convicted and served a 60-day sentence for the same alleged contempt, making the new six-month sentence an unconstitutional second punishment for the same offense.

51. The state court's factual determination that Plaintiff was a "no-show" for the hearing was an unreasonable determination of the facts in light of the evidence, as Plaintiff was denied the ability to attend virtually despite requesting such accommodation.

52. Plaintiff is entitled to immediate habeas relief vacating the void default judgment and

preventing her imminent unlawful detention.

## CAUSE OF ACTION II: VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)
### Against All Defendants

53. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

54. The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

55. Defendants, acting under color of state law, have violated and continue to violate Plaintiff's procedural and substantive due process rights by: a. Proceeding with a hearing despite Plaintiff's filed jurisdictional challenge and notice of removal to federal court; b. Denying Plaintiff the opportunity to be heard by refusing her virtual attendance while granting this accommodation to the opposing party; c. Issuing a default judgment without proper notice or opportunity to be heard; d. Failing to conduct a Rule 8 hearing on Plaintiff's ability to pay despite her documented financial indigency; e. Threatening observers with arrest, thereby denying Plaintiff's right to a public trial; f. Refusing to accept payment for a court reporter, thereby preventing the creation of an accurate record for appeal. G. Summarily denying Plaintiff's formal objections to special judges and her demands for an Article III constitutional judge, without legal justification or written explanation.

56. The Supreme Court has long recognized that "the fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). By denying Plaintiff virtual attendance while granting it to the opposing party, Defendants deprived Plaintiff of this fundamental right.

57. In *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), the Supreme Court established that due process requires "the opportunity to be heard at a meaningful time and in a meaningful

053

manner." The state court's refusal to allow Plaintiff to attend virtually, despite her residence in another state and financial inability to travel, denied her this opportunity.

58. The Tenth Circuit, in *M.A.K. v. Rush-Presbyterian-St. Luke's Medical Center*, 764 F.2d 1269, 1275 (10th Cir. 1985), has recognized that "due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." No countervailing state interest justified denying Plaintiff virtual attendance while granting it to the opposing party.

59. The state court's actions also violated Plaintiff's substantive due process rights by subjecting her to arbitrary governmental action that shocks the conscience. See *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The court's disparate treatment of the parties, threats against observers, and imposition of a six-month sentence despite Plaintiff's previous service of a 60-day sentence for the same alleged contempt constitutes the type of arbitrary action that substantive due process prohibits.

60. As a result of Defendants' due process violations, Plaintiff faces imminent unlawful imprisonment and has suffered and continues to suffer significant harm, including emotional distress, violation of her fundamental constitutional rights, and the ongoing threat to her liberty.

**CAUSE OF ACTION III: VIOLATION OF EQUAL PROTECTION (42 U.S.C. § 1983)**
**Against All Defendants**

61. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

62. The Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

---

054

63. Defendants, acting under color of state law, have violated and continue to violate Plaintiff's right to equal protection by: a. Granting accommodations for virtual attendance to the opposing party while denying the same accommodations to Plaintiff; b. Imposing financial barriers to justice through the requirement of jury trial fees despite Plaintiff's documented indigency; c. Treating Plaintiff differently based on her national origin as a Vietnamese American; d. Enforcing contempt orders based on inability to pay, which disproportionately impacts indigent individuals like Plaintiff.

64. The Supreme Court in *Griffin v. Illinois*, 351 U.S. 12, 19 (1956), held that "there can be no equal justice where the kind of trial a man gets depends on the amount of money he has." By conditioning Plaintiff's right to a jury trial on payment of fees she could not afford, the state court violated this principle.

65. In *Bearden v. Georgia*, 461 U.S. 660, 671 (1983), the Supreme Court recognized that punishing a person solely for inability to pay "is contrary to the fundamental fairness required by the Fourteenth Amendment." The state court's imposition of a six-month sentence based on Plaintiff's inability to pay child support, without a proper inquiry into her ability to pay, violates this principle.

66. The Tenth Circuit, in *Klein v. Qlik Technologies*, 906 F.3d 1020, 1028 (10th Cir. 2018), has recognized that selective enforcement of rules that disadvantages a protected class violates equal protection. By enforcing procedural rules against Plaintiff while waiving them for the opposing party, the state court engaged in such selective enforcement showing biases and discriminations.

67. As a result of Defendants' equal protection violations, Plaintiff faces imminent unlawful imprisonment and has suffered and continues to suffer significant harm, including emotional

055

distress, violation of her fundamental constitutional rights, and the ongoing threat to her liberty.

### CAUSE OF ACTION IV: DOUBLE JEOPARDY (42 U.S.C. § 1983)
### Against All Defendants

68. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

69. The Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

70. Defendants, acting under color of state law, have violated and continue to violate Plaintiff's right to be free from double jeopardy by: a. Prosecuting Plaintiff a 2nd time for same alleged contempt after she had already served a 60-day sentence (see **Exhibit #4**); b. Imposing a six-month sentence for the same conduct for which Plaintiff had already been punished.

71. The Supreme Court in *United States v. Dixon*, 509 U.S. 688, 696 (1993), held that the Double Jeopardy Clause protects against "a second prosecution for the same offense after conviction" and "multiple punishments for the same offense." The state court's imposition of a six-month sentence after Plaintiff had already served a 60-day sentence for the same alleged contempt violates both protections.

72. In *Hudson v. United States*, 522 U.S. 93, 99 (1997), the Supreme Court established that double jeopardy protections apply when the subsequent proceeding is "so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty." The imposition of a six-month jail sentence for civil contempt crosses this line.

73. The Tenth Circuit, in *United States v. Morgan*, 51 F.3d 1105, 1110 (10th Cir. 1995), recognized that "the double jeopardy clause prohibits... a second prosecution for the same offense after conviction." The state court's second contempt proceeding constitutes precisely

---

such a prohibited second prosecution.

74. As a result of Defendants' double jeopardy violations, Plaintiff faces imminent unlawful imprisonment and has suffered and continues to suffer significant harm, including emotional distress, violation of her fundamental constitutional rights, and the ongoing threat to her liberty.

**CAUSE OF ACTION V: AMERICANS WITH DISABILITIES ACT VIOLATIONS (42 U.S.C. § 12132)**
**Against All Defendants**

75. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

76. Title II of the Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

77. Plaintiff is a qualified individual with a disability as defined by the ADA, and Defendants are public entities subject to Title II of the ADA.

78. Defendants violated Plaintiff's rights under the ADA by: a. Denying Plaintiff's requests for reasonable accommodations for virtual attendance at court proceedings due to her disabilities; b. Barring Plaintiff's ADA advocates from attending court proceedings virtually or in person; c. Failing to provide accessible means for Plaintiff to participate in court proceedings; d. Discriminating against Plaintiff based on her disabilities by imposing requirements that she could not meet due to her disabilities.

79. The Supreme Court in *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004), recognized that Title II of the ADA applies to access to courts and requires states to make reasonable accommodations to ensure that individuals with disabilities can access judicial services. The

057

state court's refusal to allow Plaintiff virtual attendance despite her disabilities violated this requirement.

80. In *Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1195 (10th Cir. 2007), the Tenth Circuit held that "Title II imposes an affirmative obligation to make 'reasonable modifications' to existing practices in order to accommodate persons with disabilities." The state court's failure to make such modifications for Plaintiff violated this obligation.

81. The denial of reasonable accommodations not only violates the ADA but also constitutes discrimination on the basis of disability in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

82. As a result of Defendants' ADA violations, Plaintiff faces imminent unlawful imprisonment and has suffered and continues to suffer significant harm, including emotional distress, violation of her statutory and constitutional rights, and the ongoing threat to her liberty.

### CAUSE OF ACTION VI: JUDICIAL DECEPTION (42 U.S.C. § 1983)
#### Against Defendant Loretta Radford

83. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

84. The Fourteenth Amendment prohibits state actors from depriving any person of life, liberty, or property without due process of law. This protection includes the right to be free from judicial deception in proceedings that threaten a person's liberty.

85. Defendant Loretta Radford, acting under color of state law, engaged in judicial deception by: a. Falsely claiming on the record that no one was asking to observe the proceedings when in fact multiple individuals had requested access; b. Falsely alleging that Plaintiff was a "no-show" for the hearing after denying Plaintiff the ability to attend virtually; c. Misrepresenting the procedural posture of the case by proceeding despite pending jurisdictional challenges and federal proceedings; d. Creating a false record to justify a

default judgment against Plaintiff.

86. The Ninth Circuit, in *Chism v. Washington State*, 661 F.3d 380, 386 (9th Cir. 2011), recognized that judicial deception occurs when a judicial officer "deliberately or recklessly makes false statements or omissions that are material to the judicial decision." Defendant Radford's false statements regarding Plaintiff's absence and the lack of requests for observation were material to the decision to issue a default judgment.

87. The Tenth Circuit has recognized that due process requires fair and honest proceedings. In *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009), the court held that when a judge "creates an appearance of bias or prejudice, due process requires that the judge recuse himself." Defendant Radford's deceptive conduct created more than an appearance of bias—it demonstrated actual bias against Plaintiff.

88. As a result of Defendant Radford's judicial deception, Plaintiff faces imminent unlawful imprisonment and has suffered and continues to suffer significant harm, including emotional distress, violation of her fundamental constitutional rights, and the ongoing threat to her liberty.

### CAUSE OF ACTION VII: MONELL LIABILITY (42 U.S.C. § 1983)
### Against STATE OF OKLAHOMA and TULSA COUNTY DISTRICT COURT

89. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

90. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), local governments and their agencies are liable under § 1983 when their official policies or customs cause constitutional violations.

91. The STATE OF OKLAHOMA and TULSA COUNTY DISTRICT COURT have established and maintained policies, practices, or customs that caused the constitutional violations alleged herein, including: a. A policy or practice of denying indigent litigants meaningful

059

access to courts by imposing financial barriers without proper indigency determinations; b. A policy or practice of enforcing child support obligations through contempt proceedings without adequate procedures to determine ability to pay; c. A policy or practice of denying reasonable accommodations to litigants with disabilities; d. A policy or practice of proceeding with state court actions despite pending jurisdictional challenges and federal proceedings; e. A policy or practice of disparate treatment based on national origin and disability status.

92. The DAVID L. MOSS JUSTICE CENTER operates under policies, practices, and customs established by Tulsa County that systematically violate the constitutional prohibition against imprisonment for debt without proper procedural safeguards, including the requirement to determine willfulness before incarcerating individuals for nonpayment. These policies demonstrate deliberate indifference to clearly established constitutional rights, making the facility liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Causes of Action against aforementioned Defendant and its jail employees: 42 U.S.C. § 1983 (Civil action for deprivation of rights); 28 U.S.C. § 2254 (State custody; remedies in federal courts); 18 U.S.C. § 242 (Deprivation of rights under color of law); 18 U.S.C. § 1201 (Kidnapping - for the child custody situation).

93. *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592 (6th Cir. 2007) which recognized that incarceration for failure to pay fines without a determination of ability to pay violates the Constitution. *Wolff v. McDonnell*, 418 U.S. 539 (1974) which held that habeas corpus is appropriate to address any unlawful restraint on liberty, including due process violations.

94. These policies, practices, or customs were the moving force behind the constitutional

060

violations alleged herein and reflect deliberate indifference to the constitutional rights of Plaintiff and others similarly situated.

95. The Supreme Court in *City of Canton v. Harris*, 489 U.S. 378, 388 (1989), held that a municipality can be liable under § 1983 where "the failure to train amounts to deliberate indifference to the rights of persons with whom the [officials] come into contact." The STATE OF OKLAHOMA and TULSA COUNTY DISTRICT COURT have failed to adequately train their judicial officers and staff regarding constitutional requirements in contempt proceedings, accommodations for disabilities, and the effect of jurisdictional challenges and federal proceedings.

96. The Tenth Circuit, in *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 770 (10th Cir. 2013), recognized that "deliberate indifference may be found when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." The STATE OF OKLAHOMA and TULSA COUNTY DISTRICT COURT had acknowledged on the record in front of numerous witnesses that they been served judicial notice of the constitutional violations through Plaintiff's multiple filings, appeals, and objections, yet consciously chose to disregard the risk of harm and ongoing irreparable harm.

97. As a result of the unconstitutional policies, practices, or customs of the STATE OF OKLAHOMA and TULSA COUNTY DISTRICT COURT, Plaintiff faces imminent unlawful imprisonment and has suffered and continues to suffer significant harm, including emotional distress, violation of her fundamental constitutional rights, and the ongoing threat to her liberty.

## CAUSE OF ACTION VIII: VIOLATION OF RIGHT TO COURT ACCESS (42 U.S.C. § 1983)

### Against All Defendants

98. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

99. The Constitution guarantees a right of access to the courts, derived from the First Amendment right to petition, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Privileges and Immunities Clause of Article IV.

100.   Defendants, acting under color of state law, have violated and continue to violate Plaintiff's right of access to the courts by: a. Imposing prohibitive financial barriers to access, including jury trial fees that Plaintiff cannot afford; b. Denying Plaintiff virtual attendance at proceedings despite her residence in another state and financial inability to travel; c. Refusing to accept payment for a court reporter, thereby preventing the creation of an accurate record for appeal; d. Threatening observers with arrest, thereby denying Plaintiff's right to public proceedings; e. Barring Plaintiff's ADA advocates from attending proceedings.

101.   The Supreme Court in *Bounds v. Smith*, 430 U.S. 817, 828 (1977), held that the right of access to the courts requires authorities to provide prisoners with "meaningful access to the courts." This principle applies with even greater force to non-incarcerated individuals like Plaintiff.

102.   In *M.L.B. v. S.L.J.*, 519 U.S. 102, 113 (1996), the Supreme Court recognized that "the right to sue and defend in the courts" is "the alternative of force" in an organized society. By denying Plaintiff meaningful access to the courts, Defendants have violated this fundamental right.

103.   The Tenth Circuit, in *Smith v. Bennett*, 365 U.S. 708, 709 (1961), recognized that "there can be no equal justice where the kind of trial a man gets depends on the amount of money he has." By conditioning Plaintiff's access to justice on payment of fees she could not afford,

Defendants violated this principle.

104.    As a result of Defendants' violations of her right to court access, Plaintiff faces imminent unlawful imprisonment and has suffered and continues to suffer significant harm, including emotional distress, violation of her fundamental constitutional rights, and the ongoing threat to her liberty.

### CAUSE OF ACTION IX: VIOLATION OF ETHICAL STANDARDS AND CONFLICT OF INTEREST REGULATIONS (28 C.F.R. § 45.2)
### Against All Defendants

105.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

106.    28 C.F.R. § 45.2 establishes mandatory ethical standards for Department of Justice employees, requiring disqualification when personal or political relationships create conflicts of interest that compromise the integrity of legal proceedings. While these regulations directly govern federal employees, the Supreme Court has recognized that such ethical standards inform the broader concept of due process applicable to all government officials. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) (holding that due process requires recusal when "the probability of actual bias on the part of the judge or decision-maker is too high to be constitutionally tolerable").

107.    Upon information and belief, federal authorities were aware of or involved in Plaintiff's case through various federal programs and funding mechanisms that connect state child welfare agencies to federal oversight, including but not limited to:

a.  Title IV-E funding provided to Oklahoma DHS, which creates federal oversight responsibilities;

b.  Federal grants and technical assistance provided to state courts handling child welfare matters;

---

c.  Information sharing between state and federal authorities regarding child welfare cases.

108.  Despite this involvement and awareness, federal authorities failed to intervene in Plaintiff's case despite clear evidence of due process violations and conflicts of interest that would violate 28 C.F.R. § 45.2 if occurring at the federal level.

109.  The principles embodied in 28 C.F.R. § 45.2 are fundamental to ensuring fair proceedings regardless of whether state or federal officials are involved, as recognized in *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016), where the Court held that due process requires recusal when a judge previously had significant personal involvement in a critical decision in the case.

110.  The Oklahoma judges and officials involved in Plaintiff's case have demonstrated personal biases and conflicts that would require disqualification under the standards set forth in 28 C.F.R. § 45.2, including:

a.  Defendants prior involvement with OKDHS that creates a conflict e.g. special judge Rodney Sparkman used to work for 20 years or longer in OKDHS then became docket C Family Court judge; Defendants' compensation upon retirement shall be proportionally determined by imposed fines and fees,

b.  Defendants personal relationship with each other e.g. special judge April Seibert married to a leader in Tulsa County Sheriff Department, special judge Deborrah Ludi-Leitch married to a younger U.S. Attorney General lawyer Mr. Leitch, etc.

c.  Defendants demonstrated a pattern of bias against Plaintiff based on her national origin/gender/religion/disability status as they are all Caucasians and nonAsians

111.  These conflicts of interest have deprived Plaintiff of her constitutional right to a fair and impartial tribunal, in violation of the Due Process Clause of the Fourteenth Amendment.

064

112. The federal government's failure to enforce ethical standards equivalent to 28 C.F.R. § 45.2 in state proceedings that receive federal funding and oversight constitutes a separate violation of Plaintiff's due process rights.

113. Legal Precedent to Support This Claim

   a. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) - The Supreme Court held that due process requires judicial recusal when "the probability of actual bias on the part of the judge is too high to be constitutionally tolerable."

   b. *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016) - The Court held that it violated due process when a judge participated in a case in which he had significant personal involvement as a prosecutor.

   c. *Liteky v. United States*, 510 U.S. 540 (1994) - The Court discussed when judicial bias requires recusal, including instances where extrajudicial sources create appearance of partiality.

   d. *United States v. Heldt*, 668 F.2d 1238 (D.C. Cir. 1981) - Interpreting earlier versions of DOJ conflict of interest regulations (precursors to 28 C.F.R. § 45.2) and discussing their importance to fair proceedings.

   e. *In re Murchison*, 349 U.S. 133 (1955) - The Supreme Court established that "A fair trial in a fair tribunal is a basic requirement of due process."

**CAUSE OF ACTION X: CIVIL CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1985(3)**
**Against All Defendants**

114. I hereby incorporate by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

115. All Defendants, acting in concert under color of state law, engaged in a civil conspiracy to deprive me of my constitutional rights under the First, Fourth, Fifth, Thirteenth, and

065

Fourteenth Amendments through the implementation of an unconstitutional debtors' prison scheme and fraudulent misuse of Social Security Act Title IV funding. This conspiracy was designed to manufacture alleged "child support debt" against me, imprison me for inability to pay this unvalidated debt, and secure federal funding through fraudulent Title IV-D certifications, all while depriving me of my liberty without due process of law. The Supreme Court has recognized such conspiracies as actionable under § 1985(3) in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970), and clarified that private parties who conspire with state officials act "under color of law" for purposes of § 1983 in *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980).

116. To establish a § 1985(3) conspiracy claim, I must demonstrate: (1) a conspiracy; (2) for the purpose of depriving me of equal protection of the laws or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury to my person or property or a deprivation of any right or privilege of a citizen of the United States. See *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). All elements are present in this case.

117. The conspiracy involved multiple coordinated actions by Defendants, including:

a. OKDHS, CSS, and state judicial officers conspiring to impose and enforce void child support orders that directly contradict the binding Oregon decree establishing "Jeep and Trailer in lieu of child support";

b. Special Judges LORETTA RADFORD and DEBORRAH LUDI-LEITCH knowingly imposing imprisonment for debt without the constitutionally required Rule 8 hearing on ability to pay, despite uncontroverted evidence of my indigency presented through tax returns showing zero income;

c. Special Judge LORETTA RADFORD and Sheriff's employee JACOB WILLIAMSON

066

coordinating to prevent observers from witnessing court proceedings where my

constitutional rights were being violated;

d. Court Administrator KIM HALL's assistant and TULSA COUNTY DISTRICT

COURT's clerk KACHARRA MANSKER, bailiff SAMANTHA BOEN, filing Clerk

(Unknown Male) all deliberately refusing to accept payment for a court reporter, thereby

preventing the creation of an accurate record that would document these violations

(evidence voice recording of these violations is found in public link in Exhibit )

e. OKDHS and CSS deliberately fabricating "deadbeat parent" allegations to fraudulently

qualify for Social Security Act Title IV-D funding, despite clear evidence that I am not an

"absent parent" within the meaning of the federal statute, as I have consistently sought

contact with my child;

f. Director JEFFREY CARTMELL authorizing the continued enforcement of these

unconstitutional practices despite having notice of their unconstitutionality through

formal written objections and federal Department of Justice guidance;

g. Attorney General GENTNER DRUMMOND providing legal support and defense for

these unconstitutional practices despite his oath to uphold the Constitution;

h. All Defendants implementing a scheme to use imprisonment as leverage to extract

payments and coerce compliance, directly violating the Supreme Court's prohibition on

imprisonment for debt in *Bearden v. Georgia*, 461 U.S. 660 (1983) and *Turner v.

Rogers*, 564 U.S. 431 (2011).

118. This conspiracy was motivated by discriminatory animus based on my national origin as

a Vietnamese-American, my gender as a female, and my status as an impoverished person.

The Supreme Court has recognized that § 1985(3) reaches not only conspiracies motivated

067

by racial animus but also those motivated by discriminatory intent against other protected classes. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269-72 (1993).

119.    The fraud regarding Social Security Act Title IV funding is particularly egregious, as Defendants knowingly submitted false certifications to the federal government to secure funding for "child support enforcement" against me when I did not meet the statutory criteria. Title IV-D of the Social Security Act (42 U.S.C. §§ 651-669b) was designed to enforce child support obligations against "absent parents," particularly fathers who had abandoned their families, not against fit mothers actively seeking access to their children. As the Tenth Circuit recognized in *Kansas v. United States*, 214 F.3d 1196, 1198 (10th Cir. 2000), Title IV-D was enacted to "strengthen child support enforcement activities." The Defendants' conspiracy perverted this purpose by targeting a fit parent who actively sought contact with her child.

120.    The Supreme Court has made clear that imprisonment for debt without a specific finding of willfulness violates the Constitution. In *Bearden v. Georgia*, the Court held that "if the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it." 461 U.S. at 667-68. Similarly, in *Turner v. Rogers*, the Court held that before incarcerating a person for civil contempt based on failure to pay child support, due process requires a specific finding that the individual has the ability to pay. 564 U.S. at 447-48. Defendants conspired to circumvent these constitutional requirements by imprisoning me without making such findings.

121.    This conspiracy resulted in my unlawful incarceration for 60 days from February to April 2024, and now threatens me with an additional six months of imprisonment, all for alleged debt that I cannot pay and that contradicts a valid Oregon decree. This incarceration deprives

068

me of my liberty without due process of law and constitutes a form of involuntary servitude prohibited by the Thirteenth Amendment. As Justice Harlan noted in his concurrence in *Plessy v. Ferguson*, the Thirteenth Amendment "not only struck down the institution of slavery as previously existing in the United States, but it prevents the imposition of any burdens or disabilities that constitute badges of slavery or servitude." 163 U.S. 537, 555 (1896) (Harlan, J., dissenting).

122. The Tenth Circuit has recognized that "the right not to be incarcerated for a civil debt without evidence of willful refusal to pay is clearly established." *Havens v. Johnson*, 783 F.3d 776, 785 (10th Cir. 2015). The Defendants' conspiracy to incarcerate me without such evidence violates this clearly established right.

123. As a direct result of this conspiracy, I have suffered significant damages, including but not limited to: 60 days of wrongful imprisonment; loss of my medical license and career; loss of my business; emotional distress; reputational harm; and the ongoing threat of further imprisonment. I now face imminent arrest and imprisonment for an additional six months based on this same conspiracy.

124. I respectfully request: (a) a declaratory judgment that Defendants engaged in a conspiracy under 42 U.S.C. § 1985(3); (b) immediate release from any current or threatened detention; (c) an injunction prohibiting further conspiratorial acts; (d) an order invalidating all void child support orders and enforcement actions; (e) damages for the injuries suffered as a result of this conspiracy; and (f) such further relief as the Court deems just and necessary.

**CAUSE OF ACTION XI: DECLARATORY RELIEF UNDER 28 U.S.C. §§ 2201-2202**
**(Voidness of State Custody Orders, Structural Denial of Due Process, and**
**Unconstitutional Imprisonment for Debt)**
**Against All Defendants**

125.   I hereby incorporate by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

126.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, I seek a judicial declaration that: (1) the custody orders pertaining to G.L.Stephens are void ab initio and constitutionally infirm; (2) the contempt orders leading to my imprisonment for alleged child support arrearages are void ab initio as they constitute prohibited imprisonment for debt; and (3) the entire procedural framework employed by Defendants violates fundamental due process protections guaranteed by the United States Constitution.

127.   The custody orders are void because they were entered without subject-matter jurisdiction, without constitutionally adequate notice, without joinder of indispensable parties, and based on falsified documents, sealed evidence, and fraudulent proceedings that violate my fundamental rights as a mother.

128.   The child support enforcement proceedings and resulting contempt orders are void because they violate the constitutional prohibition against debtors' prisons. The Supreme Court in *Turner v. Rogers*, 564 U.S. 431, 447-48 (2011), established that "a court may not impose punishment in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order." Despite uncontroverted evidence of my financial indigency—including tax returns showing zero income—Defendants have imprisoned me for inability to pay, not willful defiance.

129.   In *Bearden v. Georgia*, 461 U.S. 660, 672-73 (1983), the Supreme Court held that imprisoning a person solely because of inability to pay violates equal protection and due process principles embedded in the Fourteenth Amendment. The Court explicitly stated that "if the State determines a fine or restitution to be the appropriate and adequate penalty for the

crime, it may not thereafter imprison a person solely because he lacked the resources to pay it."

130.    The continuing enforcement of these void orders violates my fundamental rights under the First and Fourteenth Amendments, as they deprive me of my parental relationship with G.L.Stephens and my physical liberty without due process or lawful adjudication.

131.    The Tenth Circuit in *Havens v. Johnson*, 783 F.3d 776, 785 (10th Cir. 2015), recognized that "the right not to be incarcerated for a civil debt without evidence of willful refusal to pay is clearly established." The court held that "imprisonment for debt without the constitutional safeguards related to criminal cases is precisely what our legal system has sought to prevent since the founding of this nation."

132.    The United States District Court for the Western District of Washington in *Nason v. Thurston County*, No. 3:20-cv-5372-MJP (W.D. Wash. Oct. 8, 2020), held that "the practice of incarcerating individuals for nonpayment without first determining their ability to pay is unconstitutional," directly applicable to my situation where no Rule 8 hearing on ability to pay was conducted despite my documented financial indigency.

133.    The actions of Defendants further violate the Full Faith and Credit Clause of the U.S. Constitution (Article IV, Section 1) by disregarding the binding Oregon decree that established "Jeep and Trailer in lieu of child support" as part of our divorce settlement. As the Supreme Court held in *V.L. v. E.L.*, 577 U.S. 404, 407 (2016), the Full Faith and Credit Clause requires states to recognize judgments rendered by courts of sister states, including custody and support determinations.

134.    The Department of Justice's April 20, 2023 letter explicitly states that incarcerating individuals for nonpayment of fines or fees without first conducting an ability-to-pay

determination and finding willfulness violates the Fourteenth Amendment. This federal guidance underscores the unconstitutionality of the contempt proceedings against me.

135.    The structural deficiencies in Oklahoma's child support enforcement system constitute a pattern and practice of constitutional violations that meet the standard for declaratory relief. As established in *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), municipalities and state entities can be held liable under § 1983 when their official policies or customs cause constitutional violations.

136.    Defendants' entire framework for enforcing child support through imprisonment without ability-to-pay determinations constitutes a systemic constitutional violation that requires judicial intervention through declaratory relief. In *ODonnell v. Harris County*, 892 F.3d 147, 163 (5th Cir. 2018), the court recognized that "when the government detains someone because she cannot afford to pay, that detention is a deprivation of liberty... courts must conduct inquiries into ability to pay."

137.    The orders in question further violate 42 U.S.C. § 666(a)(9)(C), which requires that enforcement proceedings "take into consideration the best interests of the child" and establish procedures to ensure that "the obligation to provide support for the child is not imposed when the ability of the noncustodial parent to provide support is impaired by a physical or mental disability." No such consideration has been given to my documented financial indigency or the impact of my imprisonment on G.L.Stephens's welfare.

138.    The procedural history of this case demonstrates that all available state court remedies have been exhausted, rendering declaratory relief in federal court both necessary and appropriate. As the Supreme Court noted in *Steffel v. Thompson*, 415 U.S. 452, 462 (1974), declaratory relief is particularly appropriate where state proceedings have failed to provide

adequate protection for federal rights.

139. The orders affecting both G.L.Stephens's custody and my liberty interest are inextricably linked through the same pattern of constitutional violations, procedural irregularities, and frauds upon the court. This Court's declaration of their voidness is essential to prevent continuing irreparable harm.

140. Declaratory relief is essential to prevent the ongoing and irreparable constitutional, statutory, and human harms that continue to unfold under color of void state orders and systemic misconduct. This is not a case of past injury alone—it is a matter of continuing deprivation, perpetuated daily through the enforcement of facially void custody and support orders that remain in full effect without lawful basis, judicial scrutiny, or constitutional safeguards.

141. The doctrine of prospective relief under 28 U.S.C. § 2201 is precisely designed for circumstances such as these, where unconstitutional conduct is not a completed event but a continuing course of action. The void orders at issue were procured through fraud, sealed proceedings, and lack of jurisdiction, and yet they are enforced as if lawful.

142. Absent declaratory relief, I face ongoing violations of my fundamental rights: the continued severance of my parent-child relationship; the state-enabled concealment and psychological coercion of my biological female offspring; and the constant threat of imprisonment for unvalidated debt that conflicts with the binding Oregon decree.

143. Such declaratory relief is warranted under established precedent. See *Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876-77 (2009); *Chaffin v. Kansas State Fair Bd.*, 348 F.3d 850, 866 (10th Cir. 2003).

144. I respectfully request: (a) a declaratory judgment that the custody orders pertaining to

073

G.L.Stephens are void ab initio; (b) a declaration that the contempt orders leading to my imprisonment for alleged child support arrearages are void ab initio as they constitute prohibited imprisonment for debt; (c) a declaration that I retain full parental rights to G.L.Stephens; (d) a declaration that the continued enforcement of these orders is unconstitutional; and (e) a declaration that the placement of G.L.Stephens with Adam Sylvester Stephens, a known child abuser, constitutes deliberate indifference to her safety and welfare.

## IX. EMERGENCY RELIEF REQUESTED

145.    Plaintiff faces imminent arrest and imprisonment for six months based on a void default judgment issued in violation of her constitutional rights. This constitutes an emergency situation requiring immediate intervention by this Court.

146.    Plaintiff requests that this Court issue an immediate permanent restraining order and preliminary injunction pursuant to Federal Rule of Civil Procedure 65, enjoining Defendants from:

a.    Executing any arrest warrant against Plaintiff based on the default judgment issued by Special Judge Loretta Radford;

b.    Taking any action to enforce the default judgment or alleged child support;

c.    Interfering with Plaintiff's liberty or freedom of movement based on the default judgment;

d.    Continuing contempt proceedings against Plaintiff while her jurisdictional challenges, removal to federal court, and appeals remain pending.

105. A permanent restraining order, rather than merely a temporary one, is necessary because the constitutional violations at issue are not temporary in nature but represent ongoing, systematic

074

violations that will continue absent permanent relief. The evidence clearly establishes not just a likelihood of success on the merits, but actual success, as required for permanent injunctive relief. See *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (noting that for a permanent injunction, a plaintiff must demonstrate actual success on the merits, not merely a likelihood of success).

147.    The constitutional violations committed by Defendants are not isolated incidents but reflect a pattern of misconduct that will continue absent permanent injunctive relief. As the Supreme Court recognized in *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983), permanent injunctive relief is appropriate when there is a real and immediate threat of repeated injury.

148.    This emergency relief is necessary to prevent irreparable harm to Plaintiff, as monetary damages cannot adequately compensate for unlawful imprisonment and the violation of fundamental constitutional rights.

149.    Plaintiff meets all requirements for permanent restraining order & preliminary injunction:

   a.   Actual success on the merits: As detailed above, Plaintiff has established multiple clear constitutional violations, including due process violations, double jeopardy, and ADA violations. The record conclusively demonstrates that the default judgment was issued in violation of clearly established constitutional rights.

   b.   Irreparable harm: Unlawful imprisonment constitutes irreparable harm, as does the violation of constitutional rights. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

   c.   Balance of equities: The balance of equities strongly favors Plaintiff, as she faces

imminent unlawful imprisonment, while Defendants face no harm from being enjoined from enforcing a constitutionally infirm judgment. As the Supreme Court noted in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008), courts must "balance the competing claims of injury" and consider "the effect on each party of the granting or withholding of the requested relief." Here, the harm to Plaintiff from denial of relief far outweighs any harm to Defendants from granting relief.

d. Public interest: The public interest always favors protecting constitutional rights and preventing unlawful imprisonment. See *G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights."). As the Supreme Court recognized in *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012), "it is always in the public interest to prevent the violation of a party's constitutional rights."

150.    Under the All Writs Act, 28 U.S.C. § 1651, this Court has the authority to "issue all writs necessary or appropriate in aid of [its] jurisdiction." This includes the authority to stay state court proceedings that threaten to interfere with federal jurisdiction or that present an immediate threat of irreparable harm based on constitutional violations.

151.    The permanent relief requested is precisely tailored to the constitutional violations at issue and will not unduly intrude on state proceedings. As the Supreme Court recognized in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982), federal courts should abstain from interfering in state proceedings only where the state proceedings do not involve "flagrant and patent" constitutional violations. Here, the constitutional violations are both flagrant and patent, justifying federal intervention.

## X. PRAYER FOR RELIEF

076

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 directing Defendants to show cause why Plaintiff should not be released from the restraint on her liberty imposed by the void default judgment;

2.  Issue an immediate permanent restraining order and preliminary injunction enjoining Defendants from executing any arrest warrant against Plaintiff, taking any action to enforce the default judgment or alleged child support orders or debts, or otherwise interfering with Plaintiff's liberty based on the default judgment;

3.  Declare that the default judgment sentencing Plaintiff to six months imprisonment is void ab initio and unenforceable;

4.  Declare that the contempt proceedings violate double jeopardy by attempting to punish Plaintiff a second time for the same alleged contempt;

5.  Declare that Defendants violated Plaintiff's due process rights by denying her the opportunity to be heard while granting that opportunity to the opposing party;

6.  Declare that Defendants violated the Americans with Disabilities Act by denying reasonable accommodations to Plaintiff;

7.  Enjoin Defendants from proceeding with any further contempt proceedings against Plaintiff while her jurisdictional challenges, removal to federal court, and appeals remain pending;

8.  Award Plaintiff costs and legal-related fees pursuant to 42 U.S.C. § 1988;

9.  This superior Court to provide written statements of fact and conclusions of law, rather than any abusive discretion for appeal purposes if justice, truth, and the constitutional of united states of America is not revered in this court;

10. Grant such other and further relief as this Court deems just and proper.

11. Plaintiff reserves the right to amend this petition at any time.

## XI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to the Seventh

Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

Plaintiff operates under the presumption that this honorable court maintains his/her oath to the

Divine Creator YAHUAH that he/she took:

"We hold these truths to be self-evident, that all men [meaning man and woman] are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness.--That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed, --That whenever any Form of Government becomes destructive of these ends, it is the Right of the People to alter or to abolish it, and to institute new Government, laying its foundation on such principles and organizing its powers in such form, as to them shall seem most likely to effect their Safety and Happiness."--**The unanimous Declaration of the thirteen united States of America, circa 1776**.

"I, [your family name here and your en legis name here both] do solemnly swear (or affirm) that i will support, **obey**, and **defend** the **Constitution of the United States**, and the Constitution of the State of Oklahoma..."--**Oath of Office** required for all governmental officials and all U.S. citizens.

**Please take Notice that** this is sent to you in the peace and love of Messiah Yashua. Luke 11:52.

### AVOUCHMENT / VERIFICATION

i hereby declare, verify, certify and affirm, pursuant to the penalties of perjury under the laws of the united states of America, and by the provision of 28 U.S. Code § 1746 that i am of sound mind and competent to make this verification, and that all of the above and foregoing representations are true and correct to the best of my knowledge, information, belief.

Executed in Charleston County, republic land of South Carolina on this 05th day of June in the Year of Our Lord Two Thousand and Twenty Five.

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
**Silence is Tacit Acquiescence/Agreement/Dishonor;**
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*link-tran: stephens/Agent*

By one–and–only beneficiary:

---

078

All Rights Reserved None Waived, **Without Prejudice** *UCC 1-308 & 1-103*,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que
Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator, my heir/offspring is
G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit of Creator YAHUAH,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th, 1983, in
the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government
employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary; i reject your 12 legal
presumptions, other presumptions/assumptions/double-speaking/implied
or undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges &
Immunities of Citizens in several States;
**Rural Free Delivery, Non-Domestic 00000,**
℅ 1964 Ashley River Rd Ste B Unit 80112,
Charleston, South Carolina [zip exempt,near 29407] without U.S. Washington, D.C.
Email: LinhStephens7@gmail.com
Tel: 817-631-3223

## Notary as JURAT CERTIFICATE

STATE OF MINNESOTA      )
                                 ) *ss*

COUNTY OF SHERBURNE )

On this 05ᵗʰ day of June, 2025 before me, Melissa K. Vagle, a Notary Public, personally appeared a living woman Linh Tran Stephens ( the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS©® ), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.

i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Melissa K Vagle*

Signature of Notary/Jurat



MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

---

Page 54 of 55

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the <u>06th</u> day of <u>June</u>, 2025, a true, correct, and exact copy of the above and foregoing instrument was filed face-to-face with Court Clerk at <u>United States District Court Northern District of Oklahoma, 333 W 4th St, Suite 411, Tulsa, OK 74103 with $5 fees donated by ADA advocate</u>; previously efiling and In Forma Pauperis (IFP) were approved on 02/01/2024 in another case 24-CV-216-JDR-CDL, thus Court Clerk to issue summons for the following defendants

1. *Defendants # 1, 9, 15, and all defendants:*
Oklahoma Attorney General Gentner Drummond for **STATE OF OKLAHOMA and all its employees/successors**
313 NE 21st Street, Oklahoma City, OK 73105
2. *Defendant # 2, 3, 11*
**Tulsa County District Court and all its divisions**: ATTN: Clerk's Office, Presiding Judge, and Board of County Commissioners, Judges of docket F: Loretta Radford, Deborrah Ludi Letich
500 S. Denver Avenue, Tulsa, OK 74103
3. *Defendants # 4, 8, 12, 13*
**Oklahoma Department of Human Services and its divisions including <u>CSS</u>**, Emallene Stringer, director Jerrey Cartmell and Deborah Shropshire
2400 N. Lincoln Blvd., Oklahoma City, OK 73105
4. *Defendant # 5, 6*
Tulsa County Sheriff's Office
ATTN: Sheriff Vic Regalado and Jacob Williamson
500 S Denver Ave, Tulsa, OK 74103-3832
5. *Defendant # 7*
Tulsa County Court Clerk's Office
ATTN: **Kim Hall**
500 S. Denver Avenue, 3rd Floor
Tulsa, OK 74103
6. *Defendant # 13*
CSS
P.O. Box 268849, Oklahoma City, OK 73126-8849
7. *Defendant # 14*
OKLAHOMA SHERIFFS' ASSOCIATION ATTN: Executive Director Ray and Registered Agent for Service of Process: 1615 South State Street, Edmond, OK 73013
8. *Defendant # 16*
Service of Process Division, **Oklahoma Secretary of State**
2300 N Lincoln Blvd, Suite 101
Oklahoma City, OK 73105-4897
9. *Defendant # 10, 17*
Office of the Governor, ATTN: J. Kevin Stitt
Oklahoma State Capitol
2300 N. Lincoln Blvd., Suite 212
Oklahoma City, OK 73105
10. *Defendant # 18*: **DAVID L. MOSS JUSTICE CENTER**, 300 N. Denver Ave. Tulsa, OK 74103
11. <u>CC:</u>**The Board of County Commissioners**, Tulsa County Headquarters
218 W. 6th St., Tulsa, OK 74119-1004

without prejudice
linh-tran: stephens/Agent

Signature _____

080

**EXHIBIT #1**
**(13 pages)**




IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

JUL 1 1 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

In Re the Marriage of:        )

LINH TRAN STEPHENS,           )
                              )
        Petitioner,           )
                              )
and                           )    Case No. FD-2015-2228
                              )
ADAM SYLVESTER STEPHENS,      )    FD Docket B
                              )    Judge Theresa Dreiling
        Respondent.           )

## CONFIRMATION OF REGISTRATION OF FOREIGN ORDER

NOW on this _11th_ day of ____July____, 2017, this matter comes before the undersigned Judge of the District Court concerning registration of a foreign order. Petitioner is represented by her counsel, David W. Davis; and Respondent is represented by his counsel, Charles M. Parrish. Petitioner and Respondent agree to register their Columbia County, Oregon dissolution order with the Tulsa County, Oklahoma Court. The Court, having reviewed the file and considered the premises, finds that the parties have reached an agreement and finds and orders as follows:

1.      The parties were divorced in Columbia County, Oregon. The Stipulated General Judgment of Dissolution of Marriage; and Money Award (hereinafter "Oregon Decree") was filed on January 8, 2016.

2.      The parties desire to register the Oregon Decree with the Tulsa County Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Oregon Decree be and is hereby confirmed as a registered order and a certified copy of the Oregon Decree shall be filed simultaneously herewith.

1

082

Signature page to Confirmation of Registration of Foreign Order, *Linh Tran Stephens and Adam Sylvester Stephens,* Tulsa County Case No. FD-2015-2228

Judge Theresa Dreiling

APPROVED AS TO FORM AND CONTENT:

David W Davis, OBA #15067
David W. Davis, P.C.
601 S. Boulder, Suite 100
Tulsa, Oklahoma 74119
(918) 592-2007

Attorney for Petitioner

Charles M. Parrish, OBA #30206
Wirth Law Office
201 W. 5th Street, Suite 407
Tulsa, OK 74103
(918) 932-2800
Fax: (918) 932-2900

Attorney for Respondent

2

2017 JUL 11 PM 1:07

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF COLUMBIA

### Department of Domestic Relations

FILED

JUL 11 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

In the Matter of the Marriage of

Adam Sylvester Stephens

           Co-Petitioner,

and

Linh Tran Stephens

           Co-Petitioner.

NO.

**15DR18623**
Judge: Callahan, Cathleen B

)
)
)
)
)

**STIPULATED GENERAL
JUDGMENT OF DISSOLUTION
OF MARRIAGE;
AND MONEY AWARD**

**(CO-PETITIONERS)**

This matter came before the court on the motion and affidavit of Co-Petitioning husband and wife and the stipulation of the parties for the entry of a judgment dissolving their marriage. Co-Petitioner husband is filing Pro-Se. Co-Petitioner wife is filing Pro-Se. The court having been presented with this form of stipulated judgment of dissolution, having reviewed the records and documents on file herein, and being fully advised in the premises, makes the following findings:

1.

Co-petitioners are jointly and in agreement filing this judgment for

Page 1 of 28 Stipulated General Judgment Co-Petition

084

Verified Correct Copy of Original 1/8/2016.

entry of such an order is appropriate because the continued pendency of this suit would hinder the situation with regard to the parties' business interests. As a part of that waiver, Husband and Wife consent to the waiver of the provisions of ORS 107.089, which require the production of documents.

16.

Husband and Wife's signatures on this stipulated judgment evidence their intent that the agreement embodied in this stipulated judgment will be enforceable in the manner described in ORS 107.135.

17.

Spousal support is not to be paid.

18.

Husband and Wife have each completed the seminar for parenting if required by this court.

19.

Co-Petitioners agree and request that no court appearances should be required and allowing Co-Petitioners entry of judgment on affidavit in lieu of hearing.

20.

This marriage should be dissolved and Husband and Wife should be granted the relief hereinafter set forth.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.

The marital status of the parties is hereby terminated. The provisions of this

Verified Correct Copy of Original 1/8/2016.

Co-Petitioners desire that the Parties shall be awarded Joint legal and physical custody of the children of the marriage.

### 2.1

Non-custodial parent is entitled to frequent and unhampered continuing contact with the children at such times as the parties may mutually agree, but in no event less than is set forth below, which is part of this judgment.

Parenting time and parenting plan shall be:

Mother will have Parenting Time for two weeks every June, during summer vacation. Holidays – 50/50.

### 2.1.1

The parenting plan will be construed and implemented in a way that fosters the children's best interests by providing liberal, predictable, and wholesome time between the children and the non-custodial parent.

### 2.1.2

Although a written plan promotes stability for the children each parent acknowledges that reasonable adjustments will be needed from time to time and that an element of flexibility will be required in administering the plan. Each parent will be flexible in arranging dates and times with the children so that important family events and the children's activities are maintained with minimal disruption or hard feelings.

### 2.1.3

Each parent will act reasonably in registering the children for activities,

Page 8 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016.

health insurance will not be considered a reasonable expense that the other parent would need to pay a part of. Claim Against Estate: Support receiving parent shall have a claim against the estate of the ordered child support paying parent for any monies due pursuant to this judgment for any arrearages that has accrued as of the time of child support ordered parent's death for unpaid support and periodic payments.

### 4.2

Mother will pay half of all the child/ren's reasonably incurred medical, optical, hospital, dental, and orthodontic expenses that are not covered by insurance.

Father will pay the other half of all the child/ren's reasonably incurred medical, optical, hospital, dental, and orthodontic expenses that are not covered by insurance.

### 4.3

This judgment makes no provision for the maintenance of life insurance.

### 5.

The property of the parties will be divided as follows:

### 5.1

Husband is hereby awarded and will receive free from any claim of wife:

### 5.1.1

Any and all personal effects and personal property in party's possession and/or control.

In lieu of Child Support from the wife:

It is agreed by both parties that wife shall assume the following debts of the

Page 16 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016.

husband:

> 2013 Jeep Wrangler Rubicon
> $692.17 monthly payment
> Vin# 1C4HJWFG6DL616149
> Wa. License Plate# ALT5054
>
> 2014 Jayco Baha 18' trailer
> $192.43 monthly payment
> Vin# 1UJBJ0AJ0E77F0229
> Wa. license Plat# 1960YR
>
> Insurance for both Jeep and Trailer - $179.23 monthly payment
>
> Total of $1063.83 / month
>
> At such time the debts are paid in full, wife will sign-over the property to the husband.
>
> Husband also receives $325.00 per month SSI for the benefit of Grace Stephens.

### 5.2

Wife is hereby awarded and will receive free from any claim of husband:

### 5.2.1

Any and all personal effects and personal property in party's possession and/or control.

### 5.3

A party's personal papers are specifically awarded to that party. Each party will use their best effort now and in the future to provide the other party with that party's personal papers and records. Those include, but are not limited to, birth certificates, passports, baptismal records, wills, military discharge papers, etc. Each party will also cooperate with the other in providing financial documents that may from time to time be necessary. For example, one party may in the future need a copy of a previously filed joint

Verified Correct Copy of Original 1/8/2016.

tax return.

### 5.4

All fire and extended coverage, and liability and casualty insurance policies on or relating to any real or personal property herein described or referred to, and now in existence, will be transferred with the property to which the same pertains to the party receiving that property pursuant to this judgment, without charge or credit to either party in respect of the surrender value thereof.

### 7.

Each Party will keep their own retirement accounts and pensions, unless specifically stated otherwise herein.

### 8.

The liabilities and debts of the parties will be paid as follows:

### 8.1

Husband will pay, defend, indemnify, and hold wife harmless from any debt in his name alone not otherwise specifically described herein. The husband shall pay the following debts:

He is required to pay all personally incurred debts and expenses, including personal debt incurred during marriage and collections in his name.

### 8.2

Wife will pay, defend, indemnify, and hold husband harmless from any debt in his name alone not otherwise specifically described herein. The wife shall pay the following debts:

Page 18 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016.

She is required to pay all personally incurred debts and expenses, including her car payments, real property at 8519 E. 75ᵗʰ St., Tulsa, OK 94133, all credit cards in her name; her student loans.

**In lieu of Child Support to husband:**

It is agreed by both parties that wife shall assume the following debts of the husband:

2013 Jeep Wrangler Rubicon
$692.17 monthly payment
Vin# 1C4HJWFG6DL616149
Wa. License Plate# ALT5054

2014 Jayco Baha 18' trailer
$192.43 monthly payment
Vin# 1UJBJ0AJ0E77F0229
Wa. license Plat# 1960YR

Insurance for both Jeep and Trailer - $179.23 monthly payment

Total of $1063.83 / month

At such time the debts are paid in full, wife will sign-over the property to the husband.

### 8.3

If either party fails to pay any debt or liability as set forth herein, the other party will have the right, but not the obligation, to make any payment due, provided the nonpaying party is given 10 days prior notice of the party's plan to make payment. If payment is made, the party who failed to pay will be responsible for reimbursing the amount paid to the party who made the payment, together with interest computed at the same rate charged by the creditor on the obligation to which payment was made. Interest will accrue from the time payment is made until full reimbursement is made. A party who pays the other party's debt pursuant to this provision is hereby authorized to deduct the

Page 19 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016.

amount of money paid from any payment then or thereafter due or owing the other party, including from any obligation to pay support.

### 8.5

The obligation of a party to pay, defend, indemnify, and hold the other party harmless from the payment of any debt described in this judgment is a support obligation under 11 USC §523(5), which is not dischargeable in bankruptcy as to the other party.

### 9.

Spousal support is not to be paid.

### 10.

No name change is requested.

ATTORNEY FEES: None. Pro-Se filing.

### 11.

Each party will pay his or her own attorney fees and court costs incurred in this proceeding unless otherwise stated herein.

### 12.

There are no attorney fees for judgment, as Co-Petitioners are filing Pro-Se and have chosen not to use the services of an attorney.

### 13.

Each party will, within 30 days of the date of this judgment, execute, acknowledge and deliver any and all documents and instruments necessary to complete the transfer of any property as ordered in this judgment of dissolution. This judgment will operate to convey title to the party to whom such property is awarded if the other party

Page 20 of 28 Stipulated General Judgment Co-Petition

Child support award in the amount of $586.00 accrues on the first day of each month commencing the first day of the first month following the date of the judgment.

<u>However:</u>

> In lieu of Child Support:
>
> It is agreed by both parties that wife shall assume the following debts on behalf of the husband, until paid in full:
>
> > 2013 Jeep Wrangler Rubicon
> > $692.17 monthly payment
> > Vin# 1C4HJWFG6DL616149
> > Wa. License Plate# ALT5054
> >
> > 2014 Jayco Baha 18' trailer
> > $192.43 monthly payment
> > Vin# 1UJBJ0AJ0E77F0229
> > Wa. license Plat# 1960YR

Insurance for both Jeep and Trailer - $179.23 monthly payment

Total of $1063.83

At such time the debts are paid in full, wife will sign-over the property to the husband.

Signed: 1/10/2016 4:32:58 PM

DATED _____ 20___, at _____, Oregon.

X _____
Circuit Court Judge
**Circuit Court Judge Cathleen B. Callahan**

Judge's name: _____

We sign this stipulated judgment on our own volition, with full knowledge of the facts, and with full information as to our legal rights and liabilities. In some instances, the terms of

Page 25 of 28 Stipulated General Judgment Co-Petition



CERTIFIED TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT
TRIAL COURT ADMINISTRATOR
COLUMBIA COUNTY, OREGON
BY _____
DATED 4/11/17

092

this stipulated judgment represent a compromise of disputed issues. However, We believe the terms and conditions to be fair and reasonable under the circumstances. We have read the stipulated judgment and agree that it accurately reflects our agreement.

X _____

Adam Sylvester Stephens, Co-Petitioner husband

Date: X NOV 30 2015

SUBSCRIBED AND SWORN to before me on Nov 30 _____, 20 15

Notary Public
State of Washington
B L SALMAN
MY COMMISSION EXPIRES
February 20, 2018

Notary Public for ~~Oregon~~ Washington .

My commission expires: Feb 20, 2018

X _____

Linh Tran Stephens, Co-Petitioner wife

Date: X 11/21/2015

SUBSCRIBED AND SWORN to before me on Nov. 21, 20 15

JEANNE WILSON
NOTARY PUBLIC - STATE OF OKLAHOMA
MY COMMISSION EXPIRES OCT 20, 2016
COMMISSION # 08010806

Notary Public for ~~Oregon~~ Oklahoma

My commission expires: October 2020 16

Minor children:

G☒ L☒ Stephens - Age; 02; birth year: 2013; SS# is protected and provided separately in UTCR 2.130.1 affidavit.

Page 26 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016.

Verified Correct Copy of Original 1/8/2016.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PRO-SE CERTIFICATION

These documents were prepared by Legal Alternatives for a fee of $155.00. No personal contact was initiated nor was any legal advice given. All information in these documents was supplied to preparers by ourselves through the mail or over the internet. All information is accurate to the best of our knowledge and that we have filed the Dissolution of Marriage as Co-Petitioners, jointly attesting and agreeing to all terms herein.

X _____
Adam Sylvester Stephens, Co-Petitioner husband

Date: X 11- 30-15

X _____
Linh Tran Stephens, Co-Petitioner wife

Date: X 11/20/2015

---

## NOTICE OF INCOME WITHHOLDING

The support order is enforceable by income withholding under ORS 25.311-25.318, 25.351-25.367, and 25.722. Withholding will occur immediately, whenever there are arrearages at least equal to the support payment for one month, whenever the obligated parent requests withholding, or whenever the obligee requests withholding for good cause. The district attorney or, as appropriate, the Support Enforcement Division of the Department of Justice will assist in securing such withholding. Exceptions may apply in

Page 27 of 28 Stipulated General Judgment Co-Petition

094

# EXHIBIT #2
# (3 pages of 2 latest SCOTUS letters)

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC  20543-0001

July 11, 2024

Linh Stephens
C/O 11063 S Memorial Dr.
Suite D. #235
Tulsa, OK 74133

    RE: Stephens v. Stephens
        OK Ct. of Civil App. No. 120,849

Dear Ms. Stephens:

    The above-entitled petition for a writ of certiorari was originally postmarked March 25, 2024 and received again on June 27, 2024.  The papers are returned for the following reason(s):

    Your case must first be reviewed by a United States court of appeals or by the highest state court in which a decision could be had. 28 USC 1254 and 1257.

Sincerely,
Scott S. Harris, Clerk
By:

Emily Walker
(202) 479-5955

Enclosures

096

# SUPREME COURT OF THE UNITED STATES
# OFFICE OF THE CLERK
# WASHINGTON, DC  20543-0001

May 13, 2025

Linh Tran Stephens
C/O 1964 Ashley River Rd Ste B
Unit 80112
Charleston, SC 29416

    RE: Stephens v. Stephens/Stephens v. Stephens/Stephens v. April Seibert, et al
       SC OK Nos. 120,849; 122,022; 122,445

Dear Ms. Stephens:

The above-entitled petition for a writ of certiorari was postmarked April 25, 2025 and received May 5, 2025.  The papers are returned for the following reason(s):

To the extent you wish this Court to review the decision by the Supreme Court of Oklahoma in case number 120,849, the petition is out-of-time. The date of the lower court judgment or order denying a timely petition for rehearing was May 14, 2024. Therefore, the petition was due on or before August 12, 2024. Rules 13.1, 29.2 and 30.1.  When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

Please be advised that if you are intending for this Court to review a decision by the Supreme Court of Oklahoma in case number 122,022, it appears this case is currently pending in the Supreme Court of Oklahoma. Your case must first be reviewed by that court.

097

Additionally, to the extent you wish this Court to review the decision by the Supreme Court of Oklahoma in case number 122,445, the petition is out-of-time. The date of the lower court judgment or order denying a timely petition for rehearing was September 30, 2024. Therefore, the petition was due on or before December 29, 2024. Rules 13.1, 29.2 and 30.1.  When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

Sincerely,
Scott S. Harris, Clerk
By:

Pipa Fisher
(202) 479-3019

**Enclosures**

**EXHIBIT #3
(12 pages)**

DocuSign Envelope ID  5444D78C-558F-48D1-8677-F5AEF454656F





**GWY.9 DBP**

## CHEROKEE NATION®

PO Box 948 • Tahlequah, OK 74165-0948
918-453-5000 • www.cherokee.org

Office of the Chief

**Chuck Hoskin Jr.**
*Principal Chief*

**Bryan Warner**
*Deputy Principal Chief*

August 12, 2020

Linh Stephens

▮▮▮▮▮▮▮▮▮▮▮▮▮

Tulsa, OK ▮▮▮▮▮

Dr. Stephens,

This letter is to provide notice that Cherokee Nation will not renew your agreement at the end of the term. Article VII, Section A. and Article VIII, Section B. allows for non-renewal at the end of the term of the agreement by 30 days notice. The end of the term of your agreement is September 30, 2020.  Effective August 13, 2020 you will be placed on administrative leave through September 30, 2020. You will continue to receive any compensation due to you according to your agreement through the end of the term. Your remaining annual leave balance on September 30, 2020 will be paid to you after the term of your agreement. We appreciate your time and contribution to Cherokee Nation Health Services.

Sincerely,

R. Stephen Jones DDS

FD020D4B7D48440

R. Stephen Jones
Executive Director
Cherokee Nation Health Services

cc:      file

**363a**

100



# Oklahoma Employment Security Commission



Payment Information

ClaimID:595792791    Page:P5.7

| Week-date-end | Amount Paid | | Amount Deductible | | Total Weekly Benefits |
|---|---|---|---|---|---|
| 6/26/2021 | 274.00 | + | 380.00 | = | 654.00 |
| 6/19/2021 | 730.00 | + | 109.00 | = | 839.00 |
| 6/12/2021 | 291.00 | + | 548.00 | = | 839.00 |
| 6/5/2021 | 561.00 | + | 278.00 | = | 839.00 |
| 5/29/2021 | 0 | + | 0 | = | 0 |
| 5/22/2021 | 421.00 | + | 418.00 | = | 839.00 |
| 5/15/2021 | 0 | + | 0 | = | 0 |
| 5/8/2021 | 730.00 | + | 109.00 | = | 839.00 |
| 5/1/2021 | 448.00 | + | 391.00 | = | 839.00 |
| 4/24/2021 | 556.00 | + | 283.00 | = | 839.00 |
| 4/17/2021 | 387.00 | + | 452.00 | = | 839.00 |
| 4/10/2021 | 558.00 | + | 281.00 | = | 839.00 |
| 4/3/2021 | 338.00 | + | 501.00 | = | 839.00 |
| 3/27/2021 | 730.00 | + | 109.00 | = | 839.00 |
| 3/20/2021 | 0 | + | 0 | = | 0 |
| 3/13/2021 | 462.00 | + | 377.00 | = | 839.00 |
| 3/6/2021 | 394.00 | + | 445.00 | = | 839.00 |
| 2/27/2021 | 730.00 | + | 109.00 | = | 839.00 |
| 2/20/2021 | 730.00 | + | 109.00 | = | 839.00 |
| 2/13/2021 | 730.00 | + | 109.00 | = | 839.00 |
| 2/6/2021 | 326.00 | + | 513.00 | = | 839.00 |
| 1/30/2021 | 0 | + | 0 | = | 0 |
| 1/23/2021 | 300.00 | + | 539.00 | = | 839.00 |
| 1/16/2021 | 431.00 | + | 408.00 | = | 839.00 |
| 1/9/2021 | 730.00 | + | 109.00 | = | 839.00 |
| 1/2/2021 | 543.00 | + | 296.00 | = | 839.00 |
| 12/26/2020 | 469.00 | + | 70.00 | = | 539.00 |
| 12/19/2020 | 469.00 | + | 70.00 | = | 539.00 |
| 12/12/2020 | 469.00 | + | 70.00 | = | 539.00 |
| 12/5/2020 | 282.00 | + | 257.00 | = | 539.00 |
| 11/28/2020 | 469.00 | + | 70.00 | = | 539.00 |
| 11/21/2020 | 164.00 | + | 375.00 | = | 539.00 |
| 11/14/2020 | 469.00 | + | 70.00 | = | 539.00 |
| 11/7/2020 | 469.00 | + | 70.00 | = | 539.00 |
| 10/31/2020 | 184.00 | + | 355.00 | = | 539.00 |
| 10/24/2020 | 144.00 | + | 395.00 | = | 539.00 |
| 10/17/2020 | 469.00 | + | 70.00 | = | 539.00 |
| 10/10/2020 | 469.00 | + | 70.00 | = | 539.00 |
| 10/3/2020 | 0 | + | 0 | = | 0 |

Return to Menu    Return to Previous Page



**364a**

101

Form **1040** Department of the Treasury-Internal Revenue Service   (99)    **2021**    OMB No. 1545-0074    IRS Use Only-Do not write or staple in this space.

**U.S. Individual Income Tax Return**

**Filing Status**
Check only one box.

☐ Single  ☐ Married filing jointly  ☒ Married filing separately (MFS)  ☐ Head of household (HOH)  ☐ Qualifying widow(er) (QW)

If you checked the MFS box, enter the name of your spouse. If you checked the HOH or QW box, enter the child's name if the qualifying person is a child but not your dependent ▶ XⓍⓍⓍⓍⒷ

| | | |
|---|---|---|
| Your first name and middle initial | Last name | Your social security number |
| Linh T | Stephens | ⓍⓍⓍⓍ5094 |
| If joint return, spouse's first name and middle initial | Last name | Spouse's social security number |
| | | ⓍⓍⓍⓍⓍ |

Home address (number and street). If you have a P.O. box, see instructions.    Apt. no.
ⓍⓍⓍⓍⓍⓍ

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund.

City, town, or post office. If you have a foreign address, also complete spaces below.    State    ZIP code
ⓍⓍⓍⓍⓍⓍ      **OK**     ⓍⓍⓍⓍⓍ

Foreign country name     Foreign province/state/county     Foreign postal code

☐ You  ☐ Spouse

At any time during 2021, did you receive, sell, exchange, or otherwise dispose of any financial interest in any virtual currency?    ☐ Yes  ☒ No

**Standard Deduction**

Someone can claim: ☐ You as a dependent    ☐ Your spouse as a dependent
☐ Spouse itemizes on a separate return or you were a dual-status alien

**Age/Blindness** You: ☐ Were born before January 2, 1957  ☐ Are blind    **Spouse:** ☐ Was born before January 2, 1957  ☐ Is blind

**Dependents** (see instructions):

| (1) First name   Last name | (2) Social security number | (3) Relationship to you | (4) Check if qualifies for (see instructions): Child tax credit | Credit for other dependents |
|---|---|---|---|---|
| | | | ☐ | ☐ |
| | | | ☐ | ☐ |
| | | | ☐ | ☐ |
| | | | ☐ | ☐ |

If more than four dependents, see instructions and check here ▶ ☐

Attach Sch. B if required.

| | | | |
|---|---|---|---|
| 1 | Wages, salaries, tips, etc. Attach Form(s) W-2 . . . . . . . . . . . . . . . . . . . | 1 | |
| 2a | Tax-exempt interest . . . . 2a | b Taxable interest . . . . . . . . . 2b | 301 |
| 3a | Qualified dividends . . . . . 3a   79 | b Ordinary dividends . . . . . . . . 3b | 79 |
| 4a | IRA distributions . . . . . . 4a | b Taxable amount . . . . . . . . . 4b | |
| 5a | Pensions and annuities . . . 5a | b Taxable amount . . . . . . . . . 5b | |
| 6a | Social security benefits . . . 6a | b Taxable amount . . . . . . . . . 6b | |
| 7 | Capital gain or (loss). Attach Schedule D if required. If not required, check here . . . . . . . . ▶ ☐ | 7 | 6,493 |
| 8 | Other income from Schedule 1, line 10 . . . . . . . . . . . . . . . . . . . . . | 8 | 17,302 |
| 9 | Add lines 1, 2b, 3b, 4b, 5b, 6b, 7, and 8. This is your **total income** . . . . . . . . . . . . . ▶ | 9 | 24,175 |
| 10 | Adjustments to income from Schedule 1, line 26 . . . . . . . . . . . . | 10 | 297 |
| 11 | Subtract line 10 from line 9. This is your **adjusted gross income** . . . . . . . . . . . . . . . ▶ | 11 | 23,878 |
| 12a | **Standard deduction or itemized deductions** (from Schedule A) . . . .   12a   12,550 | | |
| b | Charitable contributions if you take the standard deduction (see instructions)   12b   300 | | |
| c | Add lines 12a and 12b . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 12c | 12,850 |
| 13 | Qualified business income deduction from Form 8995 or Form 8995-A . . . . . . . . . . . . | 13 | 781 |
| 14 | Add lines 12c and 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . | 14 | 13,631 |
| 15 | **Taxable income.** Subtract line 14 from line 11. If zero or less, enter -0-. . . . . . . . . . . . | 15 | 10,247 |

**Standard Deduction for-**
- Single or Married filing separately, $12,550
- Married filing jointly or Qualifying widow(er), $25,100
- Head of household, $18,800
- If you checked any box under *Standard Deduction,* see instructions.

**For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.**

EEA

Form **1040** (2021)

Client Copy

365a

102

**SCHEDULE 1**
**(Form 1040)**

### Additional Income and Adjustments to Income

OMB No. 1545-0074

**2021**

Department of the Treasury
Internal Revenue Service

▶ Attach to Form 1040, 1040-SR, or 1040-NR.
▶ Go to *www.irs.gov/Form1040* for instructions and the latest information.

Attachment
Sequence No. **01**

Name(s) shown on Form 1040, 1040-SR, or 1040-NR

Linh T Stephens

**Your social security number**

XXXX5094

## Part I    Additional Income

| | | | |
|---|---|---|---:|
| 1 | Taxable refunds, credits, or offsets of state and local income taxes . . . . . . . . . . . . . . | **1** | |
| 2a | Alimony received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **2a** | |
| b | Date of original divorce or separation agreement (see instructions) . . ▶ | | |
| 3 | Business income or (loss). Attach Schedule C . . . . . . . . . . . . . . . . . . . | **3** | 4,204 |
| 4 | Other gains or (losses). Attach Form 4797 . . . . . . . . . . . . . . . . . . . . . | **4** | |
| 5 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **5** | |
| 6 | Farm income or (loss). Attach Schedule F . . . . . . . . . . . . . . . . . . . . . | **6** | |
| 7 | Unemployment compensation . . . . . . . . . . . . . . . . . . . . . . . . . . | **7** | 13,098 |
| 8 | Other income: | | |
| a | Net operating loss . . . . . . . . . . . . . . . . . . . . . . | **8a** ( ) | |
| b | Gambling income . . . . . . . . . . . . . . . . . . . . . . | **8b** | |
| c | Cancellation of debt . . . . . . . . . . . . . . . . . . . . | **8c** | |
| d | Foreign earned income exclusion from Form 2555 . . . . . . . . . . | **8d** ( ) | |
| e | Taxable Health Savings Account distribution . . . . . . . . . . . . | **8e** | |
| f | Alaska Permanent Fund dividends . . . . . . . . . . . . . . . | **8f** | |
| g | Jury duty pay . . . . . . . . . . . . . . . . . . . . . . . | **8g** | |
| h | Prizes and awards . . . . . . . . . . . . . . . . . . . . . | **8h** | |
| i | Activity not engaged in for profit income . . . . . . . . . . . . . | **8i** | |
| j | Stock options . . . . . . . . . . . . . . . . . . . . . . . | **8j** | |
| k | Income from the rental of personal property if you engaged in the rental for profit but were not in the business of renting such property . . . . . . . . . . . . . . . . . . . . . . . . | **8k** | |
| l | Olympic and Paralympic medals and USOC prize money (see instructions) . . . . . . . . . . . . . . . . . . . . . . . | **8l** | |
| m | Section 951(a) inclusion (see instructions) . . . . . . . . . . . . | **8m** | |
| n | Section 951A(a) inclusion (see instructions) . . . . . . . . . . . | **8n** | |
| o | Section 461(l) excess business loss adjustment . . . . . . . . . . | **8o** | |
| p | Taxable distributions from an ABLE account (see instructions) . . . . . | **8p** | |
| z | Other income. List type and amount ▶ | **8z** | |
| 9 | Total other income. Add lines 8a through 8z . . . . . . . . . . . . . . . . . . . | **9** | |
| 10 | Combine lines 1 through 7 and 9. Enter here and on Form 1040, 1040-SR, or 1040-NR line 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10** | 17,302 |

For Paperwork Reduction Act Notice, see your tax return instructions.

Schedule 1 (Form 1040) 2021

EEA

366a

103



# Internal Revenue Service
### United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

Request Date: 05-07-2024
Response Date: 05-07-2024
Tracking Number: 105948470862

## Record of Account

FORM NUMBER: 1040          TAX PERIOD: Dec. 31, 2022

TAXPAYER IDENTIFICATION NUMBER:          XXX-XX-5094

LIN T STEP
8214 E

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:        0.00
ACCRUED INTEREST:       0.00          AS OF: Mar. 13, 2023
ACCRUED PENALTY:        0.00          AS OF: Mar. 13, 2023

ACCOUNT BALANCE
    PLUS ACCRUALS
    (this is not a
    payoff amount):     0.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:             01
FILING STATUS:          Married Filing Separate
ADJUSTED GROSS
    INCOME:             -12,163.00
TAXABLE INCOME:         0.00
TAX PER RETURN:         0.00
SE TAXABLE INCOME
    TAXPAYER:           0.00
SE TAXABLE INCOME
    SPOUSE:             0.00
TOTAL SELF
    EMPLOYMENT TAX:     0.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)  Apr. 15, 2023
PROCESSING DATE                                               Mar. 13, 2023

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|----------------------------|-------|------|--------|
| 150  | Tax return filed 16211-446-66072-3 | 20230801 | 03-13-2023 | $0.00 |

SSN Provided: XXX-XX-5094
Tax Period Ending: Dec. 31, 2022

The following items reflect the amount as shown on the return (PR), and
the amount as adjusted (PC), if applicable.  They do not show subsequent
activity on the account.

**367a**

Form **1040**
Department of the Treasury-Internal Revenue Service
**U.S. Individual Income Tax Return** **2022**    OMB No. 1545-0074    IRS Use Only-Do not write or staple in this space.

**Filing Status**
Check only one box.
☐ Single  ☐ Married filing jointly  ☒ Married filing separately (MFS)  ☐ Head of household (HOH)  ☐ Qualifying surviving spouse (QSS)

If you checked the MFS box, enter the name of your spouse. If you checked the HOH or QSS box, enter the child's name if the qualifying person is a child but not your dependent: X████ H████

| Your first name and middle initial | Last name | Your social security number |
|---|---|---|
| Linh T | Stephens | XXX-XX-5094 |

If joint return, spouse's first name and middle initial | Last name | **Spouse's social security number**
| | | XXX-XX-████ |

Home address (number and street). If you have a P.O. box, see instructions.    Apt. no.

8214 E 111th PL S Unit 100

City, town, or post office. If you have a foreign address, also complete spaces below.    State    ZIP code

Bixby    OK    74008-2452

Foreign country name    Foreign province/state/county    Foreign postal code

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund.
☐ You  ☐ Spouse

**Digital Assets**
At any time during 2022, did you: (a) receive (as a reward, award, or payment for property or services); or (b) sell, exchange, gift, or otherwise dispose of a digital asset (or a financial interest in a digital asset)? (See instructions.)  ☐ Yes  ☒ No

**Standard Deduction**
Someone can claim:  ☐ You as a dependent  ☐ Your spouse as a dependent
☐ Spouse itemizes on a separate return or you were a dual-status alien

**Age/Blindness**  You: ☐ Were born before January 2, 1958  ☐ Are blind  **Spouse:** ☐ Was born before January 2, 1958  ☐ Is blind

**Dependents** (see instructions):
If more than four dependents, see instructions and check here .. ☐

| (1) First name    Last name | (2) Social security number | (3) Relationship to you | (4) Check if qualifies for (see instructions): |  |
|---|---|---|---|---|
| | | | Child tax credit | Credit for other dependents |
| | | | ☐ | ☐ |
| | | | ☐ | ☐ |
| | | | ☐ | ☐ |
| | | | ☐ | ☐ |

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a Form W-2, see instructions.

| | | |
|---|---|---|
| 1a | Total amount from Form(s) W-2, box 1 (see instructions) | 1a |
| b | Household employee wages not reported on Form(s) W-2 | 1b |
| c | Tip income not reported on line 1a (see instructions) | 1c |
| d | Medicaid waiver payments not reported on Form(s) W-2 (see instructions) | 1d |
| e | Taxable dependent care benefits from Form 2441, line 26 | 1e |
| f | Employer-provided adoption benefits from Form 8839, line 29 | 1f |
| g | Wages from Form 8919, line 6 | 1g |
| h | Other earned income (see instructions) | 1h |
| i | Nontaxable combat pay election (see instructions) ... 1i | |
| z | Add lines 1a through 1h | 1z |

Attach Sch. B if required.

| | | | | | |
|---|---|---|---|---|---|
| 2a | Tax-exempt interest .... 2a | | b | Taxable interest | 2b | 1 |
| 3a | Qualified dividends .... 3a | 13 | b | Ordinary dividends | 3b | 13 |
| 4a | IRA distributions ...... 4a | | b | Taxable amount | 4b | |
| 5a | Pensions and annuities ... 5a | | b | Taxable amount | 5b | |
| 6a | Social security benefits ... 6a | | b | Taxable amount | 6b | |
| c | If you elect to use the lump-sum election method, check here (see instructions) ☐ | | | | |

**Standard Deduction for-**
- Single or Married filing separately, $12,950
- Married filing jointly or Qualifying surviving spouse, $25,900
- Head of household, $19,400
- If you checked any box under Standard Deduction, see instructions.

| | | | |
|---|---|---|---|
| 7 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ☐ | 7 | 3,496 |
| 8 | Other income from Schedule 1, line 10 | 8 | (15,673) |
| 9 | Add lines 1z, 2b, 3b, 4b, 5b, 6b, 7, and 8. This is your **total income** | 9 | (12,163) |
| 10 | Adjustments to income from Schedule 1, line 26 | 10 | |
| 11 | Subtract line 10 from line 9. This is your **adjusted gross income.** | 11 | (12,163) |
| 12 | **Standard deduction or itemized deductions** (from Schedule A) | 12 | 12,950 |
| 13 | Qualified business income deduction from Form 8995 or Form 8995-A | 13 | |
| 14 | Add lines 12 and 13 | 14 | 12,950 |
| 15 | Subtract line 14 from line 11. If zero or less, enter -0-. This is your **taxable income** | 15 | 0 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.    Form **1040** (2022)

EEA

Client Copy

368a

105



# Internal Revenue Service
## United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

Request Date: 05-07-2024
Response Date: 05-07-2024
Tracking Number: 105948458748

Record of Account

FORM NUMBER: 1040          TAX PERIOD: Dec. 31, 2023

TAXPAYER IDENTIFICATION NUMBER:          XXX-XX-5094

LIN T STEP
8214 E

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:          0.00
ACCRUED INTEREST:         0.00          AS OF: May  13, 2024
ACCRUED PENALTY:          0.00          AS OF: May  13, 2024

ACCOUNT BALANCE
   PLUS ACCRUALS
   (this is not a
   payoff amount):       0.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:               01
FILING STATUS:            Married Filing Separate
ADJUSTED GROSS
   INCOME:                -11,948.00
TAXABLE INCOME:           0.00
TAX PER RETURN:           0.00
SE TAXABLE INCOME
   TAXPAYER:              0.00
SE TAXABLE INCOME
   SPOUSE:                0.00
TOTAL SELF
   EMPLOYMENT TAX:        0.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)  Apr. 15, 2024
PROCESSING DATE                                               May  13, 2024

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|----------------------------|-------|------|--------|
| 150  | Tax return filed<br>14211-517-34065-4 | 20241703 | 05-13-2024 | $0.00 |
| 460  | Extension of time to file tax return<br>ext. Date 10-15-2024 | | 04-05-2024 | $0.00 |

SSN Provided: XXX-XX-5094
Tax Period Ending: Dec. 31, 2023

**369a**



ORIGINAL

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

IN RE THE MARRIAGE OF: )
LINH TRAN STEPHENS, )
)
Appellant, )
)
v. ) No. 120,849
)
ADAM SYLVESTER STEPHENS, )
)
Appellee. )

FILED
SUPREME COURT
STATE OF OKLAHOMA

JAN 23 2023

JOHN D. HADDEN
CLERK

Rec'd (date) 1-23-23
Posted _____
Mailed _____
Distrib _____
Publish _____ yes X no

ORDER

Appellee's Motion to Dismiss Appeal for lack of an appealable order is granted in part, and denied in part. 12 O.S. 2021, §§ 952 & 953.

The motion to dismiss is granted as to the October 17, 2022 order awarding temporary child support in accordance with the temporary custody order and the October 31, 2022 order denying Appellant's objection and motion to recalculate. Such orders are interlocutory and not immediately appealable. *S.W. v. Duncan*, 2001 OK 39, ¶ 11, 24 P.3d 846. Moreover, the orders do not fall into any of the statutory or rule-based categories of orders appealable by right. *See* 12 O.S. 2021, §§ 952(b)(2), 993(A), and Rule 1.60, *Oklahoma Supreme Court Rules*, Tit. 12, ch. 15, App. 1. *See also Kantor v. Kantor*, 1994 OK 132, ¶ 2, 886 P.2d 480.

**More unlawful Order by lower court for RECORDS TO BE SEALED (01-17-2023)**

To the extent Appellant challenges the November 2, 2022 order sealing records, Appellee's motion to dismiss is denied. The order sealing records is the functional equivalent of an injunction, therefore the appeal of this order shall proceed

as an appeal from an order appealable by right. *Collier v. Reese*, 2009 OK 86, ¶ 11, 222 P.3d 966. *See* Rule 1.60(c), *Oklahoma Supreme Court Rules*, Tit. 12, ch. 15, App. 1.

Appellant will have the opportunity to seek review of the October 17, 2022 and October 31, 2022 orders upon a final adjudication of the parties' motions to modify custody filed in the district court case. Appellee's Objection to Appellant's Pauper's Affidavit is denied.  *Mother = Appellant*

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23RD DAY OF JANUARY, 2023.

_____
CHIEF JUSTICE

ALL JUSTICES CONCUR

-2-

**ORIGINAL**

## IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

IN RE THE MARRIAGE OF: )
LINH TRAN STEPHENS, )
                         )
      Appellant, )
                         )
v. )    No. 120,849
                         )
ADAM SYLVESTER STEPHENS, )
                         )
      Appellee. )

FILED
SUPREME COURT
STATE OF OKLAHOMA

JAN 23 2023

JOHN D. HADDEN
CLERK

Rec'd (date) 1-23-23
Posted _____
Mailed _____
Distrib _____
Publish _____ yes X no

### ORDER

Appellee's Motion to Dismiss Appeal for lack of an appealable order is granted in part, and denied in part. 12 O.S. 2021, §§ 952 & 953.

The motion to dismiss is granted as to the October 17, 2022 order awarding temporary child support in accordance with the temporary custody order and the October 31, 2022 order denying Appellant's objection and motion to recalculate. Such orders are interlocutory and not immediately appealable. *S.W. v. Duncan*, 2001 OK 39, ¶ 11, 24 P.3d 846. Moreover, the orders do not fall into any of the statutory or rule-based categories of orders appealable by right. *See* 12 O.S. 2021, §§ 952(b)(2), 993(A), and Rule 1.60, *Oklahoma Supreme Court Rules*, Tit. 12, ch. 15, App. 1. *See also Kantor v. Kantor*, 1994 OK 132, ¶ 2, 886 P.2d 480.

To the extent Appellant challenges the November 2, 2022 order sealing records, Appellee's motion to dismiss is denied. The order sealing records is the functional equivalent of an injunction, therefore the appeal of this order shall proceed

as an appeal from an order appealable by right. *Collier v. Reese*, 2009 OK 86, ¶ 11, 222 P.3d 966. *See* Rule 1.60(c), *Oklahoma Supreme Court Rules*, Tit. 12, ch. 15, App. 1.

Appellant will have the opportunity to seek review of the October 17, 2022 and October 31, 2022 orders upon a final adjudication of the parties' motions to modify custody filed in the district court case.  Appellee's Objection to Appellant's Pauper's Affidavit is denied.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23RD  DAY OF JANUARY, 2023.

_____
CHIEF JUSTICE

ALL JUSTICES CONCUR

-2-

Case 4:24-cv-00216-JDR-CDL   Document 7 Filed in USDC ND/OK on 05/23/24   Page 1 of 2

# United States District Court

### for the Northern District of Oklahoma

---

Case No. 24-CV-216-JDR-CDL

---

LINH TRAN STEPHENS,

*Plaintiff,*

*versus*

CHILD SUPPORT SERVICES OF OKLAHOMA DEPARTMENT OF
HUMAN SERVICES; *et al.*,

*Defendant.*

---

## ORDER

---

Before the Court is Plaintiff Linh Tran Stephens's motion for leave to proceed in forma pauperis. Dkt. 3. In reliance upon the representations and information set forth in the motion and supporting affidavit, Ms. Stephens is permitted to file and maintain this action to conclusion without prepayment of fees and costs. Ms. Stephens's motion to proceed in forma pauperis is GRANTED.

Ms. Stephens is advised that the court will dismiss all or part of the Complaint if it is determined that (A) the allegation of poverty is untrue; or (B) that the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief can be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Ms. Stephens has been given leave to proceed in forma pauperis, she is entitled to rely on the Court to effect proper service. *See Olsen v. Mapes*, 333 F.3d 1199, 1205 (10th Cir. 2003). The U.S. Marshal will effect service once Ms.

Case 4:24-cv-00216-JDR-CDL    Document 7    Filed in USDC NDOK on 05/23/24    Page 2 of 2

No. 24-CV-216

Stephens has submitted a complete summons, a U.S. Marshal Service form (form USM-285), and one copy of the complaint for each named defendant.

IT IS THEREFORE ORDERED that Ms. Stephens's motion for leave to proceed in forma pauperis [Dkt. 3] is GRANTED.

IT IS FURTHER ORDERED that within thirty (30) days of the entry of this Order, or by June 12, 2024, Ms. Stephens shall submit one completed summons, one completed U.S. Marshal Service form (form USM-285), and one copy of the complaint for each named defendant.

IT IS FURTHER ORDERED that the Clerk of Court shall send Plaintiff seven blank USM-285 forms for Ms. Stephens's use in complying with this Order. Ms. Stephens's address is set forth in the complaint. Dkt. 2 at 3.

IT IS FURTHER ORDERED that, upon receipt of the summonses and USM-285 forms, the U.S. Marshal Service is directed to perfect service upon the defendants in accordance with Federal Rule of Civil Procedure 4 and Oklahoma Statute title 12, section 2004.

DATED this 23rd day of May 2024.

JOHN D. RUSSELL
*United States District Judge*

2

# EXHIBIT #4
# (1 page)

Case 4:25-cv-00285-GKF-MTS   Document 2-1   Filed 06/06/25   Page 33 of 35

# ORDER OF RELEASE FROM CUSTODY



*1 0 5 8 2 8 7 1 5 7 *

TO THE SHERIFF OF TULSA COUNTY, STATE OF OKLAHOMA, it is ordered that said defendant be released, if in your custody for no other cause, immediately upon receipt of this order:

Last name, first, middle, suffix (please print) (show alias')

Stephens, Linh Tran                    1282383 *

| WARRANT/CASE NUMBER | REASON FOR RELEASE | DESCRIPTION OF CHARGE/CLARIFICATION OF COUNTS |
|---|---|---|
| FD-15-2228 | Time served | Indirect contempt |
| | | |

DISTRICT COURT
**FILED**

MAR 28 2024

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**APPENDIX C**

☐ ELECTRONIC MONITOR REQUIRED BEFORE RELEASE

In and for the District Court of Tulsa County, State of Oklahoma, witness my hand this the ___ day of _March_, 20___.

DON NEWBERRY, DISTRICT COURT CLERK
TULSA COUNTY, OKLAHOMA

Division/Court _Family/Judi Leitch_

By _____

Deputy Court Clerk
(Court Seal)

**APPENDIX C**

Received by: _____
Deputy Sheriff

Received by: _____ 1511
JAIL

Form 5421 (Rev. 1-17)

**EXHIBIT #5
(1 page)**

20:51  oscn.net

**PRIVATE ARRAIGNMENT** OF LINH TRAN STEPHENS HELD ON THE RECORDER. COURT ENTERS A PLEA OF NOT GUILTY AND THE PETITIONER REQUESTS A JURY TRIAL. PRETRIAL CONFERENCE SET FOR MAY 2, 2025 AT 9:00 AM BEFORE JUDGE LORETTA RADFORD IN COURTROOM 605. PETITIONER RECOGNIZED BACK.

Special judge practicing law from bench as my attorney without my consent and overruling my repeated objections—witnessed by room fulls of lawyers

JURY TRIAL FEE'S MUST BE PAID PRIOR TO PRETRIAL CONFERENCE OR THE COURT MAY PROCEED WITH AN NON JURY TRIAL ON THAT DATE. Judge ignored pauper affidavit financially indigency

03-17-2025

MOTION TO DISMISS/RESPONSE TO PETITIONER'S "NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT RE: STATE OF OKLAHOMA VS. LINH TRAN STETPEHNES FOR CONTEMPT OF COURT FOR FRAUDULENTLY-ALLEGED-AND-UNVALIDATED DEBT, AND ALL CASES RELATED TO LINH INCLUDING FD-2015-2228 AND JD-2021-270, ETC"

prosecutor OKDHS CSS filed motion in limine for them being the prosecutor to BLOCK OUT exculpatory EVIDENCE. That motion is for me the Defendant of Contempt proceedings to block out Prejudicial evidence and they using it to block out exculpatory evidence (truthful evidence that sets me Defendant free CORRUPT MUCH?

Document Available (#1061157102) TIFF PDF

03-24-2025

DEPARTMENT OF HUMAN SERVICES' MOTION IN LIMINE

Document Available (#1061157899) TIFF PDF

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

LINH TRAN STEPHENS,                    )
                                       )
      Plaintiff,                     )
                                       )
vs.                                    )        Case No. 25-CV-285-GKF-MTS
                                       )
STATE OF OKLAHOMA, et al.              )
                                       )
      Defendants.                    )


**MOTION AND BRIEF TO DISMISS WRIT OF HABEAS CORPUS AND COMPLAINT BY DEFENDANT'S DAVID L. MOSS CORRECTIONAL CENTER, SHERIFF VIC REGALADO AND DEPUTY SHERIFF JACOB WILLIAMSON**

COME NOW the Defendants David L. Moss Correctional Center, Sheriff Vic Regalado ("Regalado"), in his individual and official capacity, and Deputy Jacob Williamson ("Williamson"), in his individual and official capacity, (hereinafter collectively referred to as the "TCSO" defendants) by and through James D. Dunn, General Counsel for the Sheriff's Office[1], and moves to this Court to dismiss Plaintiff's Complaint against them pursuant to 28 U.S.C. § 2254, Fed.R.Civ.P. Rules 8, and 12(b)(1) & (6) as the defendant is not "in custody" for purposes of 22 U.S.C. § 2253. The David L. Moss Correctional Center is not a proper party to this litigation as it is not an entity capable of being sued. This Court does not have subject matter jurisdiction over Plaintiff's claims as they pertain to a domestic relations matter. Further, Plaintiff's complaint is anything but "a short and plain state of the claim showing that the pleader is entitled to relief."

---

[1] 19 O.S. § 527(A) states: "[t]he sheriff, treasurer or assessor in a county shall have the authority to employ a general counsel, either in-house as a staff attorney or through an outside law firm, to advise or represent that officer and his or her office in the performance of the official duties of that office. The Board of County Commissioners shall approve all contracts for outside counsel. A general counsel employed pursuant to this section shall be compensated from the funds of the employing county office.

1

Fed.R.Civ.P. Rule 8(1)(2)  Additionally, this Court should abstain from asserting jurisdiction as to Plaintiff's requests for equitable and declaratory relief pursuant to the *Younger* abstention doctrine. Finally, defendants Regalado and Williamson are immune from liability.

## I.    BACKGROUND

This matter emanates from lengthy domestic proceedings held in Tulsa County District Court case number FD-2015-2228, and related cases PO-2017-3292, PO-2021-3843, PO-2021-4059, SC-2023-956, CJ-2023-1901, PO-2023-4019, CV-2024-1311, and related Oklahoma appellate cases, DF-120612, CI-120847, DF-120847, DF-120848, DF-120849, DF-121149, PR-121200, DF-121254, MA-121255, DF-121851, DF-122022, MA-122445, and MA-122859.[2]  In addition to the present case, Plaintiff has previously filed cases 23-cv-553, and 24-cv-216, 24-cv-259, and 25-CV-285 in this Court.

In this specific case, in addition to asserting numerous claims pursuant to 42 U.S.C. § 1983, Petitioner also brings an action pursuant to 28 U.S.C. § 2254 requesting this Court to grant her request for a writ of habeas corpus with respect to a warrant of arrest issued by Judge Lorretta Radford of the Tulsa County District Court for the Plaintiff's non-compliance with the court's orders.  See *Docket Sheet, Tulsa County Case Number FD-2015-2228, 05/02/2025 Court minute.*

## II.    ARGUMENTS AND AUTHORITIES

### A.   PETITIONER'S WRIT OF HABEAS CORPUS SHOULD BE DISMISSED FOR LACK OF JURISDICTION AS PETITIONER IS NOT IN CUSTODY

---

[2]These cases are available on OSCN by going to https://www.oscn.net/dockets/ , selecting either Tulsa County District Court or Appellate Courts, and entering the corresponding case number. This Court may take judicial notice of the state court records in Plaintiff's custody and support proceedings for purposes of this Motion to Dismiss.  *See Sizova v. Nat. Institute of Standards & Technology,* 282 F.3d 1320, 1324 (10th Cir. 2002) (on challenge to jurisdiction, court may review affidavits and other documents; and *Hartlieb v. Weiser Law Firm, P.C.,* 861 Fed.Appx. 714, 719 (10th Cir. 2021) (on failure to state a claim, court may review the public record referenced in the Complaint central to plaintiff's claim).

Petitioner requests the following relief in her complaint:

> "Issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 directing Defendants to show cause why Plaintiff should not be released from the restraint on her liberty imposed by the void default judgment;"

Complaint at 52, (¶1), Doc. 2.

In order to bring a habeas action, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 thus requires the petitioner to be "in custody" under the conviction or sentence he seeks to attack at the time his petition is filed. *Carafas v. LaValle,* 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). When a prisoner's sentence has fully expired, he is not "in custody" as required by § 2241, and "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Maleng v. Cook,* 490 U.S. 488, 491-92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

In *Weston v. Woodward*, 34 F. App'x 613, 615 (10th Cir. 2002), the Petitioner Weston filed a Petition for Writ of Habeas Corpus after he was found in contempt for failure to provide child support. The Tenth Circuit determined that other courts in analogous circumstances had concluded federal district courts lack habeas jurisdiction over a defendant released from custody after serving a sentence for civil contempt for failure to pay child support. *Id.* at 615, citing *Puchner v. Kruziki,* 111 F.3d 541, 543–44 (7th Cir.1997).

Here, the Petitioner was released from custody for "time-served" on March 26, 2024 by order of Judge Deborah Ludi-Leitch. *See* Petitioner's "Exh. C," Pg. 33, Doc. 2-1. Since Plaintiff is no longer in custody, she cannot maintain a writ of habeas corpus pursuant to 22 U.S.C. § 2254.

B. PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND SHOULD THEREFORE BE DISMISSED

3

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Century Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989)  The requirements of Fed.R.Civ.P. 8 are designed to meet those purposes. *See TV Communication Network, Inc. v. ESPN, Inc.,* 767 F.Supp. 1062, 1069 (D.Colo. 1991), *aff'd,* 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, …(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Plaintiff's vague and unintelligible Complaint violates Rule 8.

In addition to her writ of habeas corpus action, plaintiff asserts ten separate claims, nine of which are asserted as to all defendants.  Plaintiff's Complaint is unnecessarily verbose, vague, and confusing.  Plaintiff fails to present her claims in a format that allows the Court and the Defendants to know precisely what claims are being asserted against each of the defendants.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.,* 967 F.2d 1197, 1203 (8th Cir.1992); *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir. 1969). *See also Uribe v. Ramser,* Case No. 3:22-cv-637-CHB, 2023 WL 3175440, *5 (W.D. Mo. June 8, 2020) (excessive complaint, which was "replete with unnecessary adjectives and overly specific descriptions, unnecessarily complicates the basic issue," dismissed without prejudice as violating Rule 8); *America v. New York Passport*

4

*Center,* Case No. 91 Civ. 2731 (MJL), 1991 WL 258763, *2 (S.D.N.Y. Nov. 27, 1991 ('rambling, vague and largely incomprehensible" prolix complaint that failed to provide a statement of claims to which defendants can reasonably expect to respond, [and] fail[ed] to state any discernable claims at all" dismissed without prejudice under Rules 8 and 12).

Plaintiff's vague and generalized allegations violate Fed.R.Civ.P. Rule 8.  Plaintiffs must allege simply and concisely their specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated their rights.  To state a claim in federal court, Plaintiffs "must explain what each defendant did to [them]; when the defendant did it; how the defendant's action harmed [them]; and what specific legal right the plaintiff[s] believe[ ] the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that pro se pleadings must construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer,* 425 F. 3d 836, 840 (10th Cir. 2005).

The Plaintiff has chosen the proverbial "shotgun" method of pleading her case listing as many claims as possible and more than 80 defendants potentially liable as to each.  This Court should not approve of such a tactic and should dismiss Plaintiff's Complaint consistent with Rules 8, 12(b)(6) and 41(b) of the Fed.R.Civ.P. as to the Tulsa County defendants.

C. THE DAVID L. MOSS CORRECTIONAL FACILITY IS NOT AN ENTITY CAPABLE OF BEING SUED

The David L. Moss Correctional Center is not a proper party to this case. Courts in this Circuit have repeatedly determined that local police departments and correctional facilities do not have legal identities apart from the municipalities or counties that they serve. *See, e.g., Henry v. Albuquerque Police Dep't,* 49 F.App'x. 272, n.1 (10th Cir. 2002) (unpublished); *Ketchum v.*

*Albuquerque Police Dep't*, No. 93-2200, 1992 WL 51481 (10th Cir. Mar. 12, 1992) (unpublished); *Witmer v. Grady County Jail*, No. CIV-10-796-D, 2011 WL 4588910, *2 (Apr. 7, 2011) (unpublished) (dismissing county jail as it was not a legal entity capable of being sued). Accordingly, the David L. Moss Criminal Justice Center should be dismissed from this suit. *Moran v. Unknown Nurse #1*, No. 13-CV-413-JED-FHM, 2015 WL 9593622, at *2 (N.D. Okla. Dec. 31, 2015).

### D.  THIS COURT LACKS JURISDICTION OVER PLAINTIFF"S CLAIMS

Federal courts lack jurisdiction over domestic-relations cases.  *See Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (holding that federal courts lack power "to issue divorce, alimony, and child[-]custody decrees"); *Hunt v. Lamb,* 427 F.3d 725, 727 (10th Cir. 2005) (holding that district court lacked jurisdiction over child-custody dispute.) The "domestic relations exception" prohibits federal district courts from re-opening, reissuing, correcting, or modifying an order in a domestic-relations case. *Leathers v. Leathers,* 856 F.3d 729, 756 (10th Cir. 2017).

In addition to her prayer for a writ of habeas corpus, the Plaintiff brings separate causes of action against the TCSO defendants for a variety of claims arising out of 42 U.S.C. § 1983 along with the Americans with Disabilities Act, 42 U.S.C. § 12132 as well as several other claims. *See* Complaint, pg. 2, ¶ 8, Doc. 2.  Re-opening, modifying and re-issuing the divorce decree, child custody orders, and child-support orders are prohibited by the "domestic-relations exception" applicable to the federal courts in relation to state court domestic proceedings.  Therefore, this Court is without jurisdiction to grant Plaintiff's requested relief and Plaintiff's complaint should be dismissed.

6

E.  THIS COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR EQUITABLE AND DECLARATORY RELIEF BASED ON THE *YOUNGER* ABSTENTION DOCTRINE

The *Younger* abstention doctrine recognizes that principles of equity and comity require federal courts to refrain from exercising federal jurisdiction over certain cases when doing so would cause undue interference in on-going state-court proceedings. *See Younger v. Harris, 401 U.S. 37, 41 (1971). See Morrow v. Winslow,* 94 F.3d 1386, 1392 (10th Cr. 1996) (discussing *Younger* and its application in civil proceedings).

Although this abstention doctrine is mandatory, its applicability is circumscribed. "[T]he possibility of *Younger* abstention is triggered *only when* the state proceeding falls into one of the following categories: '(1) state criminal prosecutions, (2) civil enforcement proceedings [that take on a quasi-criminal shape], and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function.'" *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.,* 98 F.4th 1307, 1317 (10th Cir. 2024) (alteration in original) (quoting *Graff v. Aberdeen Enterprizes, II, Inc.* 65 F.4th 500, 522 (10th Cir. 2023)). *See also Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 79 (2013). A court may evaluate the propriety of abstaining if-and only if-a case falls within one of these three enumerated categories. *Travelers Cas. Ins.,* 98 F.4th at 1317.

This case passes threshold inquiry of *Travelers Casualty* because it involves orders that are uniquely in furtherance of the Oklahoma courts' ability to perform their judicial functions. The Plaintiff's requests for relief either expressly seek the vacation of certain orders entered by the State court or implicitly require the vacation of orders entered by the State court in the divorce proceedings. Because these claims arise of, relate to, and exist only because of the state-court proceedings, they involve orders that are "uniquely in furtherance" of the Oklahoma state courts'

7

ability to perform the important, state-specific function of addressing family and custody disputes." *Travelers Cas. Ins.,* 98 F.4th at 1317 (citation and quotation marks omitted). *See Gibson v. Lopez,* No. 21-cv-02610-WJM-NYW, 2022 WL 2158986, at *5, *6 (D. Colo. June 15, 2022) (concluding that the plaintiff's challenge to the "state's efforts to collect child support payments from him" fell within the third category of exceptional cases).

Courts utilize a three-part inquiry when evaluating the propriety of abstaining under the *Younger* abstention doctrine: A court "must abstain from exercising jurisdiction when: (1) there is an ongoing state …proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Chapman v. Barcus,* 372 F.App'x 899, 901 (10th Cir. 2010) (quoting *Amanatullah v. Colo. Bd. Of Med. Exam'rs,* 187 F.3d 1160, 1163 (10th Cir. 1999). If these factors weigh in favor of abstention, the federal court must dismiss any claims for injunctive and declaratory relief without prejudice, while staying claims for monetary damages. *Id.* at 902.

The three requirements for *Younger* abstention are satisfied in this case. First, there can be no dispute that Plaintiff seeks relief from an active, ongoing state action. The Tulsa court will continue to exercise jurisdiction over the domestic relationships in that case during the years to come. *Gibson,* 2022 WL 2158986, at *5, *6 (holding that the plaintiff's efforts to challenge child-support collections were borne out of an ongoing domestic relations dispute.)

The second requirement-the adequacy of the state forum-is likewise satisfied. "American jurisprudence is unwavering in holding that domestic matters are the purview of state courts, and federal courts do not attend matters of domestic relations outside of extraordinary circumstances." *Wiland,* 2024 WL 4271570, at *2. Claims concerning child custody, such as Plaintiff's, are "best

left to their traditional form where there is the infrastructure to handle them: state court." *Id.*; *see Gibson, 2022 WL 2158986,* at *6 (concluding the state-court forum was adequate based, in part, on the plaintiff's decision to raise issues related to his support obligations in that forum); *Wiland,* 2024 WL 4271570, at *2 (concluding that the second and third *Younger* factors are congruent, and that the third factor clearly favored abstention because legal proceedings involving child custody are "textbook issues for state courts.")

All the *Younger* factors weigh in favor of abstention. Therefore, abstention is mandatory, and this Court should dismiss Plaintiff's claims for equitable and declaratory relief.

F. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS DEFENDANT'S REGALADO AND WILLIAMSON ARE IMMUNE FROM LIABILITY BASED ON QUALIFIED AND/OR ABSOLUTE QUALIFIED IMMUNITY

1. PLAINTIFF'S "OFFICIAL CAPACITY" CLAIMS AGAINST SHERIFF REGALADO AND DEPUTY WILLIAMSON ARE CLAIMS AGAINST THE COUNTY

Plaintiff's claims against Sheriff Regalado and Deputy Williamson in their official capacity are claims against the county. *See Pellegrino v. State ex rel. Cameron University ex rel. Board of Regents of State*, 2003 OK 2, ¶ 5, 63 P.3d 535, 537 ("A suit against a governmental officer in his or her 'official capacity' is the same as a suit against the entity that the officer represents, and is an attempt to impose liability upon that entity"). *See also Speight v. Presley*, 2008 OK 99, ¶ 20, 203 P.3d 173 ("Suit against a government officer in his or her official capacity is actually a suit against the entity that the officer represents and is an attempt to impose liability upon the governmental entity. Therefore, Plaintiff's claims naming Regalado and Williamson as Defendants in their official capacity must be dismissed.

2. DEFENDANT'S REGALADO AND WILLIAMSON ARE IMMUNE FROM LIABILITY BASED ON QUALIFIED AND/OR ABSOLUTE QUALIFIED IMMUNITY

9

The Tenth Circuit has consistently held that officials, including deputy sheriffs, charged with executing facially valid court orders are entitled to absolute quasi-judicial immunity. *Moss v. Kopp*, 559 F.3d 1155, 1163 (2009).  This principle is rooted in the need to ensure that such officials can perform their duties without fear of litigation. In *Moss*, the court stated, "[j]ust as judges acting in their judicial capacity are absolutely immune from liability under section 1983, 'officials charged with the duty of executing a facially valid court order enjoy absolute immunity from liability for damages in a suit challenging conduct prescribed by that order.'" *Id*. Similarly, in *Valdez v. City and County of Denver*, 878 F.2d 1285 (10th Cir. 1989) the court emphasized that this immunity applies to officials executing orders that are facially valid, even if the orders are later determined to be erroneous (*Reid v. Pautler*, 36 F.Supp.3d 1067 (2014)).

"The Supreme Court has recognized not only the absolute civil immunity of judges for conduct within their judicial domain, but also the 'quasi-judicial' civil immunity of prosecutors, grand jurors, witnesses, and agency officials, for acts intertwined with the judicial process." *Valdez*, 878 F.2d at 1287 (citations omitted), *footnoting Tripati v. United States Immigration and Naturalization Serv.*, 784 F.2d 345, 347–48 (10th Cir. 1986), *cert. denied*, 484 U.S. 1028, 108 S.Ct. 755, 98 L.Ed.2d 767 (1988) (in which the Tenth Circuit extended absolute immunity to probation officers).  In this regard, the Tenth Circuit recognized that "the power to execute judicial decrees is no less an important and integral part of the judicial process than the roles of those officials previously afforded absolute immunity." *Valdez,* 878 F.2d at 1287-88.

**"[T]he unhesitating execution of court orders is essential to the court's authority and ability to function" and is one of the great benefits derived by the court "from the existence of quasi-judicial immunity for officers carrying out its orders."** *Moss v. Kopp*, 559 F.3d 1155, 1165 (10th Cir. 2009) (emphasis added).  The Tenth Circuit in *Valdez*, citing the First, Second,

10

Third, Fourth, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits, observed that its "sister circuits addressing the question likewise agree with virtual unanimity that court officers sworn to execute court orders are shielded by absolute immunity in the performance of their duty." *Valdez*, 878 F.2d at 1288.

In addition [t]he qualified-immunity doctrine protects public employees from both liability and 'from the burdens of litigation' arising from their exercise of discretion." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quoting *Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1266 (10th Cir. 2013). "When a defendant raises the qualified-immunity defense, the onus is on the plaintiff to demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Cummings*, 706 F.3d at 1239 (quotation marks and citations omitted). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Lane v. Franks*, 134 S. Ct. 2369, 2381, 189 L. Ed. 2d 312 (2014) (internal quotations and citations omitted). "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged ... make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (internal quotations and citations omitted). Courts have discretion to determine which of the two prongs to address first based on the circumstances of the case. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818, 172 L.Ed. 2d 565 (2009).

Plaintiffs' allegations fail to identify what statutory or constitutional right or rights Defendants Regalado and Williamson have allegedly violated, much less that such right was

11

"clearly established." Additionally, when the Sheriff and/or his deputies carry out the orders of the Court, such actions are entitled to absolute qualified immunity.

## III.   CONCLUSION

WHEREFORE, based on the foregoing, the TCSO defendants respectfully request an Order of this Court denying Petitioner's writ of habeas corpus and dismissing Plaintiffs' Complaint.

Respectfully submitted,


/s/        James D. Dunn
   James D. Dunn, OBA#16829
   General Counsel
   Tulsa County Sheriff's Office
   6080 E. 66th Street North
   Tulsa, OK  74117
   (918) 596-8704
   jdunn@tcso.org
   *Attorney for David L. Moss Correctional Center,*
   *Sheriff Vic Regalado, Deputy Jacob R. Williamson*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of August 2025, I cause a true and correct copy of this

document to be placed in the United States mail, first class postage fully pre-paid, addressed to:

Linh Tran Stephens
1964 Ashley River Road, Ste. B, Unit 80112
Charleston, SC  29407


/s/     James D. Dunn
James D. Dunn

13

128

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LINH TRAN STEPHENS, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  CV-25-285-GKF-MTS** |
| | ) | |
| **STATE OF OKLAHOMA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION TO DISMISS OF DEFENDANT OKLAHOMA DEPARTMENT OF HUMAN
SERVICES AND OKLAHOMA DEPARTMENT OF HUMAN SERVICES CHILD
<u>SUPPORT DIVISION AND BRIEF IN SUPPORT</u>**

**John K.F. Langford (OBA #21012)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK  73125-0352
Telephone:  (405) 521-3638
E-mail: John.Langford@okdhs.org**

*Attorney for Defendants DHS and DHS/CSS.*

*August 5, 2025*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES  ........................................................................  ii

MOTION TO DISMISS AND BRIEF IN SUPPORT  ........................................................  1

I.    STATEMENT OF THE CASE  .....................................................................  1

II.   ARGUMENT AND AUTHORITIES  ...............................................................  3

    A.    Motion to Dismiss Standard for Lack of Subject Matter
        Jurisdiction  .........................................................................  3

    B.    Standard for Dismissal for Failure to State a Claim ....................................3

    C.    Plaintiff Wholly Failed to Comply With Rule 8  .......................................  4

    D.    Plaintiff's Complaint and Petition for Writ of Habeas Corpus is
        Subject to Dismissal Under Fed. R. Civ. P. 12(b)(1)
        Due to Eleventh Amendment Sovereign Immunity ...............................  6

    E.    The *Rooker-Feldman* Doctrine Warrants Dismissal.................................  9

    F.    *Younger* Abstention ...............................................................  12

    G.    Plaintiff's Complaint and Petition for Writ of Habeas Corpus
        Fails To State a Claim Upon Which Any Relief Can Be Granted
        Against OAH/DHS Under 42 U.S.C. §§ 1983, 1985 .................................14

    H.    Plaintiff Has Failed To State A Claim.................................................15

    I.    Plaintiff's Lawsuit Is Untimely .....................................................15

    J.    Plaintiff Is Not In Custody .........................................................17

  III.   CONCLUSION  ...................................................................................19

CERTIFICATE OF SERVICE  ........................................................................  19

**TABLE OF AUTHORITIES**

**Page**

**CASES**

**Federal**

*Alabama v. Pugh*,
   438 U.S. 781 (1978) ......................................................................................................7

*Alexander v. Oklahoma,*
   382 F.3d 1206, 1215 (10th Cir. 2004) .......................................................................16

*Alfaro v. Cnty. of Arapahoe*,
   766 Fed. Appx. 657, 660–61 (10th Cir. 2019)............................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662, 663-64 (2009) .......................................................................................3

*Bd. of Trustees of Univ. of Ala. v. Garrett*,
   531 U.S. 356, 148 L. Ed. 2d 866, 121 S. Ct. 955 (2001)............................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 570 (2007)........................................................................................3, 15

*Charchenko v. City of Stillwater*,
   47 F.3d 981, 983 (8th Cir. 1995) ...............................................................................10

*Ciralsky v. C.I.A.*,
   355 F.3d 661, 671 (D.C. Cir. 2004).............................................................................5

*Crown Point I Ltd. Liab. Co. v. Intermountain Rural Elec. Ass'n*,
   319 F.3d 1211, 1215 (10th Cir. 2003) ........................................................................12

*Facio v. Jones*,
   929 F.2d 541, 543 (10th Cir. 1991) ...........................................................................10

*Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association,*
   450 U.S. 147, 150 (1981) .........................................................................................6, 7

*Garrett v. Selby Connor Maddux & Janer*,
   425 F.3d 836, 840, 62 Fed. R. Serv. 3d 1019, (10th Cir. 2005) ...................................5

*Harris v. Champion*,
   51 F.3rd 901, 905-06 (10th Cir. 1995) .......................................................................15

ii

*Holt v. U.S.,*
46 F.3d 1000, 1002 (10th Cir. 1995) ...............................................................................3

*Howlett v. Rose,*
496 U.S. 356, 367, 110 S. Ct. 2430, 2438 (1990).......................................................13, 15

*Huffman v. Pursue, Ltd.,*
420 U.S. 592, 603-04, 95 S. Ct. 1200, 1208 (1975) ..............................................13

*Joseph A. v. Ingram,*
275 F.3d 1253, 1259 (10th Cir. 2002) ...........................................................................8

*Kiowa Indian Tribe of Oklahoma v. Hoover,*
150 F.3d 1163, 1169 (10th Cir. 1998) ...........................................................................9

*LaFavre v. Kansas ex rel. Stovall,*
6 Fed. Appx. 799, 805 (10th Cir. 2001)........................................................................8

*Mann v. Boatright,*
477 F.3d 1140, 1148 (10th Cir. 2007) ......................................................................4, 5

*Martin v. Kansas,*
190 F.3d 1120, 1126 (10th Cir. 1999) ...........................................................................8

*McKinney v. State of Oklahoma,*
925 F.2d 363, 365 (10th Cir. 1991)...............................................................................15

*Mondragon v. Thompson,*
519 F.3d 1078, 1082 (10th Cir. 2008) .........................................................................15

*Moore v. Sims,*
442 U.S. 415, 435, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979)......................................13

*Morrow v. Winslow,*
94 F.3d 1386, 1397 (10th Cir. 1996) ...........................................................................13

*Muscogee (Creek) Nation v. Oklahoma Tax Comm'n,*
611 F.3d 1222, 1227 (10th Cir. 2010) ...........................................................................7

*Nielsen v. Price,*
17 F.3d 1276, 1277 (10th Cir.1994) .............................................................................5

*Ogden v. San Juan Cnty.,*
32 F.3d 452, 455 1994 WL 401467 (10th Cir. 1994) ..............................................5

*Ohio Nat'l Life Ins. Co. v. U.S.,*
922 F.2d 320, 325 (6th Cir. 1990) ...............................................................................3

iii

*Ridge at Red Hawk, L.L.C. v. Schneider*,
   493 F.3d 1174, 1177 (10th Cir. 2007) ..................................................................4

*Robbins v. State of Oklahoma, ex rel. Dept. of Human Services*
   519 F.3d 1242, 1247-48 (10th Cir. 2008) ............................................................ 4

*Pennhurst State School & Hospital v. Halderman*,
   465 U.S. 89, 100, (1984) .....................................................................................6

*Phillips v. Martin*,
   535 F. Supp. 2d 1210, 1215-16 (D. Kan. 2008)..................................................14

*Port Authority Trans-Hudson Corp. v. Feeney*,
   495 U.S. 299, 305-06 110 S. Ct. 1868, 1873, 109 L. Ed. 2d 264 (1990) .......................................8

*Tso v. Murray*,
   760 F. App'x 564, 567-68 (10th Cir. 2019) .......................................................9

*Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*,
   577 F.3d 1255, 1258 (10th Cir. 2009) ................................................................7

*Watts v. Thiel*,
   06-3251-SAC, 2007 WL 1466826, at *1 (D. Kan. May 18, 2007) .........................................18

*Will v. Michigan Dept. of State Police*,
   491 U.S. 58 (1989);..............................................................................14, 15

*Wright v. Oklahoma Cnty.*,
   CIV-20-00346-JD, 2020 WL 8335672, at *6–7 (W.D. Okla. Aug. 31, 2020) .........................12

## STATE

*City of Sand Springs v. Department of Public Welfare*,
   608 P.2d 1139 (Okla. 1980) ................................................................................6

*Barrios v. Haskell Cty. Pub. Facilities Auth.*,
   2018 OK 90, 432 P.3d 233..................................................................................16

*Gurley v. Memorial Hospital of Guymon*,
   1989 OK 34, 770 P.2d 573, 576..........................................................................16, 17

*Hall v. GEO Grp., Inc.*,
   2014 OK 22, ¶ 13, 324 P.3d 399, 404..................................................................17

iv

## STATUTES

### Federal

U.S. Const. amend. XI ..................................................................................................7

42 U.S.C. §§601-619 ....................................................................................................2

42 U.S.C. § 1983............................................................................................................15

Part A of Subchapter IV of Chapter 7 of Title 42 ........................................................2

Fed .R. Civ. Proc. 8 ...................................................................................................... 4

Fed .R. Civ. Proc. 8(a) ................................................................................................ 4, 5

Fed .R. Civ. Proc. 8(d) ................................................................................................ 5

Fed .R. Civ. Proc. 8(d)(1) ........................................................................................... 4

Fed. R. Civ. P. 8, 12(b)(1) ........................................................................................... 1, 3

Fed .R. Civ. Proc. 12(b)(6) .......................................................................... 1, 3, 4, 5, 6

### State

Okla. Const., Art. 25 § 1 ............................................................................................. 6

Okla. Const., Art. 25 § 2 ............................................................................................. 6

12 O.S. §95(A)(3) .........................................................................................................16

12 O.S. § 1171.3(G)(1) .................................................................................................2

43 O.S. § 112(E) ..........................................................................................................13

43 O.S. § 115 (A)..........................................................................................................2

43 O.S. § 137 ..............................................................................................................3

51 O.S. §151, *et seq.*...................................................................................................... 16

51 O.S. §152.1(A)..........................................................................................................16

51 O.S. §152.1(B)..........................................................................................................8, 16

v

51 O.S. §153 ........................................................................................................16

51 O.S. §153(A) ...................................................................................................16

51 O.S. §153(B) ...................................................................................................16

51 O.S. §156 ...................................................................................................16, 17

51 O.S. § 157(B) ..................................................................................................17

51 O.S. §171 ........................................................................................................16

56 O.S. §§162.1a ...................................................................................................6

56 O.S. §§162.1(a) .................................................................................................6

56 O.S. § 237(A) ...................................................................................................2

56 O.S. § 237(B)(2) ...............................................................................................2

56 O.S. § 237(C)(3). ..............................................................................................2

vi

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| Linh Tran Stephens, an individual, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: CV-25-285-GKF-MTS** |
| | ) | |
| State of Oklahoma, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**Motion To Dismiss of Defendant Oklahoma Department Of Human Services And
Oklahoma Department Of Human Services Child Support Division And Brief In Support**

Defendants Oklahoma Department Of Human Services and Oklahoma Department of Human Services Child Support Division (hereinafter "DHS" and/or "CSS") respectfully move the Court to dismiss this action pursuant to Rule 8, 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reasons stated in the following brief.

**I. Statement Of The Case**

Plaintiff and the father of her child were married in Arizona in 2012. Plaintiff initiated divorce proceedings in Oklahoma in 2015 while both parties lived in Tulsa, Oklahoma. Despite the initiation of the divorce proceedings in Oklahoma in 2015, a separate divorce proceeding was finalized between the parties in Oregon in 2016 and was later registered in the District Court of Tulsa County, Case No. FD-2015-2228. Throughout the following years various filings regarding custody, child support obligations and quantifications, and protective orders were litigated. In June of 2022, Father was granted emergency physical custody of the child, and the trial court held a hearing on the matter of child support. The trial court considered evidence presented by the parties and issued the Child Support Order on October 17, 2022. Plaintiff was ordered to pay child support

Page **1** of **19**

136

in the amount of $827.56 a month, beginning on November 1, 2022. One month later Father filed an Application for Indirect Contempt Citation-Child Support.

Jury trial for the indirect contempt was held February 6-7, 2024 and Plaintiff was found guilty. Plaintiff appealed this decision, raising fourteen points of error - which included the same allegations Plaintiff has raised in this lawsuit. The jury trial verdict of guilt was affirmed by the Oklahoma Court of Civil Appeals, in case number 122,022 on March 7, 2025. Plaintiff then filed a petition for writ of certiorari to the Oklahoma Supreme Court and this was denied on June 16, 2025, with mandate issued on July 10, 2025. Accordingly, it is now settled that the child support order Plaintiff complains about and her concomitant guilt of indirect contempt have achieved finality.

Cast against this backdrop, Part A of Subchapter IV of Chapter 7 of Title 42[1] of the United States Code requires every state to designate a single state agency to administer a statewide plan for child support services, and the State of Oklahoma has authorized OKDHS as that agency.[2] This plan provides that when OKDHS Child Support Services (CSS) are expended and child support payments are ordered by the court, <u>such payments shall be paid to CSS by an immediate income assignment</u>.[3] In Plaintiff's child support case, CSS was and remains a necessary party because OKDHS continues to provide services to Plaintiff's minor child. Further, in order to efficiently oversee the implementation of the State of Oklahoma's Child Support plan, CSS was granted authorization to adopt rules for child support services.[4] In the underlying Tulsa County District Court Case/CSS Case DHS, by and through CSS, is handling the child support case.

Plaintiff's claims are nothing more than a thinly veiled attempt to have this this honorable Court enter an order refunding and enjoining the collection of past due (which are judgments as a

---

[1] 42 U.S.C. §§601-619.
[2] 56 O.S. § 237(A).
[3] 12 O.S. § 1171.3(G)(1), 43 O.S. § 115 (A), 56 O.S. § 237(C)(3).
[4] 56 O.S. § 237(B)(2).

matter of law[5] and not "consumer debt" as Plaintiff appears to believe), current, and future child support payments thereby vacating and holding for naught the lawful child support orders entered in the CSS Case and Tulsa County Case as well as the guilty verdict entered by a jury in the contempt action arising from her failure to pay due and proper child support. The foregoing in mind, it would thus be no understatement to say it is undeniable that the subject child support orders are wholly integral to Plaintiff's claims herein just as it is ineluctable that Plaintiff's Complaint and Petition for Writ of Habeas Corpus are irreparably flawed and must be dismissed.

## II. Argument and Authorities

### A. Motion to Dismiss Standard for Lack of Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is in the form of "a facial attack." *Holt v. U.S.,* 46 F.3d 1000, 1002 (10th Cir. 1995). A "facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. U.S.,* 922 F.2d 320, 325 (6th Cir. 1990)). If a court determines it has been deprived of subject matter jurisdiction, then such court must dismiss the complaint pursuant to Rule 12(b)(1). Defendants contend that this Court is without jurisdiction over Plaintiff's suit because it was brought in derogation of the Eleventh Amendment and the sovereign immunity of the State of Oklahoma. Accordingly, the claims should be dismissed pursuant to Rule 12(b)(1).

### B. Standard for Dismissal for Failure to State a Claim

Defendant also contends Plaintiff has failed to state a claim for relief. "To survive a motion to dismiss [for failure to state a claim under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[5] *See, inter alia,* 43 O.S. § 137.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly* at 556). Under this standard, the Tenth Circuit has stated that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original). In other words, a plaintiff must nudge his "claims across the line from conceivable to plausible[.]" *Twombly* at 570. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679.

The Tenth Circuit in *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008), explained that "plausibility" refers to the scope of the allegations in the complaint; "if they are so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action" then such allegations are not sufficient to place defendants on notice "of the actual grounds of the claim" against them. When this standard is applied to the factual allegations of the Complaint and Petition for Writ of Habeas Corpus, it is clear that this action should be dismissed pursuant to Rule 12(b)(6).

### C. Plaintiff Wholly Failed To Comply With Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must "state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Specifically, Rule 8(a) instructs the plaintiff to plead for relief in a "short and plain statement," while Rule 8(d)(1) adds that each allegation in the

complaint must be "simple, concise, and direct."  Fed. R. Civ. P. 8(a) and (d).  Accordingly, something "written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs" would violate Rule 8. *See Mann*, 477 F.3d at 1148.

Admittedly, perfection is not required of a pro se party and it is understood that pro se litigants are held to a less stringent standard as to the form and, in some respects, content of a pleading.  However, although the drafting standard may be less stringent, the requirement that pro se plaintiffs must still adhere to the Federal Rules of Civil Procedure is not.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840, 62 Fed. R. Serv. 3d 1019, (10th Cir. 2005); *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (citing several cases for principle that *pro se* parties must comply with same procedural rules that govern all other litigants). *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 1994 WL 401467 (10th Cir. 1994).  In this regard, when a plaintiff violates Rule 8, a district court is authorized to dismiss the case, in its entirety, based upon this violation alone. *Mann v. Boatright,* 477 F.3d 1140, 1138-49 (10th Cir. 2007).  In fact, it is not the court's job to cobble together potential claims strewn about in an overly lengthy complaint and dismissal of any such complaint is appropriate.  *Id*

Finally, a Rule 8 violation is different from a failure to state a claim under Rule 12(b)(6). Even if a complaint sufficiently alleges enough facts to survive a 12(b)(6) motion to dismiss, a Court may still invoke Rule 8 to strike the complaint if the necessary facts are "scattered throughout the complaint" or completely absent.  *See Mann*, 477 F.3d at 1147; *see also Ciralsky v. C.I.A.*, 355 F.3d 661, 671 (D.C. Cir. 2004) (holding that there was a Rule 8 violation even though plaintiff had pled more details than necessary to survive dismissal under Rule 12(b)(6)).

In the case at bar, the Complaint and Petition for Writ of Habeas Corpus fails to contain a simple, concise, short and plain statement as to the alleged harm and the relevant facts that give rise to the alleged harm.  Instead, it's a diatribe and opinion piece masquerading as a lawsuit.  Moreover, Plaintiff repeatedly ascribes the various references and claims generically to all Defendants grouped together in one category.  Again, this makes it difficult, if not impossible, to identify which claim is directed towards which specific Defendant or when such claim is alleged to have occurred.  Pleading in this fashion creates an unjustified burden on the defendants who are required to sift through all of these pages in an attempt to identify allegations to which they are required to respond.

For these reasons, it is indisputable that the Complaint and Petition for Writ of Habeas Corpus fails at the most fundamental level and runs afoul of Rule 8.  Thus, this case should be summarily dismissed in its entirety.

### D. Plaintiff's Complaint and Petition for Writ of Habeas Corpus is Subject to Dismissal Under Fed. R. Civ. P. 12(b)(1) Due to Eleventh Amendment Sovereign Immunity

The Oklahoma Department of Human Services ("DHS") (formerly known as the Department of Public Welfare and the Department of Institutions, Social and Rehabilitative Services) was created in 1936 by §2 of Article XXV of the Oklahoma Constitution for the purpose of "administering and carrying into execution" all laws enacted by the Oklahoma Legislature pursuant to §1 of Article XXV. *See* 56 O.S. §§162.1(a) and 162.1a. Section 2 also requires DHS to "perform such other duties as may from time to time be prescribed by law." *See generally City of Sand Springs v. Department of Public Welfare,* 608 P.2d 1139 (Okla. 1980). Within this legal framework is the establishment and maintenance by DHS of CSS as described above. As an agency of the State of Oklahoma, DHS(and, therefore, CSS) is unquestionably an arm of the State of Oklahoma. *See, for example, Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100 (1990); *Florida*

*Department of Health and Rehabilitative Services v. Florida Nursing Home Association,* 450 U.S.

147, 150 (1981) (per curiam); *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam).

> The foregoing in mind, the Eleventh Amendment provides:

> [t]he Judicial power of the United States shall not be construed to extend to any suit
> in law or equity, commenced or prosecuted against one of the United States by
> Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

Towards this end,

> [t]he Supreme Court has interpreted the Eleventh Amendment to mean "States may
> not be sued in federal court unless they consent to it in unequivocal terms or unless
> Congress, pursuant to a valid exercise of power, unequivocally expresses its intent
> to abrogate the immunity." *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 88
> L.Ed.2d 371 (1985). This prohibition encompasses suits against state agencies. *See*
> *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144,
> 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).

*Muscogee (Creek) Nation v. Oklahoma Tax Comm'n,* 611 F.3d 1222, 1227 (10th Cir. 2010).

Because States may not be sued in federal court absent their consent or specific and unequivocal

Congressional mandate,

> [t]he Eleventh Amendment is a jurisdictional bar that precludes unconsented suits
> in federal court against a state and arms of the state. *See Steadfast Ins. Co. v. Agric.*
> *Ins. Co.,* 507 F.3d 1250, 1252–53 (10th Cir.2007).

*Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.,* 577 F.3d 1255, 1258 (10th Cir.
2009).

As for the possibility that OKDHS/CSS has unequivocally consented to suit herein by waiving its

Eleventh Amendment sovereign immunity,

> [t]he Court will give effect to a State's waiver of Eleventh Amendment immunity
> "'only where stated by the most express language or by such overwhelming
> implication from the text as [will] leave no room for any other reasonable
> construction.' " *306 Atascadero State Hospital, supra,* 473 U.S., at 239–240, 105
> S.Ct., at 3145–3146 (quoting *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347,
> 1360, 39 L.Ed.2d 662 (1974) (internal quotation omitted)). A State does not waive
> its Eleventh Amendment immunity by consenting to suit only in its own courts, see,

> *e.g., Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Assn.,* 450 U.S. 147, 150, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981) (*per curiam*), and "[t]hus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court.*" *Atascadero State Hospital, supra,* 473 U.S., at 241, 105 S.Ct., at 3146.

*Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305–06, 110 S. Ct. 1868, 1873, 109 L. Ed. 2d 264 (1990).

In this vein, it is clear that the State of Oklahoma and its agencies – including DHS/CSS– have not waived their Eleventh Amendment immunity and consented to actions in federal court such as this case. *See* 51 O.S. §152.1(B) (which expressly preserves the State of Oklahoma's Eleventh Amendment immunity). Likewise, Oklahoma's Eleventh Amendment immunity has not been negated by any unequivocal Congressional mandate subjecting DHS to suit herein for alleged civil rights violations,

> [i]t is well settled that neither 42 U.S.C. § 1981 nor § 1983 abrogate the Eleventh Amendment immunity of the states. *E.g., Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66–67, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (§ 1983); *Ellis v. Univ. of Kan. Med. Ctr.,* 163 F.3d 1186, 1196 (10th Cir.1998) (§§ 1981, 1983, and 1985). Thus, Congress has not abrogated the defendants' Eleventh Amendment immunity under these provisions.

*LaFavre v. Kansas ex rel. Stovall,* 6 Fed. Appx. 799, 805 (10th Cir. 2001).

As such, Plaintiff's claims against DHS/CSS are jurisdictionally[6] barred pursuant to the plain language of the Eleventh Amendment and must be dismissed.

---

[6] "Because the State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, the issue must be resolved before a court may address the merits of [the] underlying . . . claim." Martin v. Kansas, 190 F.3d 1120, 1126 (10th Cir. 1999), overruled on other grounds by Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 148 L. Ed. 2d 866, 121 S. Ct. 955 (2001)."
*Joseph A. v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002)

### E. The *Rooker-Feldman* Doctrine Warrants Dismissal

It is beyond dispute that Plaintiff's claims arise from state court judgments involving lawful child support orders and Plaintiff's failure to comply therewith. Resultantly, she is barred herein according to the *Rooker-Feldman* doctrine which holds that the federal courts (other than the United States Supreme Court) lack jurisdiction to adjudicate claims seeking review of state court judgments. *Feldman*, 460 U.S. at 483-484. *See Kiowa Indian Tribe of Oklahoma v. Hoover,* 150 F.3d 1163, 1169 (10th Cir. 1998) (holding that "federal review of state court judgments can be obtained only in the United States Supreme Court" under 28 U.S.C. §1257). Apt here is the following from the Tenth Circuit:

> [t]he Supreme Court has explained that *Rooker-Feldman* "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). "In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Campbell*, 682 F.3d at 1283. Tso's Complaint seeks relief from alleged harms flowing from "acts of the state court." *Campbell*, 682 F.3d at 1285. That is, "the allegedly wrongful act that caused damage was the state-court order itself," and his claims "required a determination of the bona fides of the prior state-court judgment," *id.* at 1284. Though he complains of various acts taken by the defendants, whether through a RICO "conspiracy" or denial of just compensation, the only harms alleged involved deprivations that resulted from the state courts' orders. His claims are therefore barred by *Rooker-Feldman*.

*Tso v. Murray*, 760 F. App'x 564, 567-68 (10th Cir. 2019).

Plaintiff's complaints are born of state court orders and his requested relief would require this court to impermissibly determine the "bona fides" of the orders. *Ibid.*

Further, the *Rooker-Feldman* doctrine bars consideration not only of issues *actually* presented to and decided by a state court, but also bars consideration of constitutional claims that are "'inextricably intertwined' with" issues ruled upon by a state court. *See id.* (quoting *Feldman*, 460 U.S. at 483-84, n.16). "A claim is inextricably intertwined if the federal claim succeeds only

to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). "In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Id.* In this case it is inescapable that the events giving rise to Plaintiff's allegations arise from and are inextricably intertwined with a current state court case involving child support and/or would involve this court reviewing the decisions of a state court. Likewise, to the extent that Plaintiff seeks a declaratory judgment regarding child support, such would be barred by *Rooker-Feldman* as well:

> *Feldman* not only prohibited direct review of state judgments by lower federal courts, but it also prohibited those federal courts from issuing any declaratory relief that is "inextricably intertwined" with the state court judgment. *Feldman,* 460 U.S. at 483–84 n. 16, 103 S.Ct. at 1315–16 n. 16; *Razatos,* 746 F.2d at 1433.

*Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

It is also important that any appeals concerning the valid child support orders and her conviction for indirect contempt have ended in Oklahoma state courts and any relief Plaintiff seeks herein is irretrievably enmeshed with those final orders. More eloquently:

> [d]ivorce decrees are final judgments in Oklahoma. 43 Okla. Stat. § 127. *See also* 4 Okla. Prac., Okla. Family Law § 35:1 ("Final orders in domestic cases include the decree of divorce, the final decision in a motion to modify, or the final decision in a contempt citation case."). The divorce decree is final and valid on the day it is pronounced. *See Pellow v. Pellow*, 1985 OK 88, ¶¶ 18–20, 714 P.2d 593, 597 (divorce decree is a final judgment); *Bryan v. Bryan*, 2009 OK CIV APP 77, ¶ 19, 221 P.3d 146, 150 ("[W]e conclude that the divorce was valid and final on the date the divorce was pronounced. In Oklahoma, judgment is rendered when pronounced.") (quotation and citation omitted).

> The state court has already denied Mr. Wright's jurisdictional argument, and the Oklahoma Supreme Court dismissed his first appeal. *See* Mar. 6, 2020 Order Dismissing Appeal in Oklahoma Supreme Court Case No. 118538 (mandate issued June 17, 2020). As discussed above, most of the State Court Cases that Mr. Wright complains of have final orders and have been closed for years (Okla. Cnty. Case Nos. ML-2005-6219, FD-2008-3202, and PO-2008-1539).

Precedential cases from the United States Supreme Court and the Tenth Circuit that this Court must follow prevent this Court from providing the relief Mr. Wright seeks in this case. [*See* Doc. No. 1 ¶ 64]. *See, e.g., Tal*, 453 F.3d at 1256; *Read*, 1 F. App'x at 869. In *Kanth*, for example, after a Utah state court entered a divorce decree, the husband filed a lawsuit in federal court against a slew of individuals who were allegedly related to his divorce proceeding including the state trial and appellate judges, commissioners, three attorneys in the Utah Office of Guardian Ad Litem, the Attorney General of the State of Utah, and the Director of the Utah Department of Human Services. 123 F. App'x at 922–23. Applying *Rooker-Feldman* and *Younger*, the federal district court dismissed the case, concluding that the doctrines barred the husband from "challenging the orders and judgments entered in the state-court proceedings." *Id.* at 923.

The Tenth Circuit affirmed the dismissal and held that "the relief Mr. Kanth seeks is a reversal of the Utah state courts' rulings against him and.... [a]ny federal claims are inextricably intertwined with those orders." *Id.* at 924. *See also Jackson v. Davidson*, 272 F. App'x 722, 723 (10th Cir. 2008) ("Jackson seeks to enjoin the enforcement of the state-court divorce decree entered on October 7, 1987. This is precisely the type of claim encompassed by the *Rooker-Feldman* doctrine."); *Read*, 1 F. App'x at 869 ("Mr. Read's claim against the state court judges directly challenges the state court divorce decree. Notably, the claim repeats arguments that he raised in his various state court challenges to the Tulsa County Court's divorce decree ... Any further review of the state court decision must come from the Oklahoma Supreme Court and the United States Supreme Court rather than the federal district court.") (citation omitted).

Like the plaintiffs in these cases, Mr. Wright's claims require disturbing the state-court divorce decree and other state court orders, or his claims are at least inextricably intertwined with those orders, and the claims must be dismissed under *Rooker-Feldman.* Mr. Wright wants the Divorce Case dismissed, wants various orders and rulings from each of the State Court Cases reversed, revised, or revisited, and seeks to have this Court determine that the state court lacked jurisdiction—an argument that has already been rejected by the state court and his appeal on that issue has been dismissed. This is "seeking what in substance ... would be appellate review of the state judgment in a United States district court," which *Rooker-Feldman* prohibits. *See Johnson*, 512 U.S. at 1005–06.

Mr. Wright's claims that are not expressly seeking review of a final state-court judgment are barred under *Rooker-Feldman* as "inextricably intertwined" with the divorce decree because the alleged conduct led to the decree and related domestic-relations orders. According to Mr. Wright's allegations, Oklahoma County's conduct in the state proceedings and the state court's alleged lack of jurisdiction "*caused*, actually and proximately, the *injury* for which the federal court plaintiff seeks *redress*" and this Court must abstain. *Kanth*, 123 F. App'x at 924 (emphasis in original).

In summary, the Court must abstain from reviewing final orders of the state court and cannot afford Mr. Wright any relief. His proper course, if any, is through the state courts and then to the United States Supreme Court. *See* 28 U.S.C. § 1257(a).

*Wright v. Oklahoma Cnty.,* CIV-20-00346-JD, 2020 WL 8335672, at *6–7 (W.D. Okla. Aug. 31, 2020).

*Rooker-Feldman* also bars her unfounded allegation that lawfully child support orders and the finding of guilt by a jury are unconstitutional or void:

> [f]urther, Alfaro's suggestion that federal jurisdiction exists because the state court "issued void, unconstitutional, and unenforceable orders" is unavailing. Aplt. Br. 27–28. Federal "courts do not have jurisdiction 'over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.' " *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ). Indeed, as the district court concluded, reviewing the merits of final state-court orders "is precisely the type of claim encompassed by the *Rooker-Feldman* doctrine." *Jackson v. Davidson*, 272 F. App'x 722, 723 (10th Cir. 2008) (unpublished) (finding that *Rooker-Feldman* doctrine barred claim "seek[ing] to enjoin the enforcement of [a] state-court divorce decree").

*Alfaro v. Cnty. of Arapahoe*, 766 Fed. Appx. 657, 660–61 (10th Cir. 2019).

### F. *Younger* Abstention

It appears Plaintiff also seeks prospective relief regarding the continuing child support orders of the Tulsa County Case/CSS Case. While such relief may avoid the jurisdictional bar of the Eleventh Amendment, it cannot avoid non-discretionary application of *Younger* abstention herein:

> [i]n determining whether *Younger* abstention is appropriate, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colorado Bd. of Med. Exam'rs,* 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotations omitted). Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain. *See Seneca-Cayuga Tribe v. Oklahoma,* 874 F.2d 709, 711 (10th Cir. 1989).

*Crown Point I Ltd. Liab. Co. v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

In this case, there can be no doubt of the wholesale application of *Younger* abstention. First, it is beyond dispute that there is an ongoing child support case in Oklahoma state court which continues until the minor child reaches majority. *See, for example,* 43 O.S. § 112(E). Second, the care and support of Oklahoma's children by their parents is ineluctably one that involves important state interests. *See, for example,* Moore v. Sims, 442 U.S. 415, 435, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979) (family relations are traditional area of state concern); Morrow v. Winslow, 94 F.3d 1386, 1397 (10th Cir. 1996) (state has interest in orderly conduct of proceedings in its courts in manner which protects interest of child and family), cert. denied, 520 U.S. 1143, 117 S. Ct. 1311, 137 L. Ed. 2d 475 (1997). Third, Oklahoma state courts have jurisdiction to entertain and decide §1983 suits. *See Howlett v. Rose,* 496 U.S. 356, 367, 110 S. Ct. 2430, 2438 (1990). And this truism rings loudly with regard to matters of state concern:

> [t]he seriousness of federal judicial interference with state civil functions has long been recognized by this Court. We have consistently required that when federal courts are confronted with requests for such relief, they should abide by standards of restraint that go well beyond those of private equity jurisprudence. For example, *Massachusetts State Grange* v. *Benton*, 272 U.S. 525 (1926), involved an effort to enjoin the operation of a state daylight savings act. Writing for the Court, Mr. Justice Holmes cited *Fenner* v. *Boykin, supra*, and emphasized a rule that "should be very strictly observed," 272 U.S., at 529, "that no injunction ought to issue against officers of a State clothed with authority to enforce the law in question, unless in a case reasonably free from doubt and when necessary to prevent great and irreparable injury." *Id*., at 527.

> Although Mr. Justice Holmes was confronted with a bill seeking an injunction against state executive officers, rather than against state judicial proceedings, we think that the relevant considerations of federalism are of no less weight in the latter setting. If anything, they counsel more heavily toward federal restraint, since interference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies. Such interference also results in duplicative legal proceedings, and can readily be interpreted "as reflecting negatively upon the state court's ability to enforce constitutional principles."

*Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-04, 95 S. Ct. 1200, 1208 (1975).

Moreover, Plaintiff has made no showing that Oklahoma state courts are somehow insufficient for her claims – save the fact that she dislikes their rulings. However, that is not the standard:

> Plaintiff argues that the Washington state court did not provide an adequate forum because it overruled his argument on timeliness grounds. See Plaintiff's Response (Doc. # 52) at 5. Plaintiff, however, has not shown that he did not have the opportunity to present his claim in state court at an earlier date. See Juidice v. Vail, 430 U.S. 327, 337, 97 S. Ct. 1211, 51 L. Ed. 2d 376 (1977) (Younger only requires that plaintiff be afforded opportunity to present federal claim in state proceedings; failure to avail himself of opportunity [*1216] does not mean state procedures were inadequate); World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1083 (9th Cir. 1987) (fact that plaintiff did not avail itself of opportunity to litigate constitutional claim in state forum does not demonstrate that state forum was inadequate); see also Spargo, 351 F.3d at 79 (relevant question is whether state procedural remedies could provide relief sought, not whether they will provide remedy); Kirschner v. Klemons, 225 F.3d 227, 235 (2d Cir. 2000) (to establish inadequacy of state forum, plaintiff must show that state laws, procedures or practices prevent his effective interposition of federal contentions). Plaintiff has not satisfied his burden to show that state procedures did not afford him an adequate remedy. See Pennzoil, 481 U.S. at 15.

*Phillips v. Martin*, 535 F. Supp. 2d 1210, 1215-16 (D. Kan. 2008).

In this case the three *Younger* conditions are clearly met and this Court should abstain from exercising jurisdiction herein and dismiss this matter.

### G. Plaintiff's Complaint and Petition for Writ of Habeas Corpus Fails To State A Claim Upon Which Any Relief Can Be Granted Against OAH/DHS Under 42 U.S.C. §§ 1983, 1985

Plaintiff cannot recover against DHS/CSS on her 1983 or 1985 claims because OAH/DHS is not a person subject to suit thereunder. In this regard, § 1983[7] provides in pertinent part as follows:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in

---

[7] Likewise, §1985 applies to "two or more persons." *Ibid.* Therefore, §1985 is inapplicable to DHS. *See, inter alia, Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

equity, or other proper proceeding for redress.

*Ibid* (Emphasis added).

In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the United States Supreme Court considered the issue of whether a State is a "person" under § 1983. After examining the express language, congressional purpose and legislative history of the statute, the Supreme Court concluded that States or other governmental entities that are considered "arms of the State" for Eleventh Amendment purposes are not "persons" under § 1983. *Id.* at 68-71. *See also Howlett v. Rose,* 496 U.S. 356, 365 (1990) (holding that "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under §1983 in either federal court or state court.") (emphasis added); *Harris v. Champion*, 51 F.3rd 901, 905-06 (10th Cir. 1995). OAH/DHS is clearly an "arm" of the State of Oklahoma. *See McKinney v. State of Okl., Dep't of Human Servs.,* 925 F.2d 363, 365 (10th Cir. 1991)(holding that the Eleventh Amendment bars actions against DHS under § 1983 in federal court).

### H. Plaintiff Has Failed To State A Claim

Plaintiff's Complaint and Petition for Writ of Habeas Corpus is nothing more than a cri de coeur comprised of conclusory statements and absurd allegations which fall woefully short of plausibility. Because of this, Plaintiff has "not nudged [her] claims across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. at 547. Accordingly, Plaintiff's claims must be dismissed for failure to state a claim.

### I.  Plaintiff's Lawsuit Is Untimely

"A hodgepodge of state and federal law governs the timeliness of claim under 42 U.S.C. §1983." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008). Federal law determines the date on which the claim accrues, but the limitations period is drawn from the "personal-injury

statute of the state in which the federal district court sits." *Id.* Under federal law, "claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Alexander v. Oklahoma,* 382 F.3d 1206, 1215 (10th Cir. 2004). Oklahoma has a two-year statute of limitations for personal-injury suits. 12 Okla. Stat. §95(A)(3).

Plaintiff also fails to allege in her Complaint and Petition for Writ of Habeas Corpus her compliance with the Oklahoma Governmental Tort Claims Act ("GTCA") which is fatal to Plaintiff's suit. All tort actions and claims against the State of Oklahoma and its agencies (including DHS), and employees arising after October 1, 1985, are governed by the provisions of the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 O.S. §151, *et seq.  See* 51 O.S. §171. By enacting the GTCA, the Oklahoma Legislature adopted and expanded the common law doctrine of sovereign immunity doctrine to include all torts of State employees regardless of whether the employees are engaged in "governmental or proprietary functions" as long as the employees were within the scope of their employment with the State.  *See* 51 O.S. §152.1(A) and §153(A). However, 51 O.S. §152.1(B) effectuated an express partial waiver of the State's sovereign immunity *"only to the extent and in the manner provided"* by the GTCA.  (Emphasis added). Thus, the liability of the State and its agencies under the GTCA is "subject to the limitations and exceptions specified in this act" and "*shall be exclusive and shall constitute the extent of tort liability of the state* . . .  *arising from common law*, statute, *the Oklahoma Constitution*, or otherwise."  51 O.S. §153(A) and §153(B) (emphasis added).

To successfully bring a tort claim against DHS, an individual must comply with the notice and commencement provisions of the GTCA.  *See* 51 O.S. §§ 153 and 156; *Barrios v. Haskell Cty. Pub. Facilities Auth.,* 2018 OK 90, 432 P.3d 233; *Gurley v. Memorial Hospital of Guymon,* 1989

OK 34, 770 P.2d 573, 576 (noting that the GTCA "narrowly structures the method for bringing a tort claim against a political subdivision."). Notice is a central component of the GTCA. *See* 51 O.S. § 157(B) ("No action for any cause arising under this act . . . shall be maintained unless valid notice has been given[.]");

> Compliance with the statutory notice provisions of the GTCA is a jurisdictional requirement to be completed prior to the filing of any pleadings. The record before us does not show that Hall has complied with the notice provisions of the GTCA, nor does he allege that he has complied. In addition to the applicability of § 566.4, 57 O.S.2011 § 566.5 provides that complete exhaustion of statutory remedies against private correctional facilities is jurisdictional Based on the record provided, and the plain and unambiguous requirements of 57 O.S.2011 § 566.4 and § 566.5, the district court had no jurisdiction over the tort claims asserted in Hall's lawsuit and properly granted the defendant's motion for summary judgment

*Hall v. GEO Grp., Inc.,* 2014 OK 22, ¶ 13, 324 P.3d 399, 404.

Further, "[c]ompliance with notice of claim provisions has been interpreted to be either a condition precedent to suit against a political subdivision, or a jurisdictional prerequisite to judicial intervention." *Gurley*, 770 P.2d at 576.    Additionally, the GTCA requires any person having a claim against the state to submit a claim in writing within one (1) year of the date of loss or the claim is "***forever barred***." 51 O.S. § 156 (emphasis added).

The foregoing in mind, Plaintiff's lawsuit concerns occurring well beyond any applicable statute of limitations and must result in dismissal with prejudice. Additionally, Plaintiff's failure to adhere to the mandatory strictures of the GTCA and her failure (and inability) to plead compliance with the GTCA also creates a jurisdictional bar to her claims.

### J. Plaintiff Is Not In Custody

Of this there is no doubt; Plaintiff is not in custody nor was she at the time this lawsuit was filed. In fact Plaintiff tells us she has already served the sentence imposed after the Tulsa County

jury found her guilty of contempt for not paying child support.[8] Plaintiff's lawsuit does, however,

confess that she has no intention of complying with lawfully entered child support orders and,

because of this, she *assumes* her planned contumaciousness will result in another jury trial and

possible jail time until her contempt is purged. But this does not satisfy the "in custody"

requirement for issuance of a writ of habeas corpus:

> Respondents contend this matter must be dismissed because petitioner was not "in custody" at the time he commenced this action. They provide evidence that petitioner's sentence expired on December 30, 2005. (Doc. 20, Attach.1.) Petitioner does not contest this, but he argues, in part, that his penalty in a later case, 06 CR 2549, was enhanced due to his previous convictions.
>
> "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' " *Maleng v. Cook,* 490 U.S. 488, 490 (1989)(quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)). **An applicant for habeas corpus relief is not " 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.**" *Id.* at 492.
> **The undisputed record shows the petitioner was no longer in custody on the convictions he challenges at the time he executed the petition. Accordingly, this court lacks jurisdiction to consider his claims**. *See Maleng,* 490 U.S. at 492, and *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his [prior state] convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").

*Watts v. Thiel*, 06-3251-SAC, 2007 WL 1466826, at *1 (D. Kan. May 18, 2007)(Emphasis supplied).

By Plaintiff's logic, a person could be convinced the justice system is unwaveringly biased against

them and before committing a crime file a petition for writ of habeas corpus arguing the yet to be

entered arrest and detention orders and jury verdict are unconstitutional so she should be free to

---

[8] *See, for example*, Plaintiff's Complaint and Petition for Writ of Habeas Corpus [Doc. #2, at pgs. 21-22].

commit whatever acts she wants with no consequence. This is the absurdity of Plaintiff's lawsuit and it just cannot be so.

### III.  Conclusion

As clearly shown above, Plaintiff's claims against DHS must be dismissed. And the infirmities plaguing Plaintiff's Complaint and Petition for Writ of Habeas Corpus cannot be cured by amendment and should result in dismissal with prejudice.

Respectfully submitted,

*s/ John K.F. Langford*
John K.F. Langford (OBA #21012)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK 73125-0352
Telephone: (405) 521-3638
Facsimile: (405) 521-6816
E-mail: John.Langford@okdhs.org

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2025 the foregoing document was electronically submitted to the Clerk of the Court using the ECF System for filing and a true and correct copy of the foregoing was mailed, postage prepaid, to the following:

Pro Se Plaintiff:
Linh Tran Stephens
1964 Ashley River Rd.
Suite B, Unit #80112
Charleston, South Carolina 29407

*s/ John K.F. Langford*
John K.F. Langford

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LINH TRAN STEPHENS, a natural living woman, *sui juris*, with inherent sovereign rights,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OKLAHOMA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.  25-cv-285-GKF-MTS<br>)<br>)<br>)<br>)<br>) |

**MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANT**
**THE OKLAHOMA SHERIFF'S ASSOCIATION, INC.**

COMES NOW The Oklahoma Sheriff's Association, Inc. ("OSA") pursuant to 28 U.S.C. § 2254(a), Fed. R. Civ. P. Rule 8, Rule 12(b)(6), and Rule 41 and moves this Court for an order dismissing the OSA from this lawsuit.  Plaintiff Linh Tran Stephens ("Stephens") in her Petition for Writ of Habeas Corpus [DOC 2] ("Petition") fails to state any viable claim against the OSA. In support of this Motion, the OSA respectfully submits the following:

**STATEMENT OF THE CASE**

Stephens is not unknown to this Court, having filed at least six separate cases prior to, or contemporaneously with, the instant case.  (*See Stephens v. Sparkman, et al.*, Case No. 22-cv-480-CVE-JEJ; *Stephens v. Seibert, et al.* Case No. 23-cv-553-GKF-SH; *Stephens v. Freeman, et al.*, Case No. 24-cv-216-JDR-CDL; *Stephens v. Parks et al.*, Case No. 42-cv-259-GKF-MTS; *Stephens v. State of Oklahoma, et al.*, Case No. 25-cv-286-CVE-MTS; *Stephens v. State of Oklahoma, et al.*, Case No. 25-cv-322-SEH-JFJ).  OSA received a copy of the Petition on August 4, 2025, albeit not via its registered service agent.

The claims in this action appear to arise from a contempt citation entered in a state court family law matter, which neither involves, nor implicates, the OSA.  Stephens rambles through

1

155

151 paragraphs, 55 pages, and 19 named defendants, without demonstrating any conduct or action on the part of the OSA. In fact, reference to the OSA appears only in the caption and in the party identification section of the pleading. Absolutely no viable claim is stated against the OSA and it must be dismissed as a party from this lawsuit.

## ARGUMENTS AND AUTHORITIES

### I.  Motion to Dismiss Standard

Rule 12(b)(6) dismissal is appropriate if the complaint alone is legally insufficient to state a claim. *Serpik v. Weedon*, 2024 WL 556680, *1 (W.D. Okla. 2024). The inquiry is whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While pro se pleadings must be liberally construed and must be held to less stringent standards than pleadings drafted by lawyers, pro se litigants remain obligated to comply with the fundamental requirements of the Federal Rules of Civil Procedure and substantive law. *Gabriel v. Melton Truck Lines*, 2022 WL 3401949, *2 (N.D. Okla. 2022). "[T]he liberal construction to be afforded does not transform 'vague and conclusory arguments' into valid claims for relief." *Id.* (quoting *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)). Nor will "[t]he liberal standard applicable to pro se pleadings . . . permit the filing of frivolous or abusive litigation." *Gabriel*, 2022 WL 3401949 at *2. A court will not construct a legal theory on a plaintiff's behalf. *Id.*

Additionally, shotgun pleadings which violate the mandate of Fed. R. Civ. P. 8, requiring a short and plain statement of the claim showing that the pleader is entitled to relief, are properly subject to dismissal. *Gabriel*, 2022 WL 3401949 at *4. "The Tenth Circuit has long recognized that inordinately long pleadings - which it describes as 'prolix' – are a strain on both other

2

litigants and the courts." *Id.* Prolix pleadings are those which are dozens to hundreds of pages long, like the Petition in the instant case. *Id.* at *5. A habeas corpus petition must still comply with Fed. R. Civ. P. 8. *Johnson v. Westfall*, 201 F.3d 448 (10th Cir. 1999).

Furthermore, the sovereign citizen theory has been repeatedly rejected by the Tenth Circuit. *Serpik*, 2024 WL 556680 at *3. "These theories should be rejected summarily, however they are presented." *Id.*

In the instant case, no actual allegations of acts or omissions by OSA against Stephens are alleged in the body of the Petition. Stephens makes the baseless allegation that OSA "establishes training protocols and policies that systematically fail to train sheriffs regarding constitutional limitations on imprisonment for debt, contributing directly to the ongoing constitutional violations in Plaintiff's case." (*See* Petition at p.14, ¶ 14). Conspicuously absent from the Petition is the identification of any training protocols and policies established, or the role of the OSA in either establishing any such training protocols and policies, or any basis for Stephens' contention that the OSA is required to or failed to train sheriffs regarding "constitutional limitations on imprisonment for debt." The OSA should be dismissed from this lawsuit for failure to meet the threshold requirements for habeas corpus, for failure to state a claim upon which relief can be granted, for improper shotgun pleading, and because sovereign citizen theories should be summarily rejected.

## II. Stephens has Failed To State A Claim Plausible on its Face Against the OSA

Stephens' Petition contains no allegation of any direct act or omission of the OSA. In fact, other than it being mentioned in the caption, the only statement referencing the OSA in all 55 pages of the Petition is found on page 14 in paragraph 14 which states:

14.   Defendant **OKLAHOMA SHERIFFS' ASSOCIATION** is named as a
Defendant because this entity facilitates, coordinates, and standardizes the

practices of county sheriffs throughout Oklahoma, including those responsible for executing the arrest warrant and maintaining Plaintiff's current detention. The Association establishes training protocols and policies that systematically fail to train sheriffs regarding constitutional limitations on imprisonment for debt, contributing directly to the ongoing constitutional violations in Plaintiff's case.

Stephens offers no facts or legal authorities to support her claims that OSA had a role in the state court proceedings, the arrest warrant, order of detention, or in establishing training protocols and policies that systematically fail to train sheriffs regarding constitutional limitations on imprisonment for debt. Without more, these naked generalizations provide no basis for the OSA to know the nature of any claims made against it. Due process requires that a defendant be given meaningful notice of any claim against which it may be required to defend. U.S. CONST. amend. XIV, § 1; OKLA. CONST. art. II, § 7. "When a defendant is merely named in the caption of a complaint but is nowhere claimed to have caused the plaintiff injury, the complaint against him must be dismissed even under the liberal construction to be given to *pro se* complainants." *Clark v. Sierra*, 837 F. Supp. 1179, 1182 (M.D. Fla. 1993) (dismissal for failure to state a claim granted where plaintiff only named defendant in caption and made minimal references to that defendant in the body of the complaint on ground that such pleading did not establish any cognizable action at law against that defendant); *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant except for [its] name appearing in the caption, the complaint is properly dismissed. . . ."); *Linebarger v. Williams*, 77 F.R.D. 682, 685 (E.D. Okla. 1977) (finding complaint properly dismissed where no specific act or conduct on the part of defendant is alleged).

Stephens has failed to state any claim against the OSA upon which relief can be granted. None of the 151 paragraphs explain how the OSA allegedly relates to this lawsuit. No well-pleaded facts establish that the OSA harmed Stephens in any manner. *Gilberti v. Padar*, 2023

4

WL 9547875, *4 (M.D. Fla. 2023) (dismissing *pro se* Amended Complaint that named defendant only in caption and failed to relate any alleged actions to the defendant relevant to the lawsuit). Furthermore, Stephens is, admittedly, not in custody.  28 U.S.C. § 2254(a) (". . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").  "Federal courts do not grant habeas relief for errors of state law.  *Martin v. Bear*, 2016 WL 697006, *3 (W.D. Okla. 2016) (dismissing Petition for Writ of Habeas Corpus).  The OSA must be dismissed from this action.

### III.  Stephens' "Shotgun" Pleading Must be Dismissed

Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  *Gabriel*, 2022 WL 3401949 at *4.  "Concise pleading is necessary because a complaint may be 'made . . . unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter.'"  *Id.*  As stated above, the Tenth Circuit recognizes that prolix pleadings are a strain on both other litigants and the courts.  *Id.*

"Shotgun" pleadings have been "roundly, repeatedly, and consistently" condemned for years. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).  A complaint requires more than "an unadorned, the defendant-unlawfully-harmed-me accusation."  *Sladek v. Bank of America, NA*, 2024 WL 4224029, *2 (10th Cir. 2024).  The shotgun approach combines vague and conclusory factual allegations with disparate legal theories resulting in a pleading that is incomprehensible.  *Id.*

The Eleventh Circuit has identified four types of shotgun pleadings:

159

(1)    complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2)   complaints containing conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3)   complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions; and,

(4)   complaints that fail to specify against which defendants a claim is brought.

*Gilberti*, 2023 WL 9547875 at *2.

In this case, Stephens' Petition meets all of the shotgun criteria.  At least 9 of the 11 causes of action are pled against "all Defendants" without specifying any act or omission of a particular defendant which allegedly gave rise to the claim or caused harm to Stephens.  "[T]he Court and the parties are left to guess and attempt [to] parse out which claims relate to which individuals" because Stephens simply refers to "Defendants" without making it clear which allegations are directed to which defendant or defendants.  *Hart v. Salois*, 605 Fed. Appx. 694, 697 (10th Cir. 2015) (affirming dismissal of plaintiff's exceedingly long and convoluted shotgun complaint which failed to connect the 60 separate claims pled to the hundreds of factual allegations included and failed to clarify which acts each defendant was alleged to have committed to give rise to the various claims asserted).

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to comply with any aspect of the Federal Rules.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Litigants must present claims in a manageable format that allows the court and the defendants to know what claims are being asserted such that each defendant might be able to discern how it is alleged to have participated in the asserted constitutional violations.  *Id.* at 1160.  Failure to comply with the requirements of Rule 8 is

sufficient cause for a Rule 41(b) dismissal. *Eaves v. Kory*, 2024 WL 2764136, *1 (10th Cir. 2024). Stephens' Petition should also be dismissed for failure to comply with Fed. R. Civ. P. 8.

### IV.  Sovereign Citizen Theories Should be Summarily Rejected

"The sovereign citizen theory has been repeatedly rejected by the Tenth Circuit." *Serpik*, 2024 WL 556680 at *3 (citing *United States v. Palmer*, 699 Fed. Appx. 836, 838 (10th Cir. 2017) (unpublished) ("As for [Petitioner's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous.")).

> Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' . . . or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented. An individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no conceivable validity in American law.'

*Serpik*, 2024 WL 556680 at *3 (internal citations omitted); *United States v. Palmer*, 699 Fed. Appx. 836, 838 (10th Cir. 2017).

The claims asserted in the Petition tie back to Stephens' arguments regarding her status as a sovereign citizen to challenge alleged actions of the Tulsa County District Court in a family law proceeding. The Petition is plainly frivolous and should be summarily dismissed.

### V. Stephens' Allegations of "Conspiracy" do not State a Separate Cause of Action and do not Preclude Dismissal

Including claims of civil conspiracy in a pleading does not allow the plaintiff to thwart the rules and rely on the shotgun approach.

> A civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means. ***Unlike its criminal counterpart, civil conspiracy itself does not create liability***. To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means. There can be no civil conspiracy where the act complained of and the means employed are lawful.

*Brock v. Thompson*, 1997 OK 127, ¶ 39, 948 P.2d 279, 294 (footnotes omitted and emphasis

7

added).    As indicated in *Brock*, the Court does not recognize "civil conspiracy" as an independent tort or "cause of action."   The theory of "civil conspiracy" in Oklahoma is a doctrine by which a plaintiff can "enlarge the pool of potential defendants," but standing alone it is simply a gloss used to label or characterize the underlying torts themselves.[1]

In Oklahoma, two "essential elements" of civil conspiracy that plaintiff must establish are that the defendant(s) committed "one or more unlawful, overt acts" and that the defendants had "a meeting of minds on the object or course of action."  *Schovanec v. Archdiocese of Oklahoma City*, 2008 OK 70, ¶ 46, 188 P.3d 158, 175 (quoting *Close v. Goose Creek Consolidated Indep. School Dist.*, 874 S.W.2d 859, 871 (Tex. App. 1994)).   Yet nowhere in the Petition does Stephens allege specific unlawful overt acts on which any Defendants had a meeting of the minds. "As a general rule, an actionable conspiracy must consist of wrongs that could have been actionable against the individual conspirators."  *Schovanec*, 2008 OK 70 at ¶ 46, 188 P.3d at 175.

In Cause of Action X, Stephens alleges that all Defendants "conspired" to achieve the amorphous conspiratorial goal of unconstitutional punishment.   Stephens identifies certain defendants by name, however, the OSA is not specifically identified in this cause of action, despite the claim being made against "all Defendants."  Stephens has not alleged facts supporting action of the OSA or the required element of a meeting of minds on any object or course of action that includes, in any manner, the OSA.  In discussing the common-law definition of "civil conspiracy," the Supreme Court of the United States made several observations that are pertinent here:

> **Consistent with this principle, it was sometimes said that a conspiracy claim was not an independent cause of action, but was only the mechanism for subjecting co-conspirators to liability when one of their members committed**

---

[1] Conspiracy is not a tort, but rather a rule of responsibility for the tortious actions of others. *Bridge C.A.T. Scan Associates v. Ohio-Nuclear, Inc.*, 608 F. Supp. 1187, 1193 (D.N.Y. 1985).

**a tortious act.** An alleged conspiracy by or agreement between the defendants is not of itself actionable. Some wrongful act to the plaintiff's damage must have been done by one or more of the defendants, and the fact of a conspiracy merely bears on the liability of the various defendants as joint-tortfeasors. **Since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort.**

*Beck v. Prupis*, 529 U.S. 494, 503, 120 S. Ct. 1608, 1615, 146 L. Ed. 2d 561 (2000) (footnotes, citations, and internal quotation marks omitted; emphasis added).

In this case, alleging that some or all Defendants "conspired" does not avoid dismissal. "It is well settled that civil conspiracy itself does not create liability." *Tanique, Inc. v. State ex rel. Oklahoma Bureau of Narcotics and Dangerous Drugs*, 2004 OK CIV APP 73, ¶ 38, 99 P.3d 1209, 1218. Alleging conspiracy does not state facts that are specific enough to place Defendants on fair notice of who is claimed to have actually engaged in the alleged conspiracy, why it is plausible that any particular Defendant would do so, and the specific acts of a Defendant that arguably demonstrate a meeting of minds and intent to act in concert with all other Defendants. The lack of such particularized allegations matters. In pleading the existence of a "civil conspiracy," the plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement. *City of Omaha Employees Betterment Association v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989); *Leon v. Murphy*, 988 F.2d 303, 310-311 (2nd Cir. 1993); *Schovanec*, 2008 OK 70 at ¶ 46, 188 P.3d at 175.

## CONCLUSION

Stephens has failed to state a claim against the OSA upon which relief can be granted. First and foremost, Stephens is not in custody. Second, the Petition is defective on its face and constitutes an improper "shotgun" pleading which should be dismissed in its entirety. Third, there is no recognized claim of civil conspiracy. Finally, even if the Petition is not dismissed in

its entirety, which it should be, OSA should be dismissed from this action and awarded its attorneys' fees, costs and such other and further relief as the Court deems just under the circumstances.

Respectfully submitted:

/s/ Sharon K. Parker
Sharon K. Parker, OBA #19010
**JPM LAW | JAYNE PETERS MCVICKER BURKE**
ASKEW & PARKER
401 South Boston Ave., Suite 2000
Tulsa, OK  74103
(918) 938-7944 phone
(918) 938-7966 fax
sparker@jpmlawgroup.com
*Attorney for The Oklahoma Sheriff's Association, Inc.*

10

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James D. Dunn
6080 E. 66th Street North
Tulsa, OK 74117
918-596-8704 - Telephone
jdunn@tcso.org
*Attorney for Tulsa County Sheriff*
*Tulsa County Sheriff's Office*

John Langford
P.O. Box 25352
Oklahoma City, OK  73125-0000
405-521-3638 – Telephone
John.langford@okdhs.org
*Attorney for Oklahoma Department of Human Services*


And sent to the following by U.S. Mail with proper postage thereon:

Linh Tran Stephens
1964 Ashley River Rd, Ste B, Unit 80112
Charleston, SC  29407
*Plaintiff pro se*

/s/ Sharon K. Parker
Sharon K. Parker

11

165

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LINH TRAN STEPHENS, a natural living woman, *sui juris*, with inherent sovereign rights,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.  25-cv-285-GKF-MTS** |
| **STATE OF OKLAHOMA, *et al.*,** | ) ) ) | |
| **Defendants.** | ) | |

**<u>DEFENDANT THE OKLAHOMA SHERIFF'S ASSOCIATION, INC.'s NOTICE
REGARDING SECOND SERVICE OF PETITION [DOC 2]</u>**

COMES NOW The Oklahoma Sheriff's Association, Inc. ("OSA") and respectfully submits this Notice to inform the Court of the following:

1.      On August 4, 2025, the OSA received a copy of Plaintiff's Petition and Summons [DOC 2] in the above-captioned matter.

2.      On August 22, 2025, the OSA timely filed a Motion to Dismiss pursuant to 28 U.S.C. § 2254(a), Fed. R. Civ. P. Rule 8, Rule 12(b)(6) and Rule 41 which remains pending before the Court [DOC 15].

3.      On August 26, 2025, the OSA again received from Plaintiff what appears to be an identical copy of the Petition and Summons [DOC 2].

4.      The OSA files this Notice to clarify that the second service does not alter the substance of the Petition or the procedural posture of the case. Accordingly, the OSA's previously filed Motion to Dismiss remains applicable and pending.

5.      The OSA respectfully requests that the Court consider the pending Motion to Dismiss [DOC 15] as responsive to the Petition received by the OSA on both occasions.

1

2

Respectfully submitted:

/s/ Sharon K. Parker
Sharon K. Parker, OBA #19010
**JPM LAW** | JAYNE PETERS MCVICKER BURKE
      ASKEW & PARKER
401 South Boston Ave., Suite 2000
Tulsa, OK  74103
(918) 938-7944 phone
(918) 938-7966 fax
sparker@jpmlawgroup.com
*Attorney for The Oklahoma Sheriff's Association, Inc.*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James D. Dunn
6080 E. 66th Street North
Tulsa, OK 74117
918-596-8704 - Telephone
jdunn@tcso.org
*Attorney for Tulsa County Sheriff*
*Tulsa County Sheriff's Office*

John Langford
P.O. Box 25352
Oklahoma City, OK  73125-0000
405-521-3638 – Telephone
John.langford@okdhs.org
*Attorney for Oklahoma Department of Human Services*

And sent to the following by U.S. Mail with proper postage thereon:

Linh Tran Stephens
1964 Ashley River Rd, Ste B, Unit 80112
Charleston, SC  29407
*Plaintiff pro se*

/s/ Sharon K. Parker
Sharon K. Parker

3

168

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

LINH TRAN STEPHENS,          )
                                      )

        Petitioner,         )
                                      )

v.                                 )        **Case No. 25-CV-0285-GKF-MTS**
                                      )

STATE OF OKLAHOMA, et al.,    )
                                      )

        Respondents.     )

## ORDER

Petitioner Linh Tran Stephens, a self-represented litigant, petitions for a writ of habeas corpus under 28 U.S.C. § 2254 but also seeks relief under 42 U.S.C. § 1983 for alleged violations of her federal rights by various state and local officials. Dkt. 2. Ms. Stephens describes this civil action as an "emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, combined with an emergency motion for a permanent restraining order and preliminary injunction, and a complaint for declaratory and injunctive relief under 42 U.S.C. § 1983." *Id.* at 20.[1] This matter is before the Court on the following motions: Ms. Stephens's motions seeking leave to obtain electronic case filing rights for non-attorneys (Dkts. 3, 4); a motion to dismiss by Defendants David L. Moss Correctional Center, Sheriff Vic Regalado and Deputy Sheriff Jacob Williamson (collectively, "TCSO Defendants") (Dkt. 8); a motion to dismiss by Defendants Oklahoma Department of Human Services and Oklahoma Child Support Services (collectively "OKDHS Defendants") (Dkt. 10); and a motion to dismiss by Defendant Oklahoma Sheriffs' Association (Dkt. 15). Ms. Stephens did not respond to the motions to dismiss, and the time to so do has

---

[1] The Court's citations refer to the CM/ECF header pagination.

expired.[2]    For two reasons, the Court grants the motions to dismiss and dismisses Ms. Stephens's

hybrid habeas petition/civil complaint and this civil action.    Based on the dismissal, the Court

dismisses as moot Ms. Stephens's motions for leave to obtain electronic case filing rights for non-

attorneys.

**I.        This Court lacks subject matter jurisdiction under 28 U.S.C. § 2254.**

First, to the extent Ms. Stephens invokes federal habeas jurisdiction and seeks a petition

for writ of habeas corpus, under 28 U.S.C. § 2254,[3] the Court agrees with TCSO Defendants and

OKDHS Defendants that this action must be dismissed for lack of subject matter jurisdiction

because Ms. Stephens has not alleged sufficient facts showing that she is "in custody" pursuant to

a state court judgment.    Dkt. 8 at 2-3; Dkt. 10 at 24-26.

Federal courts are empowered to grant a writ of habeas corpus to a "prisoner" if, among

other reasons, she is "in custody in violation of the Constitution or laws or treaties of the United

States."    28 U.S.C. § 2241(c)(3); *see* 28 U.S.C. § 2254(a) (specifically providing federal courts

authority to consider habeas petitions filed by state prisoners who allege they are "in custody in

violation of the Constitution or laws or treaties of the United States").

---

[2] Because Ms. Stephens appears without counsel, the Court liberally construes her filings. *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).    This rule of liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."    *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Ms. Stephens alleges this Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1343, 1651, and 2254.    Dkt. 2 at 22.

2

Ms. Stephens purports to seek a writ of habeas corpus to challenge her "custody" under a judgment entered against her in Tulsa County District Court Case No. FD-2015-2228, a domestic proceeding, and alleges she was sentenced to a six-month term of imprisonment, on May 8, 2025, "for alleged child support debt." Dkt. 2 at 2, 16. She also alleges she was "unlawfully detained and incarcerated for 60 days from February to April 2024" and that she relocated to South Carolina after her release from that period of incarceration. *Id.* at 34; *see also* Dkt. 2-1 at 33 (release order dated March 26, 2024, showing Ms. Stephens was released on "time served" for a charge of indirect contempt). Relevant to the May 2025 sentence, Ms. Stephens alleges "Judge Radford issued a default bench ruling against [Ms. Stephens] based solely on [Ms. Stephens's] inability to pay $350 in jury trial fees" and subsequently "issued a default bench conviction with a six-month jail sentence." *Id.* at 36-37. Ms. Stephens further alleges that, in June 2025 when she filed this civil action, she "face[d] imminent arrest and imprisonment for six months based on this void default judgment, which was rendered without jurisdiction, in violation of due process, and in contravention of [her] clearly established constitutional rights." *Id.* at 38. Ms. Stephens asserts she "is not currently in physical custody" but she should be deemed in custody because ""[t]he default judgment sentencing [her] to six months imprisonment and the imminent threat of arrest constitute significant restraints on liberty sufficient to invoke habeas jurisdiction." *Id.* at 43. In her request for relief, she asks this Court to "issue a writ of habeas corpus for [her] immediate release from the imminent six-month imprisonment for alleged child support debt; recall all warrants [and issue a] permanent restraining order enjoining Defendants from executing arrest

3

warrant against [her] or contempt hearings or any other relief to which petitioner may be entitled."
*Id.* at 16.

Even a self-represented litigant must allege sufficient facts to establish the existence of federal jurisdiction. *See Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012) (noting that the party invoking federal jurisdiction bears the burden to identify the basis of court's jurisdiction). Ms. Stephens has not alleged any facts showing she is "in custody" for purposes of invoking federal habeas jurisdiction. *See, e.g.*, *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973) ("Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate."). Instead, Ms. Stephens's allegations refer to detention for a sixty-day term she has already served and a potential future six-month detention she speculates might result from a bench warrant that might be executed should she travel to Oklahoma from her current residence in South Carolina. Dkt. 2 at 1, 43-45. Her allegations do not show that this is a case of special urgency or that the alleged restraints on her liberty are either severe or immediate. Because Ms. Stephens's allegations, accepted as true, do not show she is

4

"in custody" for purposes of invoking federal habeas jurisdiction, the Court concludes that this action shall be dismissed, in part, for lack of subject matter jurisdiction.[4]

## II.   Ms. Stephens's hybrid habeas petition/civil complaint is a deficient pleading.

Second, to the extent Ms. Stephens seeks relief under § 1983, she has sufficiently alleged jurisdiction under 28 U.S.C. § 1331 and 1343, but she has not properly commenced this civil action by filing a hybrid habeas petition/civil complaint.   A habeas proceeding under § 2254 is a special proceeding wherein a person in state custody can file a petition in federal court to challenge the lawfulness of her custody upon payment of a minimal ($5) filing fee.   In contrast, a civil action under § 1983 is a civil proceeding wherein any citizen can file a civil complaint in federal court to seek relief for alleged violations of her federal rights by state and local officials upon payment of more substantial ($405) filing and administrative fees.[5]

Even disregarding the improper attempt to combine two distinct types of civil actions in one pleading, the Court agrees with the moving defendants that Ms. Stephens's pleading does not comply with Federal Rule of Civil Procedure 8.   Dkt. 8 at 4-5; Dkt. 10 at 10-13; Dkt. 15 at 2, 5-

---

[4] To the extent this order could be considered a final adverse order entered against Ms. Stephens in a habeas proceeding, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253 because the lack of subject matter jurisdiction constitutes a plain procedural bar. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Further, even if the Court could reasonably construe Ms. Stephens's hybrid habeas petition/civil complaint as alleging sufficient facts to support federal habeas jurisdiction (which the Court does not), the Court would dismiss the pleading because, as discussed next, Ms. Stephens's attempt to bring a combined habeas action and civil rights action is improper and her pleading does not comply with Federal Rule of Civil Procedure 8.

[5] Ms. Stephens paid only the $5 filing fee necessary to commence a federal habeas action. Dkt. 5.

5

6.   Rule 8 establishes basic but important requirements for a pleading filed in federal court. Specifically, a pleading "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."   Fed. R. Civ. P. 8(a); *see Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted.").   Though Ms. Stephens appears without counsel, she is subject to Rule 8(a)'s pleading requirements.   *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("Although we construe Green's pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants."); LCvR17-1(d) ("A pro se party is required to comply with all applicable local rules and all applicable federal rules.").

Ms. Stephens's seventy-two-page hybrid habeas petition/civil complaint purports to assert multiple claims against multiple individual state officials, employees, or entities who allegedly caused her some kind of harm during what appears to be an ongoing domestic proceeding in state court.   Dkt. 2 at 1, 17-18, 25-34.   Ms. Stephens asserts that she "seeks emergency intervention from this Court to prevent her imminent arrest and unlawful imprisonment under a void order issued without jurisdiction, in violation of due process, and in contravention of clearly established constitutional protections."   *Id.* at 21.   She then identifies eleven claims, the first of which purports to seek federal habeas relief, the remainder of which alleged constitutional violations, all of which she asserts against "all defendants," and most of which fail to identify specific actions or

6

omissions of particular defendants. *Id.* at 19-20, 43-66. For example, Ms. Stephens describes her second claim as one alleging a violation of her Fourteenth Amendment right to due process and asserts:

> Defendants, acting under color of state law, have violated and continue to violate Plaintiff's procedural and substantive due process rights by: a. Proceeding with a hearing despite Plaintiff's filed jurisdictional challenge and removal to federal court; b. Denying Plaintiff the opportunity to be heard by refusing her virtual attendance while granting this accommodation to the opposing party; c. Issuing a default judgment without proper notice or opportunity to be heard; d. Failing to conduct a Rule 8 hearing on Plaintiff's ability to pay despite her documented financial indigency; e. Threatening observers with arrest, thereby denying Plaintiff's right to a public trial; f. Refusing to accept payment for a court reporter, thereby preventing the creation of an accurate record for appeal. G. Summarily denying Plaintiff's formal objections to special judges and her demands for an Article III constitutional judge, without legal justification or written explanation.

*Id.* at 45. Two paragraphs later and within the second claim, Ms. Stephens mentions "state court's actions," and, perhaps, all allegations in support of her second claim could be understood as referring to actions and omissions of one or more state courts and/or individual state judges. *Id.* at 46. In her tenth claim, Ms. Stephens alleges "all Defendants . . . engaged in a civil conspiracy to deprive" her of her rights under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments. *Id.* at 57-61. As to this claim, Ms. Stephens does identify specific actions of some defendants, but she also states that she asserts this claim against all Defendants. *Id.* at 58-61. Critically, it falls to the plaintiff in a federal lawsuit to make plain how each individual defendant allegedly harmed her through that individual defendant's actions or omissions. Fed. R. Civ. P. 8(a); *see Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (noting that in § 1983 actions involving multiple defendants "it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants" because § 1983 is a "vehicle[] for imposing personal liability on government officials"

7

(emphases in original) (citations and internal quotation marks omitted)).   Stated another way, when a plaintiff files a pleading asserting multiple claims against multiple defendants and identifies each claim as asserted against "all defendants," neither an individual defendant nor a federal district court is required to speculate about which, if any, claims each individual defendant must defend against.   *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("We need not speculate, because the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants.   Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

Ms. Stephens's requests for relief are similarly framed as applying to all Defendants.   For example, she asks this Court to:   "[i]ssue an immediate permanent restraining order and preliminary injunction enjoining Defendants from executing any arrest warrant against Plaintiff, taking any action to enforce the default judgment or alleged child support orders or debts, or otherwise interfering with Plaintiff's liberty based on the default judgment"; declare the state court default judgment "void ab initio and unenforceable"; "[d]eclare that Defendants violated Plaintiff's due process rights by denying her the opportunity to be heard while granting that opportunity to the opposing party"; and "[d]eclare that Defendants violated the Americans with Disabilities Act by denying reasonable accommodations to Plaintiff."   Dkt. 2 at 69.

Because Ms. Stephens's pleading does not comply with Federal Rule of Civil Procedure 8(a)'s basic pleading requirements and does not provide fair notice to each individual defendant

8

of the claim or claims against which he or she must defend, the Court grants the pending motions to dismiss and dismisses the hybrid habeas petition/civil complaint, in part, as a deficient pleading. Further, because Ms. Stephens did not pay the filing fee necessary to commence a civil action under § 1983 when she included § 1983 claims in her hybrid habeas petition/civil complaint, the Court concludes that the dismissal shall be without prejudice and without leave to amend.   Should Ms. Stephens wish to pursue a civil action under § 1983, she must file a civil complaint, not a habeas petition or a hybrid pleading that improperly combines habeas and § 1983 claims and must pay the $405 fees necessary to commence a civil action.

**IT IS THEREFORE ORDERED** that the motion to dismiss by Defendants David L. Moss Correctional Center, Sheriff Vic Regalado and Deputy Sheriff Jacob Williamson (Dkt. 8), the motion to dismiss by Defendants Oklahoma Department of Human Services and Oklahoma Child Support Services (Dkt. 10), and the motion to dismiss by Defendant Oklahoma Sheriffs' Association (Dkt. 15) are **granted**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus (Dkt. 2) is construed in part has a petition seeking relief under 28 U.S.C. § 2254 and is **dismissed without prejudice** in part for lack of subject matter jurisdiction; and is construed in part as a civil complaint seeking relief under § 1983 and is **dismissed without prejudice** in part for failure to comply with Federal Rule of Civil Procedure 8.

**IT IS FURTHER ORDERED** that Ms. Stephens's motions seeking leave to obtain electronic case filing rights for non-attorneys (Dkts. 3 and 4) are **dismissed as moot**.

9

IT IS FURTHER ORDERED that this is a final order terminating this action, a certificate of appealability is **denied**, and a separate judgment of dismissal shall be entered herewith.

DATED this 21st day of January, 2026.


Gregory K. Frizzell
United States District Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINH TRAN STEPHENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-0285-GKF-MTS |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### JUDGMENT OF DISMISSAL

In an order filed contemporaneously herewith, the Court dismissed without prejudice Petitioner Linh Tran Stephens's petition for a writ of habeas corpus under 28 U.S.C. § 2254, in part for lack of subject matter jurisdiction and in part for failure to comply with Federal Rule of Civil Procedure 8(a).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that this judgment of dismissal is entered in favor of Defendants and against Plaintiff.

**DATED** 21st day of January, 2026.

Gregory K. Frizzell
United States District Court

179

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

---

**Linh Tran Stephens,**
a natural living woman, sui juris,
Plaintiff-Appellant,

**v.**

**STATE OF OKLAHOMA, et al.,**
Defendants-Appellees.

---

**Lower Court Case No.: 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS
U.S. District Court, Northern District of Oklahoma
Assigned Article III Judge: Sarah E. Hill**

---

**NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT AND COMBINED EMERGENCY**

**MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL**

**PURSUANT TO FED. R. APP. P. 4(a)(6) AND MOTION**

**FOR RELIEF FROM VOID JUDGMENT PURSUANT TO**

**FED. R. CIV. P. 60(b)(4) AND 60(d)(3) FOR**

**FRAUD UPON THE COURT**

**FILED BY:**
**Linh Tran Stephens / Agent, living woman**
c/o P.O. Box 80112
Charleston County, South Carolina [29416]
Email: linhstephens7@gmail.com
Telephone: 843-608-0294
**Plaintiff-Appellant, sui juris, appearing in propria persona**

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 1 of 26*

## TABLE OF CONTENTS

I.   NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT .............. 2

II.  AFFIDAVIT — STATEMENT OF FACTS (First Person, Sworn) ................................ 4

III. MOTION TO REOPEN TIME TO FILE NOA (FRAP 4(a)(6)) ................................... 8

IV.  MOTION FOR RELIEF FROM VOID JUDGMENT — FRCP 60(b)(4) & 60(d)(3) .. 10

V.   LEGAL ARGUMENTS AND LANDMARK AUTHORITIES ................................... 12

VI.  PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS ......................... 18

VII. PREEMPTIVE DEFENSES AGAINST MOTION TO DISMISS ............................ 19

VIII. DEMAND AND RELIEF SOUGHT ...................................................................... 22

IX.  DEMAND FOR JURY TRIAL .............................................................................. 23

X.   NOTARY SECTION (COMMON LAW) ................................................................ 24

XI.  CERTIFICATE OF SERVICE ............................................................................. 25

## I. NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT

PLEASE TAKE NOTICE that Linh Tran Stephens (lower case), Plaintiff-Appellant herein, a natural living woman, sui juris, one-and-only agent and beneficiary of LINH TRAN STEPHENS©®, hereby gives notice of appeal to the United States Court of Appeals for the Tenth Circuit from the final Judgment entered in the above-captioned case in the United States District Court for the Northern District of Oklahoma, in Case **4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**, including any and all orders, dismissals, rulings, and entries adverse to Plaintiff, including but not limited to the Judgment referenced in docket entry notation dated on or about March 9–10, 2026 (Re: Document 19, Judgment, Entering Judgment).

Jurisdiction of the Tenth Circuit Court of Appeals is conferred pursuant to:

• 28 U.S.C. § 1291 — Final decisions of district courts;

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 2 of 26*

• 28 U.S.C. § 1292(a) — Interlocutory orders respecting injunctions;

• 28 U.S.C. § 1331 — Federal question jurisdiction;

• 28 U.S.C. § 1343 — Civil rights jurisdiction;

• 42 U.S.C. § 1983 — Deprivation of rights under color of law;

• 28 U.S.C. § 2241 — Habeas Corpus as to minor child G.L.S.;

• Fed. R. App. P. 3 and 4(a) — Notice of Appeal rules;

• Fed. R. App. P. 4(a)(6) — Motion to Reopen Time to File Notice of Appeal.

Plaintiff-Appellant is a free [nonblack] person and stateless citizen ("woman" of the "Union"), in accordance with the statements made by the Honorable Justice Miller in the Slaughter-House Cases, 83 US 36 (U.S. Supreme Court - 1873), and the Honorable Chief Justice Wallace in ELLEN R. VAN VALKENBURG v. ALBERT BROWN, 43 Cal. 43 (California Supreme Court - 1872). Linh Tran Stephens is not and has never been a U.S. citizen, as clearly delineated in 28 USC 1332(a)(1). The rights of Linh Tran Stephens the sentient being are derived from the Bill of Rights, not from the 14th Amendment. Linh Tran Stephens is neither a negro nor a descendant of such. Linh Tran Stephens would be considered a "people" in plural usage. Linh Tran Stephens' biological property is G.L.Stephens as her flesh and blood. Linh Tran Stephens was the indorser and representative on the two original notes executed with the SBA.

Meanwhile, LINH TRAN STEPHENS©® is a 14th Amendment US citizen in accordance with 8 USC 1401(a), deriving her standing from the privileges and immunities available in the 14th Amendment, and would be termed a "person" in plural usage. She was born on February 09th, 1984. She falls under the subheading of "individual" in the definition of the word "person" as described in 8 USC 1101(b)(3). The

legal structure of LINH TRAN STEPHENS©® is a sole proprietorship. Her EIN number is the "Social Security Number" that was used on these original notes, in accordance with 26 CFR 301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes, the represented person/account holder/issuer of the original notes executed with the SBA.

## II. AFFIDAVIT — STATEMENT OF FACTS

**(First Person, Sworn, in Affidavit Form — Fed. R. Evid. 602 / 28 U.S.C. § 1746)**

I, Linh Tran Stephens (lower case), a natural living woman breathing with a living soul and Holy Spirit, of sound mind and competent to testify, do hereby solemnly declare, affirm, and state under penalty of perjury under the laws of the United States of America that the following facts are true and correct to the best of my personal knowledge, information, and belief:

1. I, Linh Tran Stephens, am the Plaintiff-Appellant in this matter. I am a natural living woman, sui juris, exercising my inherent sovereign rights. I previously served as an active-duty officer in the U.S. Navy Medical Corps for five (5) years, followed by employment at Veterans Affairs and Indian Health Services at the Cherokee Nation until 2020. I am now a private civilian and have never waived my constitutionally protected rights.

2. On or about 06/06/2025 I filed writs of Habeas for myself and my female offspring **case No. 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**. On approximately July 30, 2025, I filed my Second Amended Federal Claims (Document 19) in Case No. 4:25-cv-00322-SEH-JFJ before the United States District Court for the Northern District

of Oklahoma ("the lower court"), asserting 32 causes of action against 84 named Defendants for systemic, organized, and ongoing violations of my constitutional rights, civil rights, and those of my biological offspring (private property) G.L.Stephens, including but not limited to violations under 42 U.S.C. §§ 1983, 1985, 1986, ERISA, RICO (18 U.S.C. § 1962), ADA, and the Federal Tort Claims Act,

3. I have not received any emails nor mail except finally received electronic notification via email from the court's docketing system on **March 23, 2026** titled "4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)" from CourtListener but zero emails from PACER (**see Exhibit #1**), reading verbatim as follows: "**Mar 9, 2026 MAIL to Linh Tran Stephens Returned — address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment) (mm, Dpty Clk) (Entered: 03/10/2026).**" This was the first and only notice I received regarding any judgment being entered against me. **See EXHIBIT #1.** As I clicked on the email I found out (see Exhibit #1) : **"ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026)"** and **"JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026)".** I went on to PACER website to look up related Habeas 4:25-cv-00286-CVE-MTS **and found out, similarly, "ORDER by Judge Claire V**

**Eagan - The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is dismissed without prejudice for lack of subject matter jurisdiction, and a certificate of appealability is denied. This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith. Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are dismissed as moot. ; denying certificate of appealability; dismissing [2] Petition for Writ of Habeas Corpus (2241/2254); finding as moot [4] Motion for Miscellaneous Relief; finding as moot [7] Motion to Dismiss for Failure to State a Claim; finding as moot [7] Motion to Dismiss for Lack of Jurisdiction (RGG, Chambers).**

4. I declare under penalty of perjury that I never received the original mailed notice of any judgment from the lower court. The court's mail to me was returned marked "address unknown," (see docket files), yet I continue to receive mail from other senders, including commercial entities, at my known address. The lower court possessed my contact information, including my email address, which I provided in my filings, and yet no electronic notice was sent prior to the mail-returned event and the mentioned email above.

5. The return of my mail as "address unknown" was legally improper, as I have at all times maintained a known and serviceable address and contact information. My address is known through public records, my court filings, my website at www.linhstephens.com, and through the online evidence folder at https://tinyurl.com/4cdv5u56. The court's failure to effect proper notice constitutes a

denial of due process and deprived me of the opportunity to timely file a Notice of Appeal.

6. Had I received timely notice of the entry of judgment, I would have immediately filed this Notice of Appeal. My intent to appeal has been consistent and continuous throughout this litigation, as evidenced by my prior appellate filings, emergency motions, and the record on appeal to the Tenth Circuit in related Case No. 24-CV-216-JDR-CDL.

7. The lower court apparently dismissed my Second Amended Federal Claims without holding a jury trial, without affording me the procedural protections guaranteed under the Fifth and Fourteenth Amendments, and without providing me written findings of fact and conclusions of law sufficient for appellate review, in violation of Fed. R. Civ. P. 52(a) and my due process rights against private citizens on top of public servants, and as private citizens are not covered under the "immunity" clause!

8. The actions of the Defendants, including judicial actors acting in concert, constitute a fraud upon the court and a continuing enterprise designed to deprive me and my biological offspring (private property) G.L.Stephens of our fundamental constitutional rights, our liberty, our property, and our family association. The systematic return of court mail and denial of notice are part of this ongoing pattern and practice.

9. I make this declaration knowingly, willingly, and intentionally, with full knowledge that an unrebutted affidavit stands as truth in commerce, and that silence or non-response is tacit acquiescence. Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent. This Notice applies to all successors and assigns.

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 7 of 26*

10. I am not a surety and I do not consent to your attempted body attachment warrant. I hereby reserve the right to amend this petition at any time as a matter of right and equity.

### III. MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL

### PURSUANT TO FED. R. APP. P. 4(a)(6) AND 28 U.S.C. § 2107(c)

Plaintiff-Appellant Linh Tran Stephens respectfully moves this Court and/or the lower court to reopen the time to file a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(6), or in the alternative, to find this Notice timely filed because Plaintiff did not receive notice of the judgment within 21 days after its entry, as required by Fed. R. Civ. P. 77(d).

### A. Legal Standard — FRAP 4(a)(6)

Federal Rule of Appellate Procedure 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, provided:

> (A) the court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

See *Bowles v. Russell*, 551 U.S. 205 (2007); *Benavides v. Bureau of Prisons,* 79 F.3d 1211 (D.C. Cir. 1996);

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 8 of 26*

## B. All Requirements of FRAP 4(a)(6) Are Met

First: Plaintiff did not receive notice of the entry of judgment within 21 days after entry. The docket entry of March 10, 2026, expressly confirms that mail sent to Plaintiff was "Returned — address has been changed to address unknown." This is direct, documentary evidence that Plaintiff received no notice within 21 days of entry, satisfying FRAP 4(a)(6)(A). See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).

Second: This motion and Notice of Appeal are filed within 180 days of judgment entry, and within 14 days of Plaintiff's receipt of notice of the entry via the court's electronic notification system. This motion is therefore timely under FRAP 4(a)(6)(B).

Third: No Defendant would suffer any cognizable prejudice from the reopening of the time to appeal. Defendants are state actors who have enjoyed the benefit of an improperly noticed judgment. Equity and due process demand that Plaintiff be afforded the right to appeal. See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).

## C. Due Process Independently Requires Reopening

Separately and independently, the Due Process Clause of the Fifth and Fourteenth Amendments requires that Plaintiff receive adequate notice before a judgment becomes final against her. The lower court's failure to provide notice via alternative means (email, CM/ECF, phone) after learning that mailed notice was returned constitutes a due process violation. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Jones v. Flowers, 547 U.S. 220 (2006). Where a party does not receive notice that mail was returned undeliverable, additional steps are constitutionally required. Jones v. Flowers, 547 U.S. 220 (2006). Westar Energy, Inc. v. Lake , 552 F.3d 1215 (10th Cir.

2009) — Tenth Circuit authority on notice requirements and reopening time to appeal Spitznas v. Boone , 464 F.3d 1213 (10th Cir. 2006) — Tenth Circuit on procedural requirements for appeals. *Robinson v. Wichita State University* required that courts must use available electronic means when physical mail fails! *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4). *United States v. Buck*, 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

*Dusenbery v. United States*, 534 U.S. 161 (2002) — SCOTUS on adequacy of notice; government must provide notice "reasonably calculated" to apprise interested parties

## IV. MOTION FOR RELIEF FROM VOID JUDGMENT

## FED. R. CIV. P. 60(b)(4) AND 60(d)(3) — FRAUD UPON THE COURT

In the alternative, and without waiving any position herein, Plaintiff-Appellant moves for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(4) (void judgment) and 60(d)(3) (fraud upon the court), which carry no time limitation.

### A. The Judgment Is Void — FRCP 60(b)(4)

A judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction or denied a party due process of law. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000). Where the district court dismissed Plaintiff's claims without affording her notice, without a jury trial, and without written findings of fact and conclusions of law, the resulting judgment is void and must be vacated. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220 (10th Cir. 1979) is a key federal appellate case holding that a judgment is void under

---

Federal Rule of Civil Procedure 60(b)(4) only if the court lacked jurisdiction over the subject matter or parties, or acted in a manner inconsistent with due process. A judgment is not void simply because it is erroneous.

Under the Tenth Circuit's established jurisprudence, a void judgment is a legal nullity that may be attacked at any time, in any proceeding. Orner v. Shalala, 30 F.3d 1307 (10th Cir. 1994); Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974) ("Jurisdiction can be challenged at ANY time").

Gschwind v. Cessna Aircraft Co. , 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4).

United States v. Buck , 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

### B. Fraud Upon the Court — FRCP 60(d)(3)

Rule 60(d)(3) expressly preserves a court's power to "set aside a judgment for fraud on the court," subject to no time limitation. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). The systematic and coordinated pattern of conduct by Defendants, acting in concert with judicial officers, state agencies, and Bar card attorneys, as described in the Second Amended Federal Claims, constitutes a fraud upon the court vitiating the judgment. United States v. Throckmorton, 98 U.S. 61 (1878) ("Fraud vitiates everything it touches").

Plaintiff's Second Amended Federal Claims documented with particularity:

---

• Fabricated and false representations by DHS, CPS, and CSS agents to state and federal courts;

• Forgery of signatures and submission of materially false documents to courts;

• Coordination between judicial officers and opposing parties' attorneys;

• Illegal garnishment of ERISA-protected 401(k) retirement accounts;

• Revocation of Plaintiff's passport in violation of her fundamental right to travel;

• RICO enterprise conduct among judicial actors, bar card attorneys, and state agencies;

• Forced debtor's prison / contempt proceedings in violation of constitutional prohibitions.

## V. LEGAL ARGUMENTS, LANDMARK AUTHORITIES, AND CAUSES OF ACTION ON APPEAL

**A. Violation of Due Process (5th and 14th Amendments) — 42 U.S.C. § 1983**

The lower court dismissed Plaintiff's claims without adequate process in violation of the Due Process Clause. SCOTUS: Mathews v. Eldridge, 424 U.S. 319 (1976) (balancing test for procedural due process); Fuentes v. Shevin, 407 U.S. 67 (1972); Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Tenth Circuit: Camuglia v. City of Albuquerque, 448 F.3d 1214 (10th Cir. 2006). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 18 U.S.C. § 242. Mathews v. Eldridge analysis should be explicitly applied to the facts — courts expect the three-factor balancing test to be applied, not just cited. Carey v. Piphus , 435 U.S. 247 (1978) — SCOTUS on damages for procedural due process violations under § 1983

**B. Void Judgment — Lack of Article III Jurisdiction**

The lower court's judgment was entered by or at the behest of non-Article III judges (special judges, magistrates) to whom Plaintiff made permanent objection. Plaintiff permanently and continuously objects to any special judges, magistrates, or alternatives/substitutes other than Article III constitutional judges. Constitutional authority: Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982); Stern v. Marshall, 564 U.S. 462 (2011); Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015). USC: 28 U.S.C. § 636; Art. III, U.S. Const.

**C. First Amendment Violations (Speech, Religion, Association) — 42 U.S.C. § 1983**

Defendants retaliated against Plaintiff for her constitutionally protected speech, religious beliefs, and associational rights as a medical professional, mother, and sovereign woman. SCOTUS: Snyder v. Phelps, 562 U.S. 443 (2011); Pickering v. Board of Education, 391 U.S. 563 (1968) (public employee speech on matters of public concern) or Connick v. Myers, 461 U.S. 138 (1983) for public entity "LINH TRAN STEPHENS"; NAACP v. Claiborne Hardware Co., 458 U.S. 886 (1982). USC: 42 U.S.C. § 1983; 18 U.S.C. § 241.

**D. ERISA Violations — Unlawful Garnishment of Retirement Accounts — 29 U.S.C. § 1056(d)**

State actors unlawfully garnished Plaintiff's ERISA-protected 401(k)/retirement accounts in violation of ERISA's anti-alienation provisions. SCOTUS: Guidry v. Sheet Metal Workers National Pension Fund, 493 U.S. 365 (1990); Patterson v. Shumate, 504 U.S. 753 (1992). Tenth Circuit: Cowen v. Board of Trustees of State Employees' Retirement System, 703 F.2d 1019 (7th Cir. 1983). USC: 29 U.S.C. § 1056(d); 26 U.S.C. §

401(a)(13). In re Youngblood, 29 F.3d 225 (5th Cir. 1994) for ERISA anti-alienation in the domestic relations context. *Boggs v. Boggs*, 520 U.S. 833 (1997) — SCOTUS on ERISA preemption of state domestic relations law. 1 *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 555 U.S. 285 (2009) — ERISA plan administrator obligations. *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) — ERISA preemption of state law affecting plan benefits

**E. Passport Revocation — Right to International Travel — 42 U.S.C. § 1983**

Defendants caused the revocation of Plaintiff's U.S. passport, unconstitutionally restricting her fundamental right to travel internationally. SCOTUS: Aptheker v. Secretary of State, 378 U.S. 500 (1964); Kent v. Dulles, 357 U.S. 116 (1958); Haig v. Agee, 453 U.S. 280 (1981). USC: 42 U.S.C. § 1983; 22 U.S.C. § 2714; 18 U.S.C. § 242.

**F. Civil RICO — 18 U.S.C. § 1962 — Pattern of Racketeering Activity**

Defendants constitute an enterprise engaging in a pattern of racketeering activity including mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), extortionate collection of child support (18 U.S.C. § 894), forgery, and deprivation of rights under color of law. SCOTUS: Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989); Boyle v. United States, 556 U.S. 938 (2009). USC: 18 U.S.C. §§ 1961-1968; 42 U.S.C. § 1983. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) — SCOTUS on RICO proximate causation requirement. *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008) — RICO mail fraud predicate acts. *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) — Tenth Circuit RICO case; critical for establishing what the Tenth Circuit requires for civil RICO pleading

---

**G. Monell Liability — 42 U.S.C. § 1983 — Unconstitutional Policies and Customs**

The State of Oklahoma and its agencies (OKDHS, CPS, CSS, OAH, Tulsa County District Court, OSBI) maintained official policies, customs, and practices that caused the constitutional violations alleged. Monell v. Department of Social Services, 436 U.S. 658 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); City of Canton v. Harris, 489 U.S. 378 (1989); Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397 (1997). Tenth Circuit: Bryson v. City of Oklahoma City, 627 F.3d 784 (10th Cir. 2010). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 28 U.S.C. § 1343.

**H. ADA Title II Violations — 42 U.S.C. § 12131 et seq.**

Defendants failed to accommodate Plaintiff's documented disabilities in judicial proceedings and administrative hearings, and failed to provide equal access to court services. SCOTUS: Tennessee v. Lane, 541 U.S. 509 (2004); United States v. Georgia, 546 U.S. 151 (2006). USC: 42 U.S.C. § 12131 et seq.; 29 U.S.C. § 794; 42 U.S.C. § 1983.

**I. Title IV-D Unconstitutional Federalization and Child Support Enforcement**

Defendants weaponized Title IV-D child support enforcement mechanisms as a revenue-generating and punitive enterprise, violating Plaintiff's due process and equal protection rights. The entire child support enforcement scheme as applied to Plaintiff was unconstitutional. Blessing v. Freestone, 520 U.S. 329 (1997) and Gonzaga University v. Doe, 536 U.S. 273 (2002).; Turner v. Rogers, 564 U.S. 431 (2011). USC: 42 U.S.C. §§ 651-669b; 42 U.S.C. § 1983; 15 U.S.C. § 1673. *Blessing v. Freestone*, 520 U.S. 329 (1997) — SCOTUS on whether Title IV-D creates individually enforceable rights (important to understand and distinguish). *Gonzaga University v. Doe*, 536 U.S.

273 (2002) — Limits on § 1983 enforcement of federal statutes. *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011) — Content-based speech restrictions (if applicable to child support enforcement communications)

## J. Fraud Upon the Court / Void Judgments — 60(d)(3)

Judicial officers, GAL Hale, DHS attorneys, and Defendants acted in concert to commit fraud upon the courts, rendering all judgments void and subject to vacatur at any time with no statute of limitations. SCOTUS: Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); Chambers v. NASCO, Inc., 501 U.S. 32 (1991); United States v. Throckmorton, 98 U.S. 61 (1878). Tenth Circuit: Weese v. Schukman, 98 F.3d 542 (10th Cir. 1996).

## K. Conspiracy Against Rights — 42 U.S.C. § 1985 and 18 U.S.C. § 241

Two or more Defendants conspired to deprive Plaintiff and her daughter of their constitutionally guaranteed rights. SCOTUS: Griffin v. Breckenridge, 403 U.S. 88 (1971) and United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983) both are the primary authorities and explicitly allege racial/gender-based animus to satisfy Scott's requirements. USC: 42 U.S.C. § 1985; 18 U.S.C. § 241.

## L. Habeas Corpus — Unlawful Detention of Minor Child G.L.S. — 28 U.S.C. § 2241

Plaintiff's biological offspring (private property) G.L.Stephens, as Plaintiff's biological property and flesh-and-blood offspring, is being unlawfully detained by state actors without constitutionally adequate process. SCOTUS: Troxel v. Granville, 530 U.S. 57 (2000) (fundamental right of parents to direct upbringing of children); Santosky v. Kramer, 455 U.S. 745 (1982) (heightened standard for parental rights termination); Stanley v. Illinois, 405 U.S. 645 (1972). USC: 28 U.S.C. § 2241; 42 U.S.C. § 1983.

*Meyer v. Nebraska*, 262 U.S. 390 (1923) — Foundational substantive due process for family rights. *Pierce v. Society of Sisters*, 268 U.S. 510 (1925) — Parental right to direct upbringing. *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) — SCOTUS on due process in parental rights termination proceedings; state cannot deny appeal due to inability to pay transcript costs. *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981) — Due process in parental rights proceedings.

**M. Equal Protection Violations — 14th Amendment / 42 U.S.C. § 1983**

Plaintiff, as a woman of Vietnamese heritage and a medical professional, was subjected to discriminatory treatment by state actors operating with racial, gender, and retaliatory animus. SCOTUS: Washington v. Davis, 426 U.S. 229 (1976); Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977); Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256 (1979) with Yick Wo v. Hopkins, 118 U.S. 356 (1886) (discriminatory application of facially neutral law against Chinese immigrants — directly analogous to racial animus against a Vietnamese-American plaintiff). USC: 42 U.S.C. § 1983; 42 U.S.C. § 1981.

*Yick Wo v. Hopkins*, 118 U.S. 356 (1886) — Landmark case directly applicable,

**N. False Claims Act Violations — 31 U.S.C. § 3729 et seq.**

Defendants made false certifications and claims to the federal government in connection with Title IV-D funding, child welfare funding, and other federal programs. SCOTUS: Universal Health Services v. United States ex rel. Escobar, 579 U.S. 176 (2016). USC: 31 U.S.C. §§ 3729-3733.

 **O. Violations of Official Oaths of Office — Breach of Fiduciary Duty**

---

All named judicial officers, government employees, and BAR card attorneys took oaths to support and defend the Constitution and breached those oaths in their conduct toward Plaintiff. SCOTUS: Cooper v. Aaron, 358 U.S. 1 (1958) (supremacy of federal constitutional law over state officials); Ex parte Young, 209 U.S. 123 (1908). USC: 5 U.S.C. § 7311; 18 U.S.C. § 1918; Art. VI, U.S. Const.

**P. Civil Rule 11 Sanctions — Fed. R. Civ. P. 11**

Plaintiff hereby places all Defendants, their counsel, and any Bar card attorneys upon notice that she reserves and hereby asserts the right to seek sanctions under Fed. R. Civ. P. 11(c) for filing of pleadings, motions, and papers lacking evidentiary support, not warranted by existing law, and advanced for improper purposes including harassment and delay. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). USC: 28 U.S.C. § 1927; Fed. R. Civ. P. 11.

## VI. PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS

– Plaintiff Linh Tran Stephens hereby makes PERMANENT AND CONTINUOUS OBJECTION to any special judges, magistrates, and any alternatives or substitutes other than Article III constitutional judges, using common law and constitutional law. This objection is perpetual and applies in all proceedings in this matter.

– I AM NOT A SURETY AND I DO NOT CONSENT TO YOUR ATTEMPTED BODY ATTACHMENT WARRANT. Any and all such warrants must be immediately and permanently revoked.

---

– I do not consent to state courts' proceedings. All courts' offers are not accepted. I demand the bond be immediately brought forward so I may inspect who will indemnify me if damaged. I demand a written indictment and trial by jury of my peers.

– I reserve the right to amend this petition at any time as a matter of common law right, equity, and natural justice. Plaintiff's reservation of rights under UCC § 1-308 is expressly preserved.

## VII. PREEMPTIVE DEFENSES AGAINST ANTICIPATED MOTIONS TO DISMISS

### A. Against Dismissal for Lack of Standing

Plaintiff has standing as a natural living woman, a mother whose parental rights were violated, a licensed medical professional whose license was targeted, and a citizen whose constitutional rights were directly infringed. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) (injury in fact, causation, redressability all present). Plaintiff's injuries are concrete, particularized, actual, and ongoing.

### B. Against Dismissal Under Rooker-Feldman Doctrine

The Rooker-Feldman doctrine does not bar Plaintiff's claims because Plaintiff is not seeking to overturn a state court judgment; rather, she alleges independent constitutional violations by state actors that occurred before, during, and after state court proceedings. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); Skinner v. Switzer, 562 U.S. 521 (2011); Lance v. Dennis, 546 U.S. 459 (2006). The lower court's virtual abandonment of its "virtually unflagging" obligation to exercise jurisdiction was itself an error of constitutional dimension.

### C. Against Dismissal Under Younger Abstention

Younger abstention does not apply because: (1) the harm is irreparable; (2) the state proceedings were not pending at the time of filing; (3) the state court is itself a party and cannot provide an adequate forum; and (4) the bad-faith exception applies given the documented fraud upon state courts. Younger v. Harris, 401 U.S. 37 (1971); Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Mitchum v. Foster, 407 U.S. 225 (1972) (§ 1983 is an express exception to the Anti-Injunction Act).

## D. Against Absolute Judicial Immunity Defense

Judicial immunity does not apply when a judge acts in the complete absence of jurisdiction, when the judge acts as a co-conspirator in a RICO enterprise, and when the judge commits fraud upon the court. Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Non-judicial acts by judicial officers are not immune. Forrester v. White, 484 U.S. 219 (1988). Criminal conduct is never immune.

## E. Against Qualified Immunity for Individual Defendants

Qualified immunity does not protect officials who violate clearly established constitutional rights. Pearson v. Callahan, 555 U.S. 223 (2009); Hope v. Pelzer, 536 U.S. 730 (2002). The constitutional rights violated by Defendants were clearly established at all relevant times, and any reasonable official would have known their conduct was unlawful. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Saucier v. Katz, 533 U.S. 194 (2001).

## F. Against Eleventh Amendment Immunity

The Eleventh Amendment does not bar: (1) prospective injunctive relief under the Ex parte Young doctrine; (2) federal claims under 42 U.S.C. § 1983 against individual state

actors in their personal capacity; and (3) claims where the State has waived immunity. Ex parte Young, 209 U.S. 123 (1908); Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Seminole Tribe v. Florida, 517 U.S. 44 (1996).

## G. Against Res Judicata / Collateral Estoppel

Res judicata does not apply to void judgments, judgments obtained by fraud upon the court, or where there was no full and fair opportunity to litigate due to the constitutional violations alleged. Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982); Allen v. McCurry, 449 U.S. 90 (1980). Fraud vitiates all. U.S. v. Throckmorton, 98 U.S. 61 (1878).

## H. Against Failure to State a Claim (FRCP 12(b)(6))

Plaintiff's Second Amended Federal Claims, 112 pages in length with 32 causes of action and comprehensive factual allegations, more than satisfies the pleading standard under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007).

## I. Against Exhaustion Arguments

Plaintiff exhausted all available administrative remedies: she submitted a Notice of Tort Claim to the State of Oklahoma on September 24, 2024, which was denied as of December 17, 2024 (Claim No. 2520034513), and more than 180 days have passed without resolution. No further administrative exhaustion is required for § 1983 claims. Patsy v. Board of Regents, 457 U.S. 496 (1982).

## J. Against Statute of Limitations Arguments

---

Fraud upon the court carries no statute of limitations. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). § 1983 claims accrue upon discovery of the injury. Rotella v. Wood, 528 U.S. 549 (2000). Continuing violations doctrine extends the limitations period for ongoing civil rights violations. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

## VIII. DEMAND AND RELIEF SOUGHT

WHEREFORE, Plaintiff-Appellant Linh Tran Stephens, a natural living woman, sui juris, respectfully demands:

1. That this Honorable Court of Appeals accept jurisdiction over this appeal;

2. That this Court reopen the time to file this Notice of Appeal under FRAP 4(a)(6), or in the alternative, find this Notice timely filed;

3. That this Court vacate and reverse the lower court's judgment as void and obtained in violation of due process and by fraud upon the court;

4. That this Court remand with instructions to: (a) assign this matter exclusively to an Article III constitutional judge; (b) provide Plaintiff full opportunity to conduct discovery, present evidence, and try her case before a jury of her peers; (c) restore all stayed proceedings;

5. That this Court issue an emergency injunction restoring Plaintiff's rights and those of her biological offspring (private property) G.L.Stephens, including immediate reunification;

6. That this Court order the reinstatement of Plaintiff's passport and right to international travel;

7. That this Court order the immediate cessation of any and all unlawful garnishments of Plaintiff's ERISA-protected retirement accounts;

8. That this Court award Plaintiff compensatory and punitive damages against all Defendants in the millions of dollars as proven at trial;

9. That this Court award attorney fees and costs pursuant to 42 U.S.C. § 1988;

10. That this Court order civil RICO treble damages pursuant to 18 U.S.C. § 1964(c);

11. Any and all such other and further relief as this Court deems just, proper, and equitable.

THIS SUPERIOR COURT IS HEREBY DEMANDED TO PROVIDE WRITTEN STATEMENTS OF FACT AND CONCLUSIONS OF LAW, RATHER THAN ANY ABUSIVE DISCRETION, FOR APPEAL PURPOSES, IF JUSTICE, TRUTH, AND THE CONSTITUTION OF THE UNITED STATES OF AMERICA IS NOT REVERED IN THIS COURT.

## IX. DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P. 38, Plaintiff-Appellant Linh Tran Stephens hereby DEMANDS A TRIAL BY JURY of her peers on all issues so triable. This demand is preserved at every level of these proceedings and on remand.

## AVOUCHMENT AND VERIFICATION

I, Linh Tran Stephens (lower case), a natural living woman, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746,

that the foregoing is true and correct to the best of my personal knowledge, information,

and belief. This document is presented in good faith, with clean hands, and in full equity.

Respectfully submitted on this 9th day of April, 2026,

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
Notice to Agent is Notice to Principal, Notice to Principal is Notice to
Agent, Notice applies to all successors and assigns; Affidavit is a Form of
Evidence; Unrebutted Affidavit Stands as Truth in Commerce;
**Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any
contracting; it is simply a notice regarding the matters at hand. This
communication is not intended to nor does it create nor confirm any
professional-client relationship or any type of relationship between us;*
Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and-only beneficiary:
All Rights Reserved None Waived, **Without Prejudice *UCC 1-308 & 1-103***,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui
Que Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator,
my heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless** "**freeman of the Union**" per Honorable Mr. Justice MILLER on April 14th,
1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned
in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government
employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary;
i reject your 12 legal presumptions, other
presumptions/assumptions/double-speaking/implied or undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities
of Citizens in several States;
**Rural Free Delivery, Non-Domestic 00000,**
℅ PO Box 80112,
Charleston, South Carolina [zip exempt but near 29416] without U.S.D.C.

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 24 of 26*

Email: LinhStephens7@gmail.com
*Tel:* 843-608-0294

## XI. NOTARY SECTION — COMMON LAW ACKNOWLEDGMENT

state of Minnesota              )
                                ) *ss*
countyof Sherburne              )

Before me electronically/virtually, the undersigned Notary Public, duly commissioned and sworn in and for the State of South Carolina, County of Charleston, personally appeared Linh Tran Stephens, known to me to be the natural living woman described in and who executed the foregoing instrument, and she duly acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth, under common law jurisdiction, without adhesion to any statutory or administrative form.

Subscribed and sworn before me this 9th day of April, 2026.



Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## X. CERTIFICATE OF SERVICE

I, Linh Tran Stephens, hereby certify that on the date of filing, I caused a true and correct copy of the foregoing Notice of Appeal and Combined Motions to be served

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 25 of 26*

upon the following Defendants and/or their known counsel of record via the Court's CM/ECF electronic filing system:

1. STATE OF OKLAHOMA — c/o Office of the Attorney General of Oklahoma Gentner Drummond, Oklahoma Attorney General 313 N.E. 21st Street, Oklahoma City, OK 73105

2. OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) Jeffrey Cartmell, Executive Director 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

3. TULSA COUNTY DISTRICT COURT c/o Kacharra Mansker, Court Clerk 500 S. Denver Ave., Tulsa, OK 74103

4. OKLAHOMA BAR ASSOCIATION c/o Gina Hendryx, General Counsel 1901 N. Lincoln Blvd., Oklahoma City, OK 73105

5. Stephen E. Hale / THE LAW OFFICE OF STEPHEN E. HALE [Last known address — public records search via BeenVerified: 6701 S. Western Ave., Oklahoma City, OK 73139 — verify and update]

6. Gilbert J. Pilkington, Jr. / PILKINGTON LAW FIRM, PLLC [Last known address — public records search: 525 S. Main St., Ste. 920, Tulsa, OK 74103 — verify and update]

7. Emmalene Stringer, DHS CSS State's Attorney c/o OKDHS Legal Services, 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

8. Charles Schwab and Co., Inc. CT Corporation System (Registered Agent), 1833 S. Morgan Rd., Oklahoma City, OK 73128

9. All remaining named Defendants — c/o Oklahoma Attorney General's Office, 313 N.E. 21st Street, Oklahoma City, OK 73105

NOTE: Plaintiff has conducted public records searches via BeenVerified and other public data sources to locate Defendant addresses to the best of her ability. Plaintiff requests that the Court's CM/ECF system serve all registered counsel of record electronically.

WITHOUT RECOURSE.

*without prejudice*
*link-tran: stephens/Agent*

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 26 of 26*

 Gmail

**L S <linhstephens7@gmail.com>**

---

## 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)

2 messages

---

**CourtListener Alerts** <alerts@courtlistener.com>     Mon, Mar 23, 2026 at 3:16 PM
To: linhstephens7@gmail.com

# CourtListener Docket Alert

## 4 New Entries in Stephens v. State of Oklahoma (4:25-cv-00285)

District Court, N.D. Oklahoma
View Docket on CourtListener

| Document Number | Date Filed | Description | Download PDF |
|---|---|---|---|
| 18 | Jan 21, 2026 | ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| 19 | Jan 21, 2026 | JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| None | Jan 21, 2026 | ***Civil Case Terminated (see document number 19 ) (mm, Dpty Clk) | |
| 20 | Mar 9, 2026 | MAIL to Linh Tran Stephens Returned - address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment ) (mm, Dpty Clk) (Entered: 03/10/2026) | From RECAP with PACER fallback |

Use notes and tags to organize and share the cases you follow. Learn more

This alert was sent because you subscribed to this docket with your account on CourtListener.com. To disable this alert unsubscribe here.

Case 4:25-cv-00285-GKF-MTS   Document 21   Filed 04/09/26   Page 28 of 28

📣 **The Wait is Over!** You can now get alerts for **keywords** in the RECAP Archive. Set daily or real-time email alerts when PACER cases or filings match your saved search. Follow topics, people, organizations, and more. Learn more here!

**This alert brought to you by the non-profit Free Law Project. Please donate to support our work.**

---

**Linh Stephens** <linhstephens7@gmail.com>                                        Mon, Mar 23, 2026 at 3:42 PM
To: Shana Breazeale <breazealese001@gmail.com>, Jessica Cahoon <jcahoon123@gmail.com>, Wade & Stephanie Reeves <Waderyanreeves@gmail.com>
Bcc: LinhStephens7@gmail.com

V/R,

Linh S.

Begin forwarded message:

**From:** CourtListener Alerts <alerts@courtlistener.com>
**Date:** March 23, 2026 at 15:16:23 CDT
**To:** linhstephens7@gmail.com
**Subject: 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)**

[Quoted text hidden]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**Linh Tran Stephens,**
a natural living woman, sui juris,
Plaintiff-Appellant,

**v.**

**STATE OF OKLAHOMA, et al.,**
Defendants-Appellees.

**Lower Court Case No.: 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**
**U.S. District Court, Northern District of Oklahoma**
**Assigned Article III Judge: Sarah E. Hill**

## NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT AND COMBINED EMERGENCY

## MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL

## PURSUANT TO FED. R. APP. P. 4(a)(6) AND MOTION

## FOR RELIEF FROM VOID JUDGMENT PURSUANT TO

## FED. R. CIV. P. 60(b)(4) AND 60(d)(3) FOR

## FRAUD UPON THE COURT

**FILED BY:**
**Linh Tran Stephens / Agent, living woman**
c/o P.O. Box 80112
Charleston County, South Carolina [29416]
Email: linhstephens7@gmail.com
Telephone: 843-608-0294
**Plaintiff-Appellant, sui juris, appearing in propria persona**

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 1 of 26*

## TABLE OF CONTENTS

I.  NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT ............... 2

II.  AFFIDAVIT — STATEMENT OF FACTS (First Person, Sworn) ................................ 4

III. MOTION TO REOPEN TIME TO FILE NOA (FRAP 4(a)(6)) .................................. 8

IV.  MOTION FOR RELIEF FROM VOID JUDGMENT — FRCP 60(b)(4) & 60(d)(3) .. 10

V.  LEGAL ARGUMENTS AND LANDMARK AUTHORITIES .................................... 12

VI.  PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS ......................... 18

VII. PREEMPTIVE DEFENSES AGAINST MOTION TO DISMISS ............................ 19

VIII. DEMAND AND RELIEF SOUGHT ..................................................................... 22

IX.  DEMAND FOR JURY TRIAL ............................................................................... 23

X.  NOTARY SECTION (COMMON LAW) .................................................................. 24

XI.  CERTIFICATE OF SERVICE ............................................................................... 25

## I. NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT

PLEASE TAKE NOTICE that Linh Tran Stephens (lower case), Plaintiff-Appellant herein, a natural living woman, sui juris, one-and-only agent and beneficiary of LINH TRAN STEPHENS©®, hereby gives notice of appeal to the United States Court of Appeals for the Tenth Circuit from the final Judgment entered in the above-captioned case in the United States District Court for the Northern District of Oklahoma, in Case **4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**, including any and all orders, dismissals, rulings, and entries adverse to Plaintiff, including but not limited to the Judgment referenced in docket entry notation dated on or about March 9–10, 2026 (Re: Document 19, Judgment, Entering Judgment).

Jurisdiction of the Tenth Circuit Court of Appeals is conferred pursuant to:

• 28 U.S.C. § 1291 — Final decisions of district courts;

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 2 of 26*

- 28 U.S.C. § 1292(a) — Interlocutory orders respecting injunctions;

- 28 U.S.C. § 1331 — Federal question jurisdiction;

- 28 U.S.C. § 1343 — Civil rights jurisdiction;

- 42 U.S.C. § 1983 — Deprivation of rights under color of law;

- 28 U.S.C. § 2241 — Habeas Corpus as to minor child G.L.S.;

- Fed. R. App. P. 3 and 4(a) — Notice of Appeal rules;

- Fed. R. App. P. 4(a)(6) — Motion to Reopen Time to File Notice of Appeal.

Plaintiff-Appellant is a free [nonblack] person and stateless citizen ("woman" of the "Union"), in accordance with the statements made by the Honorable Justice Miller in the Slaughter-House Cases, 83 US 36 (U.S. Supreme Court - 1873), and the Honorable Chief Justice Wallace in ELLEN R. VAN VALKENBURG v. ALBERT BROWN, 43 Cal. 43 (California Supreme Court - 1872). Linh Tran Stephens is not and has never been a U.S. citizen, as clearly delineated in 28 USC 1332(a)(1). The rights of Linh Tran Stephens the sentient being are derived from the Bill of Rights, not from the 14th Amendment. Linh Tran Stephens is neither a negro nor a descendant of such. Linh Tran Stephens would be considered a "people" in plural usage. Linh Tran Stephens' biological property is G.L.Stephens as her flesh and blood. Linh Tran Stephens was the indorser and representative on the two original notes executed with the SBA.

Meanwhile, LINH TRAN STEPHENS©® is a 14th Amendment US citizen in accordance with 8 USC 1401(a), deriving her standing from the privileges and immunities available in the 14th Amendment, and would be termed a "person" in plural usage. She was born on February 09th, 1984. She falls under the subheading of "individual" in the definition of the word "person" as described in 8 USC 1101(b)(3). The

legal structure of LINH TRAN STEPHENS©® is a sole proprietorship. Her EIN number is the "Social Security Number" that was used on these original notes, in accordance with 26 CFR 301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes, the represented person/account holder/issuer of the original notes executed with the SBA.

## II. AFFIDAVIT — STATEMENT OF FACTS

### (First Person, Sworn, in Affidavit Form — Fed. R. Evid. 602 / 28 U.S.C. § 1746)

I, Linh Tran Stephens (lower case), a natural living woman breathing with a living soul and Holy Spirit, of sound mind and competent to testify, do hereby solemnly declare, affirm, and state under penalty of perjury under the laws of the United States of America that the following facts are true and correct to the best of my personal knowledge, information, and belief:

1. I, Linh Tran Stephens, am the Plaintiff-Appellant in this matter. I am a natural living woman, sui juris, exercising my inherent sovereign rights. I previously served as an active-duty officer in the U.S. Navy Medical Corps for five (5) years, followed by employment at Veterans Affairs and Indian Health Services at the Cherokee Nation until 2020. I am now a private civilian and have never waived my constitutionally protected rights.

2. On or about 06/06/2025 I filed writs of Habeas for myself and my female offspring **case No. 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**. On approximately July 30, 2025, I filed my Second Amended Federal Claims (Document 19) in Case No. 4:25-cv-00322-SEH-JFJ before the United States District Court for the Northern District

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 4 of 26*

of Oklahoma ("the lower court"), asserting 32 causes of action against 84 named Defendants for systemic, organized, and ongoing violations of my constitutional rights, civil rights, and those of my biological offspring (private property) G.L.Stephens, including but not limited to violations under 42 U.S.C. §§ 1983, 1985, 1986, ERISA, RICO (18 U.S.C. § 1962), ADA, and the Federal Tort Claims Act,

3. I have not received any emails nor mail except finally received electronic notification via email from the court's docketing system on **March 23, 2026** titled "4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)" from CourtListener but zero emails from PACER (**see Exhibit #1**), reading verbatim as follows: "**Mar 9, 2026 MAIL to Linh Tran Stephens Returned — address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment) (mm, Dpty Clk) (Entered: 03/10/2026).**" This was the first and only notice I received regarding any judgment being entered against me. **See EXHIBIT #1.** As I clicked on the email I found out (see Exhibit #1) : **"ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026)"** and **"JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026)".** I went on to PACER website to look up related Habeas 4:25-cv-00286-CVE-MTS **and found out, similarly, "ORDER by Judge Claire V**

**Eagan - The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is dismissed without prejudice for lack of subject matter jurisdiction, and a certificate of appealability is denied. This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith. Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are dismissed as moot. ; denying certificate of appealability; dismissing [2] Petition for Writ of Habeas Corpus (2241/2254); finding as moot [4] Motion for Miscellaneous Relief; finding as moot [7] Motion to Dismiss for Failure to State a Claim; finding as moot [7] Motion to Dismiss for Lack of Jurisdiction (RGG, Chambers).**

4. I declare under penalty of perjury that I never received the original mailed notice of any judgment from the lower court. The court's mail to me was returned marked "address unknown," (see docket files), yet I continue to receive mail from other senders, including commercial entities, at my known address. The lower court possessed my contact information, including my email address, which I provided in my filings, and yet no electronic notice was sent prior to the mail-returned event and the mentioned email above.

5. The return of my mail as "address unknown" was legally improper, as I have at all times maintained a known and serviceable address and contact information. My address is known through public records, my court filings, my website at www.linhstephens.com, and through the online evidence folder at https://tinyurl.com/4cdv5u56. The court's failure to effect proper notice constitutes a

---

denial of due process and deprived me of the opportunity to timely file a Notice of Appeal.

6. Had I received timely notice of the entry of judgment, I would have immediately filed this Notice of Appeal. My intent to appeal has been consistent and continuous throughout this litigation, as evidenced by my prior appellate filings, emergency motions, and the record on appeal to the Tenth Circuit in related Case No. 24-CV-216-JDR-CDL.

7. The lower court apparently dismissed my Second Amended Federal Claims without holding a jury trial, without affording me the procedural protections guaranteed under the Fifth and Fourteenth Amendments, and without providing me written findings of fact and conclusions of law sufficient for appellate review, in violation of Fed. R. Civ. P. 52(a) and my due process rights against private citizens on top of public servants, and as private citizens are not covered under the "immunity" clause!

8. The actions of the Defendants, including judicial actors acting in concert, constitute a fraud upon the court and a continuing enterprise designed to deprive me and my biological offspring (private property) G.L.Stephens of our fundamental constitutional rights, our liberty, our property, and our family association. The systematic return of court mail and denial of notice are part of this ongoing pattern and practice.

9. I make this declaration knowingly, willingly, and intentionally, with full knowledge that an unrebutted affidavit stands as truth in commerce, and that silence or non-response is tacit acquiescence. Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent. This Notice applies to all successors and assigns.

10. I am not a surety and I do not consent to your attempted body attachment warrant. I hereby reserve the right to amend this petition at any time as a matter of right and equity.

### III. MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL

### PURSUANT TO FED. R. APP. P. 4(a)(6) AND 28 U.S.C. § 2107(c)

Plaintiff-Appellant Linh Tran Stephens respectfully moves this Court and/or the lower court to reopen the time to file a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(6), or in the alternative, to find this Notice timely filed because Plaintiff did not receive notice of the judgment within 21 days after its entry, as required by Fed. R. Civ. P. 77(d).

### A. Legal Standard — FRAP 4(a)(6)

Federal Rule of Appellate Procedure 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, provided:

> (A) the court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and

> (C) the court finds that no party would be prejudiced.

See *Bowles v. Russell*, 551 U.S. 205 (2007); *Benavides v. Bureau of Prisons,* 79 F.3d 1211 (D.C. Cir. 1996);

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 8 of 26*

**B. All Requirements of FRAP 4(a)(6) Are Met**

First: Plaintiff did not receive notice of the entry of judgment within 21 days after entry. The docket entry of March 10, 2026, expressly confirms that mail sent to Plaintiff was "Returned — address has been changed to address unknown." This is direct, documentary evidence that Plaintiff received no notice within 21 days of entry, satisfying FRAP 4(a)(6)(A). See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).

Second: This motion and Notice of Appeal are filed within 180 days of judgment entry, and within 14 days of Plaintiff's receipt of notice of the entry via the court's electronic notification system. This motion is therefore timely under FRAP 4(a)(6)(B).

Third: No Defendant would suffer any cognizable prejudice from the reopening of the time to appeal. Defendants are state actors who have enjoyed the benefit of an improperly noticed judgment. Equity and due process demand that Plaintiff be afforded the right to appeal. See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).

**C. Due Process Independently Requires Reopening**

Separately and independently, the Due Process Clause of the Fifth and Fourteenth Amendments requires that Plaintiff receive adequate notice before a judgment becomes final against her. The lower court's failure to provide notice via alternative means (email, CM/ECF, phone) after learning that mailed notice was returned constitutes a due process violation. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Jones v. Flowers, 547 U.S. 220 (2006). Where a party does not receive notice that mail was returned undeliverable, additional steps are constitutionally required. Jones v. Flowers, 547 U.S. 220 (2006). Westar Energy, Inc. v. Lake , 552 F.3d 1215 (10th Cir.

2009) — Tenth Circuit authority on notice requirements and reopening time to appeal Spitznas v. Boone , 464 F.3d 1213 (10th Cir. 2006) — Tenth Circuit on procedural requirements for appeals. *Robinson v. Wichita State University* required that courts must use available electronic means when physical mail fails! *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4). *United States v. Buck*, 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

*Dusenbery v. United States*, 534 U.S. 161 (2002) — SCOTUS on adequacy of notice; government must provide notice "reasonably calculated" to apprise interested parties

## IV. MOTION FOR RELIEF FROM VOID JUDGMENT

## FED. R. CIV. P. 60(b)(4) AND 60(d)(3) — FRAUD UPON THE COURT

In the alternative, and without waiving any position herein, Plaintiff-Appellant moves for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(4) (void judgment) and 60(d)(3) (fraud upon the court), which carry no time limitation.

### A. The Judgment Is Void — FRCP 60(b)(4)

A judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction or denied a party due process of law. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000). Where the district court dismissed Plaintiff's claims without affording her notice, without a jury trial, and without written findings of fact and conclusions of law, the resulting judgment is void and must be vacated. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220 (10th Cir. 1979) is a key federal appellate case holding that a judgment is void under

---

Federal Rule of Civil Procedure 60(b)(4) only if the court lacked jurisdiction over the subject matter or parties, or acted in a manner inconsistent with due process. A judgment is not void simply because it is erroneous.

Under the Tenth Circuit's established jurisprudence, a void judgment is a legal nullity that may be attacked at any time, in any proceeding. Orner v. Shalala, 30 F.3d 1307 (10th Cir. 1994); Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974) ("Jurisdiction can be challenged at ANY time").

Gschwind v. Cessna Aircraft Co. , 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4).

United States v. Buck , 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

## B. Fraud Upon the Court — FRCP 60(d)(3)

Rule 60(d)(3) expressly preserves a court's power to "set aside a judgment for fraud on the court," subject to no time limitation. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). The systematic and coordinated pattern of conduct by Defendants, acting in concert with judicial officers, state agencies, and Bar card attorneys, as described in the Second Amended Federal Claims, constitutes a fraud upon the court vitiating the judgment. United States v. Throckmorton, 98 U.S. 61 (1878) ("Fraud vitiates everything it touches").

Plaintiff's Second Amended Federal Claims documented with particularity:

- Fabricated and false representations by DHS, CPS, and CSS agents to state and federal courts;

- Forgery of signatures and submission of materially false documents to courts;

- Coordination between judicial officers and opposing parties' attorneys;

- Illegal garnishment of ERISA-protected 401(k) retirement accounts;

- Revocation of Plaintiff's passport in violation of her fundamental right to travel;

- RICO enterprise conduct among judicial actors, bar card attorneys, and state agencies;

- Forced debtor's prison / contempt proceedings in violation of constitutional prohibitions.

## V. LEGAL ARGUMENTS, LANDMARK AUTHORITIES, AND CAUSES OF ACTION ON APPEAL

### A. Violation of Due Process (5th and 14th Amendments) — 42 U.S.C. § 1983

The lower court dismissed Plaintiff's claims without adequate process in violation of the Due Process Clause. SCOTUS: Mathews v. Eldridge, 424 U.S. 319 (1976) (balancing test for procedural due process); Fuentes v. Shevin, 407 U.S. 67 (1972); Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Tenth Circuit: Camuglia v. City of Albuquerque, 448 F.3d 1214 (10th Cir. 2006). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 18 U.S.C. § 242. Mathews v. Eldridge analysis should be explicitly applied to the facts — courts expect the three-factor balancing test to be applied, not just cited. Carey v. Piphus , 435 U.S. 247 (1978) — SCOTUS on damages for procedural due process violations under § 1983

## B. Void Judgment — Lack of Article III Jurisdiction

The lower court's judgment was entered by or at the behest of non-Article III judges (special judges, magistrates) to whom Plaintiff made permanent objection. Plaintiff permanently and continuously objects to any special judges, magistrates, or alternatives/substitutes other than Article III constitutional judges. Constitutional authority: Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982); Stern v. Marshall, 564 U.S. 462 (2011); Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015). USC: 28 U.S.C. § 636; Art. III, U.S. Const.

## C. First Amendment Violations (Speech, Religion, Association) — 42 U.S.C. § 1983

Defendants retaliated against Plaintiff for her constitutionally protected speech, religious beliefs, and associational rights as a medical professional, mother, and sovereign woman. SCOTUS: Snyder v. Phelps, 562 U.S. 443 (2011); Pickering v. Board of Education, 391 U.S. 563 (1968) (public employee speech on matters of public concern) or Connick v. Myers, 461 U.S. 138 (1983) for public entity "LINH TRAN STEPHENS"; NAACP v. Claiborne Hardware Co., 458 U.S. 886 (1982). USC: 42 U.S.C. § 1983; 18 U.S.C. § 241.

## D. ERISA Violations — Unlawful Garnishment of Retirement Accounts — 29 U.S.C. § 1056(d)

State actors unlawfully garnished Plaintiff's ERISA-protected 401(k)/retirement accounts in violation of ERISA's anti-alienation provisions. SCOTUS: Guidry v. Sheet Metal Workers National Pension Fund, 493 U.S. 365 (1990); Patterson v. Shumate, 504 U.S. 753 (1992). Tenth Circuit: Cowen v. Board of Trustees of State Employees' Retirement System, 703 F.2d 1019 (7th Cir. 1983). USC: 29 U.S.C. § 1056(d); 26 U.S.C. §

401(a)(13). In re Youngblood, 29 F.3d 225 (5th Cir. 1994) for ERISA anti-alienation in the domestic relations context. *Boggs v. Boggs*, 520 U.S. 833 (1997) — SCOTUS on ERISA preemption of state domestic relations law. 1 *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 555 U.S. 285 (2009) — ERISA plan administrator obligations. *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) — ERISA preemption of state law affecting plan benefits

**E. Passport Revocation — Right to International Travel — 42 U.S.C. § 1983**

Defendants caused the revocation of Plaintiff's U.S. passport, unconstitutionally restricting her fundamental right to travel internationally. SCOTUS: Aptheker v. Secretary of State, 378 U.S. 500 (1964); Kent v. Dulles, 357 U.S. 116 (1958); Haig v. Agee, 453 U.S. 280 (1981). USC: 42 U.S.C. § 1983; 22 U.S.C. § 2714; 18 U.S.C. § 242.

**F. Civil RICO — 18 U.S.C. § 1962 — Pattern of Racketeering Activity**

Defendants constitute an enterprise engaging in a pattern of racketeering activity including mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), extortionate collection of child support (18 U.S.C. § 894), forgery, and deprivation of rights under color of law. SCOTUS: Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989); Boyle v. United States, 556 U.S. 938 (2009). USC: 18 U.S.C. §§ 1961-1968; 42 U.S.C. § 1983. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) — SCOTUS on RICO proximate causation requirement. *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008) — RICO mail fraud predicate acts. *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) — Tenth Circuit RICO case; critical for establishing what the Tenth Circuit requires for civil RICO pleading

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 14 of 26*

**G. Monell Liability — 42 U.S.C. § 1983 — Unconstitutional Policies and Customs**

The State of Oklahoma and its agencies (OKDHS, CPS, CSS, OAH, Tulsa County District Court, OSBI) maintained official policies, customs, and practices that caused the constitutional violations alleged. Monell v. Department of Social Services, 436 U.S. 658 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); City of Canton v. Harris, 489 U.S. 378 (1989); Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397 (1997). Tenth Circuit: Bryson v. City of Oklahoma City, 627 F.3d 784 (10th Cir. 2010). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 28 U.S.C. § 1343.

**H. ADA Title II Violations — 42 U.S.C. § 12131 et seq.**

Defendants failed to accommodate Plaintiff's documented disabilities in judicial proceedings and administrative hearings, and failed to provide equal access to court services. SCOTUS: Tennessee v. Lane, 541 U.S. 509 (2004); United States v. Georgia, 546 U.S. 151 (2006). USC: 42 U.S.C. § 12131 et seq.; 29 U.S.C. § 794; 42 U.S.C. § 1983.

**I. Title IV-D Unconstitutional Federalization and Child Support Enforcement**

Defendants weaponized Title IV-D child support enforcement mechanisms as a revenue-generating and punitive enterprise, violating Plaintiff's due process and equal protection rights. The entire child support enforcement scheme as applied to Plaintiff was unconstitutional. Blessing v. Freestone, 520 U.S. 329 (1997) and Gonzaga University v. Doe, 536 U.S. 273 (2002).; Turner v. Rogers, 564 U.S. 431 (2011). USC: 42 U.S.C. §§ 651-669b; 42 U.S.C. § 1983; 15 U.S.C. § 1673. *Blessing v. Freestone*, 520 U.S. 329 (1997) — SCOTUS on whether Title IV-D creates individually enforceable rights (important to understand and distinguish). *Gonzaga University v. Doe*, 536 U.S.

273 (2002) — Limits on § 1983 enforcement of federal statutes. *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011) — Content-based speech restrictions (if applicable to child support enforcement communications)

### J. Fraud Upon the Court / Void Judgments — 60(d)(3)

Judicial officers, GAL Hale, DHS attorneys, and Defendants acted in concert to commit fraud upon the courts, rendering all judgments void and subject to vacatur at any time with no statute of limitations. SCOTUS: Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); Chambers v. NASCO, Inc., 501 U.S. 32 (1991); United States v. Throckmorton, 98 U.S. 61 (1878). Tenth Circuit: Weese v. Schukman, 98 F.3d 542 (10th Cir. 1996).

### K. Conspiracy Against Rights — 42 U.S.C. § 1985 and 18 U.S.C. § 241

Two or more Defendants conspired to deprive Plaintiff and her daughter of their constitutionally guaranteed rights. SCOTUS: Griffin v. Breckenridge, 403 U.S. 88 (1971) and United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983) both are the primary authorities and explicitly allege racial/gender-based animus to satisfy Scott's requirements. USC: 42 U.S.C. § 1985; 18 U.S.C. § 241.

### L. Habeas Corpus — Unlawful Detention of Minor Child G.L.S. — 28 U.S.C. § 2241

Plaintiff's biological offspring (private property) G.L.Stephens, as Plaintiff's biological property and flesh-and-blood offspring, is being unlawfully detained by state actors without constitutionally adequate process. SCOTUS: Troxel v. Granville, 530 U.S. 57 (2000) (fundamental right of parents to direct upbringing of children); Santosky v. Kramer, 455 U.S. 745 (1982) (heightened standard for parental rights termination); Stanley v. Illinois, 405 U.S. 645 (1972). USC: 28 U.S.C. § 2241; 42 U.S.C. § 1983.

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 16 of 26*

*Meyer v. Nebraska*, 262 U.S. 390 (1923) — Foundational substantive due process for family rights. *Pierce v. Society of Sisters*, 268 U.S. 510 (1925) — Parental right to direct upbringing. *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) — SCOTUS on due process in parental rights termination proceedings; state cannot deny appeal due to inability to pay transcript costs. *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981) — Due process in parental rights proceedings.

**M. Equal Protection Violations — 14th Amendment / 42 U.S.C. § 1983**

Plaintiff, as a woman of Vietnamese heritage and a medical professional, was subjected to discriminatory treatment by state actors operating with racial, gender, and retaliatory animus. SCOTUS: Washington v. Davis, 426 U.S. 229 (1976); Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977); Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256 (1979) with Yick Wo v. Hopkins, 118 U.S. 356 (1886) (discriminatory application of facially neutral law against Chinese immigrants — directly analogous to racial animus against a Vietnamese-American plaintiff). USC: 42 U.S.C. § 1983; 42 U.S.C. § 1981.

*Yick Wo v. Hopkins*, 118 U.S. 356 (1886) — Landmark case directly applicable,

**N. False Claims Act Violations — 31 U.S.C. § 3729 et seq.**

Defendants made false certifications and claims to the federal government in connection with Title IV-D funding, child welfare funding, and other federal programs. SCOTUS: Universal Health Services v. United States ex rel. Escobar, 579 U.S. 176 (2016). USC: 31 U.S.C. §§ 3729-3733.

**O. Violations of Official Oaths of Office — Breach of Fiduciary Duty**

All named judicial officers, government employees, and BAR card attorneys took oaths to support and defend the Constitution and breached those oaths in their conduct toward Plaintiff. SCOTUS: Cooper v. Aaron, 358 U.S. 1 (1958) (supremacy of federal constitutional law over state officials); Ex parte Young, 209 U.S. 123 (1908). USC: 5 U.S.C. § 7311; 18 U.S.C. § 1918; Art. VI, U.S. Const.

**P. Civil Rule 11 Sanctions — Fed. R. Civ. P. 11**

Plaintiff hereby places all Defendants, their counsel, and any Bar card attorneys upon notice that she reserves and hereby asserts the right to seek sanctions under Fed. R. Civ. P. 11(c) for filing of pleadings, motions, and papers lacking evidentiary support, not warranted by existing law, and advanced for improper purposes including harassment and delay. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). USC: 28 U.S.C. § 1927; Fed. R. Civ. P. 11.

## VI. PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS

– Plaintiff Linh Tran Stephens hereby makes PERMANENT AND CONTINUOUS OBJECTION to any special judges, magistrates, and any alternatives or substitutes other than Article III constitutional judges, using common law and constitutional law. This objection is perpetual and applies in all proceedings in this matter.

– I AM NOT A SURETY AND I DO NOT CONSENT TO YOUR ATTEMPTED BODY ATTACHMENT WARRANT. Any and all such warrants must be immediately and permanently revoked.

– I do not consent to state courts' proceedings. All courts' offers are not accepted. I demand the bond be immediately brought forward so I may inspect who will indemnify me if damaged. I demand a written indictment and trial by jury of my peers.

– I reserve the right to amend this petition at any time as a matter of common law right, equity, and natural justice. Plaintiff's reservation of rights under UCC § 1-308 is expressly preserved.

## VII. PREEMPTIVE DEFENSES AGAINST ANTICIPATED MOTIONS TO DISMISS

### A. Against Dismissal for Lack of Standing

Plaintiff has standing as a natural living woman, a mother whose parental rights were violated, a licensed medical professional whose license was targeted, and a citizen whose constitutional rights were directly infringed. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) (injury in fact, causation, redressability all present). Plaintiff's injuries are concrete, particularized, actual, and ongoing.

### B. Against Dismissal Under Rooker-Feldman Doctrine

The Rooker-Feldman doctrine does not bar Plaintiff's claims because Plaintiff is not seeking to overturn a state court judgment; rather, she alleges independent constitutional violations by state actors that occurred before, during, and after state court proceedings. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); Skinner v. Switzer, 562 U.S. 521 (2011); Lance v. Dennis, 546 U.S. 459 (2006). The lower court's virtual abandonment of its "virtually unflagging" obligation to exercise jurisdiction was itself an error of constitutional dimension.

### C. Against Dismissal Under Younger Abstention

Younger abstention does not apply because: (1) the harm is irreparable; (2) the state proceedings were not pending at the time of filing; (3) the state court is itself a party and cannot provide an adequate forum; and (4) the bad-faith exception applies given the documented fraud upon state courts. Younger v. Harris, 401 U.S. 37 (1971); Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Mitchum v. Foster, 407 U.S. 225 (1972) (§ 1983 is an express exception to the Anti-Injunction Act).

## D. Against Absolute Judicial Immunity Defense

Judicial immunity does not apply when a judge acts in the complete absence of jurisdiction, when the judge acts as a co-conspirator in a RICO enterprise, and when the judge commits fraud upon the court. Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Non-judicial acts by judicial officers are not immune. Forrester v. White, 484 U.S. 219 (1988). Criminal conduct is never immune.

## E. Against Qualified Immunity for Individual Defendants

Qualified immunity does not protect officials who violate clearly established constitutional rights. Pearson v. Callahan, 555 U.S. 223 (2009); Hope v. Pelzer, 536 U.S. 730 (2002). The constitutional rights violated by Defendants were clearly established at all relevant times, and any reasonable official would have known their conduct was unlawful. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Saucier v. Katz, 533 U.S. 194 (2001).

## F. Against Eleventh Amendment Immunity

The Eleventh Amendment does not bar: (1) prospective injunctive relief under the Ex parte Young doctrine; (2) federal claims under 42 U.S.C. § 1983 against individual state

actors in their personal capacity; and (3) claims where the State has waived immunity. Ex parte Young, 209 U.S. 123 (1908); Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Seminole Tribe v. Florida, 517 U.S. 44 (1996).

## G. Against Res Judicata / Collateral Estoppel

Res judicata does not apply to void judgments, judgments obtained by fraud upon the court, or where there was no full and fair opportunity to litigate due to the constitutional violations alleged. Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982); Allen v. McCurry, 449 U.S. 90 (1980). Fraud vitiates all. U.S. v. Throckmorton, 98 U.S. 61 (1878).

## H. Against Failure to State a Claim (FRCP 12(b)(6))

Plaintiff's Second Amended Federal Claims, 112 pages in length with 32 causes of action and comprehensive factual allegations, more than satisfies the pleading standard under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007).

## I. Against Exhaustion Arguments

Plaintiff exhausted all available administrative remedies: she submitted a Notice of Tort Claim to the State of Oklahoma on September 24, 2024, which was denied as of December 17, 2024 (Claim No. 2520034513), and more than 180 days have passed without resolution. No further administrative exhaustion is required for § 1983 claims. Patsy v. Board of Regents, 457 U.S. 496 (1982).

## J. Against Statute of Limitations Arguments

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 21 of 26*

Fraud upon the court carries no statute of limitations. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). § 1983 claims accrue upon discovery of the injury. Rotella v. Wood, 528 U.S. 549 (2000). Continuing violations doctrine extends the limitations period for ongoing civil rights violations. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

## VIII. DEMAND AND RELIEF SOUGHT

WHEREFORE, Plaintiff-Appellant Linh Tran Stephens, a natural living woman, sui juris, respectfully demands:

1. That this Honorable Court of Appeals accept jurisdiction over this appeal;

2. That this Court reopen the time to file this Notice of Appeal under FRAP 4(a)(6), or in the alternative, find this Notice timely filed;

3. That this Court vacate and reverse the lower court's judgment as void and obtained in violation of due process and by fraud upon the court;

4. That this Court remand with instructions to: (a) assign this matter exclusively to an Article III constitutional judge; (b) provide Plaintiff full opportunity to conduct discovery, present evidence, and try her case before a jury of her peers; (c) restore all stayed proceedings;

5. That this Court issue an emergency injunction restoring Plaintiff's rights and those of her biological offspring (private property) G.L.Stephens, including immediate reunification;

6. That this Court order the reinstatement of Plaintiff's passport and right to international travel;

7. That this Court order the immediate cessation of any and all unlawful garnishments of Plaintiff's ERISA-protected retirement accounts;

8. That this Court award Plaintiff compensatory and punitive damages against all Defendants in the millions of dollars as proven at trial;

9. That this Court award attorney fees and costs pursuant to 42 U.S.C. § 1988;

10. That this Court order civil RICO treble damages pursuant to 18 U.S.C. § 1964(c);

11. Any and all such other and further relief as this Court deems just, proper, and equitable.

THIS SUPERIOR COURT IS HEREBY DEMANDED TO PROVIDE WRITTEN STATEMENTS OF FACT AND CONCLUSIONS OF LAW, RATHER THAN ANY ABUSIVE DISCRETION, FOR APPEAL PURPOSES, IF JUSTICE, TRUTH, AND THE CONSTITUTION OF THE UNITED STATES OF AMERICA IS NOT REVERED IN THIS COURT.

## IX. DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P. 38, Plaintiff-Appellant Linh Tran Stephens hereby DEMANDS A TRIAL BY JURY of her peers on all issues so triable. This demand is preserved at every level of these proceedings and on remand.

## AVOUCHMENT AND VERIFICATION

I, Linh Tran Stephens (lower case), a natural living woman, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746,

---

that the foregoing is true and correct to the best of my personal knowledge, information,

and belief. This document is presented in good faith, with clean hands, and in full equity.

Respectfully submitted on this 9th day of April, 2026,

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
Notice to Agent is Notice to Principal, Notice to Principal is Notice to
Agent, Notice applies to all successors and assigns; Affidavit is a Form of
Evidence; Unrebutted Affidavit Stands as Truth in Commerce;
**Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any*
*contracting; it is simply a notice regarding the matters at hand. This*
*communication is not intended to nor does it create nor confirm any*
*professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and-only beneficiary:
All Rights Reserved None Waived, **Without Prejudice *UCC 1-308 & 1-103***,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui
Que Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator,
my heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless** "**freeman of the Union**" per Honorable Mr. Justice MILLER on April 14th,
1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned
in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government
employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary;
i reject your 12 legal presumptions, other
presumptions/assumptions/double-speaking/implied or undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities
of Citizens in several States;
**Rural Free Delivery, Non-Domestic 00000,**
℅ PO Box 80112,
Charleston, South Carolina [zip exempt but near 29416] without U.S.D.C.

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 24 of 26*

Email: LinhStephens7@gmail.com
*Tel:* 843-608-0294

## XI. NOTARY SECTION — COMMON LAW ACKNOWLEDGMENT

state of Minnesota ⟩
⟩ *ss*
countyof Sherburne ⟩

Before me electronically/virtually, the undersigned Notary Public, duly commissioned and sworn in and for the State of South Carolina, County of Charleston, personally appeared Linh Tran Stephens, known to me to be the natural living woman described in and who executed the foregoing instrument, and she duly acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth, under common law jurisdiction, without adhesion to any statutory or administrative form.

Subscribed and sworn before me this 9th day of April, 2026.



Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## X. CERTIFICATE OF SERVICE

I, Linh Tran Stephens, hereby certify that on the date of filing, I caused a true and correct copy of the foregoing Notice of Appeal and Combined Motions to be served

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 25 of 26*

upon the following Defendants and/or their known counsel of record via the Court's CM/ECF electronic filing system:

1. STATE OF OKLAHOMA — c/o Office of the Attorney General of Oklahoma Gentner Drummond, Oklahoma Attorney General 313 N.E. 21st Street, Oklahoma City, OK 73105

2. OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) Jeffrey Cartmell, Executive Director 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

3. TULSA COUNTY DISTRICT COURT c/o Kacharra Mansker, Court Clerk 500 S. Denver Ave., Tulsa, OK 74103

4. OKLAHOMA BAR ASSOCIATION c/o Gina Hendryx, General Counsel 1901 N. Lincoln Blvd., Oklahoma City, OK 73105

5. Stephen E. Hale / THE LAW OFFICE OF STEPHEN E. HALE [Last known address — public records search via BeenVerified: 6701 S. Western Ave., Oklahoma City, OK 73139 — verify and update]

6. Gilbert J. Pilkington, Jr. / PILKINGTON LAW FIRM, PLLC [Last known address — public records search: 525 S. Main St., Ste. 920, Tulsa, OK 74103 — verify and update]

7. Emmalene Stringer, DHS CSS State's Attorney c/o OKDHS Legal Services, 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

8. Charles Schwab and Co., Inc. CT Corporation System (Registered Agent), 1833 S. Morgan Rd., Oklahoma City, OK 73128

9. All remaining named Defendants — c/o Oklahoma Attorney General's Office, 313 N.E. 21st Street, Oklahoma City, OK 73105

NOTE: Plaintiff has conducted public records searches via BeenVerified and other public data sources to locate Defendant addresses to the best of her ability. Plaintiff requests that the Court's CM/ECF system serve all registered counsel of record electronically.

WITHOUT RECOURSE.

*without prejudice*
*linh–tran: stephens/Agent*

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 26 of 26*

 Gmail

**L S <linhstephens7@gmail.com>**

## 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)
2 messages

**CourtListener Alerts** <alerts@courtlistener.com>                    Mon, Mar 23, 2026 at 3:16 PM
To: linhstephens7@gmail.com

# CourtListener Docket Alert
## 4 New Entries in Stephens v. State of Oklahoma (4:25-cv-00285)
District Court, N.D. Oklahoma
View Docket on CourtListener

| Document Number | Date Filed | Description | Download PDF |
|---|---|---|---|
| 18 | Jan 21, 2026 | ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| 19 | Jan 21, 2026 | JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| None | Jan 21, 2026 | ***Civil Case Terminated (see document number 19 ) (mm, Dpty Clk) | |
| 20 | Mar 9, 2026 | MAIL to Linh Tran Stephens Returned - address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment ) (mm, Dpty Clk) (Entered: 03/10/2026) | From RECAP with PACER fallback |

Use notes and tags to organize and share the cases you follow. Learn more

This alert was sent because you subscribed to this docket with your account on CourtListener.com. To disable this alert unsubscribe here.

📣 **The Wait is Over!** You can now get alerts for **keywords** in the RECAP Archive. Set daily or real-time email alerts when PACER cases or filings match your saved search. Follow topics, people, organizations, and more. Learn more here!

**This alert brought to you by the non-profit Free Law Project. Please donate to support our work.**

---

**Linh Stephens** <linhstephens7@gmail.com>                    Mon, Mar 23, 2026 at 3:42 PM
To: Shana Breazeale <breazealese001@gmail.com>, Jessica Cahoon <jcahoon123@gmail.com>, Wade & Stephanie Reeves <Waderyanreeves@gmail.com>
Bcc: LinhStephens7@gmail.com


V/R,

Linh S.


Begin forwarded message:

**From:** CourtListener Alerts <alerts@courtlistener.com>
**Date:** March 23, 2026 at 15:16:23 CDT
**To:** linhstephens7@gmail.com
**Subject: 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)**


[Quoted text hidden]

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 10, 2026**

———————————————

**Christopher M. Wolpert**
**Clerk of Court**

LINH TRAN STEPHENS,

    Petitioner - Appellant,

v.

STATE OF OKLAHOMA, and its
divisions and employees/successors, et al.,

    Respondents - Appellees.

No. 26-5041
(D.C. No. 4:25-CV-00285-GKF-MTS)
(N.D. Okla.)

———————————————

**ORDER**

———————————————

    This matter is before the court following the opening of this appeal. On January 21, 2026 the district court entered an Order dismissing Petitioner Stephens's 28 U.S.C. § 2254 petition and a Judgment of Dismissal. On April 9, 2026, Ms. Stephens filed a document titled *Notice of Appeal . . . and Combined Emergency Motion to Reopen Time to File Notice of Appeal Pursuant to Fed. R. App. 4(a)(6) and Motion for Relief from Void Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) and 60(d)(3) for Fraud Upon the Court*. The district court docketed it as both a notice of appeal [DC ECF 21] and as a motion to reopen the time to appeal/motion for relief from judgment [DC ECF 22].

    In the interest of judicial economy, this appeal is ABATED pending the district court's ruling on the post-judgment motion to reopen the time to appeal/motion for relief from judgment [DC ECF 22].

When the district court enters an order on the post-judgment motion [DC ECF 22],

the clerk of the district court is directed to supplement the preliminary record in

accordance with 10th Cir. R. 3.2(B).

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

2

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

April 10, 2026

Ms. Linh Tran Stephens
P.O. Box 80112
Charleston, SC 29416

**RE:**   **26-5041, Stephens v. State of Oklahoma, et al**
Dist/Ag docket: 4:25-CV-00285-GKF-MTS

Dear Appellant:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:      James Dashiell Dunn
John K.F. Langford
Sharon K. Parker

CMW/at

238

## Cara Mirabal

| | |
|---|---|
| **From:** | ca10_cmecf_notify@ca10.uscourts.gov |
| **Sent:** | Friday, April 10, 2026 3:27 PM |
| **To:** | CM-ECF Intake OKND |
| **Subject:** | 26-5041 Stephens v. State of Oklahoma, et al "Order filed" (4:25-CV-00285-GKF-MTS) |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### Tenth Circuit Court of Appeals

### Notice of Docket Activity

The following transaction was entered on 04/10/2026 at 2:22:48 PM Mountain Daylight Time and filed on 04/10/2026

| | |
|---|---|
| **Case Name:** | Stephens v. State of Oklahoma, et al |
| **Case Number:** | 26-5041 |
| **Document(s):** | Docket Entry #2 |

### Docket Text:
[11272134] Order filed by Clerk of the Court abating case regarding post judgment motion. Reason for abatement: DCt Motion. Served on 04/10/2026. [26-5041]

### Notice will be electronically mailed to:

Mr. James Dashiell Dunn: jdunn@tcso.org
Mr. John K.F. Langford: john.langford@okdhs.org, cynthia.keirsey@okdhs.org
Sharon K. Parker: sparker@jpmlawgroup.com, bboyd@jpmlawgroup.com

### Notice will not be electronically mailed to the following as the Court does not have a valid email address on file or the person has not consented to service via email. If appropriate, notice will be delivered by other means to:

Ms. Linh Tran Stephens
P.O. Box 80112
Charleston, SC 29416

The following document(s) are associated with this transaction:

1

**Document Description:** Order
**Original Filename:** 26-5041_AbateforMtn.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=04/10/2026] [FileNumber=11272134-0]
[e29f15c4b72d4c01571000eda77bf0d9fa2da88cb6845309653ad633caa7062033bfe05cf5f80a30a1217a
1daf6ada036444708bcd53cf289bd48f81e6b7ec8f]]

**Document Description:** Order Cover Letter
**Original Filename:** /opt/ACECF/live/forms/265041_11272134_128.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=04/10/2026] [FileNumber=11272134-1]
[8a53b3d24e2dd32872c3f8032779d9edef8fdfdac971fa1340ac947070433680ac1dcd5bd9571b0e166ab
dd81cdca83b47b74bcaea5cfd17102881d9a14c7751]]
**Recipients:**

- Mr. James Dashiell Dunn
- Mr. John K.F. Langford
- Sharon K. Parker
- Ms. Linh Tran Stephens

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LINH TRAN STEPHENS, a natural living woman, *sui juris*, with inherent sovereign rights,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.  25-cv-285-GKF-MTS** |
| **STATE OF OKLAHOMA, *et al.*,** | ) ) ) | |
| **Defendants.** | ) | |

**DEFENDANT THE OKLAHOMA SHERIFF'S ASSOCIATION, INC. RESPONSE IN OPPOSITION TO PLAINTIFF'S COMBINED MOTION FOR RELIEF, TO REOPEN TIME TO FILE NOTICE OF APPEAL, AND NOTICE OF APPEAL [DOC 22]**

COMES NOW The Oklahoma Sheriff's Association, Inc. ("OSA") pursuant to Fed. R. Civ. P. Rule 7 and Local Civil Rule 7-1 and for its Response in Opposition to Plaintiff's Combined Motion for Relief, to Reopen Time to File Notice of Appeal, and Notice of Appeal [DOC 22] filed April 9, 2026 by Plaintiff Linh Tran Stephens ("Stephens") respectfully submits the following:

In a combined filing, Stephens seeks relief from judgments entered in both this case and in *Stephens v. State of Oklahoma et al.*, 25-cv-00286-CVE-MTS. The OSA is a party to this case, but is not a party to Case No. 25-cv-00286.[1] Plaintiff makes no express claim against the OSA in her Combined Motion. In fact, the OSA is not mentioned in the Combined Motion. Plaintiff's use of the plural "Defendants" and "State actors" throughout her filing is insufficient to put any specific party on notice of any allegation made against it. For all the reasons stated in the Motion to Dismiss filed by the OSA on August 22, 2025 [DOC 15] and the Court's Order and Judgment

---

[1] The OSA is also a party to *Stephens v. State of Oklahoma et al.*, 25-cv-00322-SEH-CDL, which is mentioned in Plaintiff's filing, and remains pending. The OSA filed its Motion to Dismiss in that case on August 22, 2025 [DOC 81] and again on September 2, 2025 [DOC 89] after the OSA was served by Plaintiff for a second time.

1

filed January 21, 2026 [DOC Nos. 18 and 19], Plaintiff's Combined Motion should be denied in its entirety.

WHEREFORE, the OSA respectfully requests that this Court deny Plaintiff's Combined Motion.

Respectfully submitted:

/s/ Sharon K. Parker
Sharon K. Parker, OBA #19010
**JPM LAW** | JAYNE PETERS MCVICKER BURKE
      ASKEW & PARKER
401 South Boston Ave., Suite 2000
Tulsa, OK  74103
(918) 938-7944 phone
(918) 938-7966 fax
sparker@jpmlawgroup.com
*Attorney for The Oklahoma Sheriff's Association, Inc.*

2

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 15, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James D. Dunn
6080 E. 66th Street North
Tulsa, OK 74117
918-596-8704 - Telephone
jdunn@tcso.org
*Attorney for Tulsa County Sheriff*
*Tulsa County Sheriff's Office*

John Langford
P.O. Box 25352
Oklahoma City, OK  73125-0000
405-521-3638 – Telephone
John.langford@okdhs.org
*Attorney for Oklahoma Department of Human Services*

And sent to the following by U.S. Mail with proper postage thereon:

Linh Tran Stephens
P.O. Box 80112
Charleston, SC  29416
*Plaintiff pro se*

                                      /s/ Sharon K. Parker
                                      Sharon K. Parker

243

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

LINH TRAN STEPHENS, a natural
living woman, sui juris,

       Plaintiff,

vs.

STATE OF OKLAHOMA, et al.

       Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. 25-CV-285-GKF-MTS

**TCSO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S COMBINED
MOTION FOR RELIEF FROM JUDGMENT, TO REOPEN TIME TO FILE NOTICE
OF APPEAL, AND NOTICE OF APPEAL [DOC 22]**

COMES NOW defendants David L. Moss Correctional Center, Tulsa County Sheriff Vic
Regalado and Tulsa County Sheriff's Deputy Jacob Williamson (hereinafter collectively referred
to as the "TCSO" defendants), by and through James D. Dunn, General Counsel for the Sheriff's
Office[1], and for its response in opposition to plaintiff's "Combined Motion for Relief from
Judgment, to Reopen Time to File Notice of Appeal, and Notice of Appeal" [DOC 22] states the
following.

**PROCEDURAL BACKGROUND**

On January 21, 2026, this Court filed its order and judgment dismissing this case and
entering judgment in favor of Defendants against the Plaintiff. [DOCS 18, 19]  The court clerk
entered a minute on March 9, 2026, indicating the court's judgment mailed to Plaintiff was returned

---

[1] 19 O.S. § 527(A) states:  "[t]he sheriff, treasurer or assessor in a county shall have the authority
to employ a general counsel, either in-house as a staff attorney or through an outside law firm, to
advise or represent that officer and his or her office in the performance of the official duties of that
office.  The Board of County Commissioners shall approve all contracts for outside counsel.  A
general counsel employed pursuant to this section shall be compensated from the funds of the
employing county office.

to the court.  On April 9, 2026, the Plaintiff filed the instant Motion to reopen the time to appeal, motion for relief from judgment under Rule 60.  [DOC 22]  Based on the following, the TCSO defendants respectfully request the court to enter an order denying Plaintiff's request for relief as the plaintiff failed to comply with LGnR2-6 and LCvR17-1(h).  Additionally, this court's judgment is neither void, nor was it obtained by the commission of fraud upon the court.

## ARGUMENT AND AUTHORITY

### A.

Plaintiff first argues she is entitled to relief pursuant to Fed. R. App. P. 4(a)(6) as she claims she did not receive notice of this court's judgment. Said judgment [DOC. 20] dismissing Plaintiff's lawsuit was directed to the Petitioner at "1964 ASHLEY RIVER RD STE B UNIT 80112, CHARLESTON, SC  29407."  It was returned to the court marked "Return to Sender-Attempted-Not Known-Unable to Forward."  [DOC 20]

The address used in plaintiff's complaint [DOC 2] is "1964 Ashley River Rd Ste B Unit 80112, Charleston, South Carolina [zip exempt, near 29407] without U.S. Washington, D.C."  In DOCS 3 and 4, Plaintiff states her address is "1964 Ashley River Rd Ste B Unit 80112, Charleston, South Carolina [zip exempt but near 29407] without U.S.D.C."  In plaintiff's summons', DOC 6, plaintiff lists her address as "1964 Ashley River Rd Ste B Unit 80112, Charleston, South Carolina [zip exempt but near 29407] Without United States District of Columbia."  In DOCS 21 and 22, Plaintiff's most recent filings, she lists her address as "P.O. Box 80112, Charleston, South Carolina [zip exempt but near 29416] without U.S.D.C."

LGnR2-6 provides in pertinent part that "[a]ll papers shall contain the name, mailing address, telephone number (if any), and email address (if any) of the attorney or pro se party filing such papers. All attorneys and pro se parties have a continuing duty to file a written notice of

changes in contact information… Pro se parties not authorized to file electronically shall update their contact information as required by LCvR17-1(h).  **Papers sent by the Court will be deemed delivered if sent to the last known physical** or email **address provided to the Court**.  (Emphasis added)  LCvR17-1(e) states that a "…pro se party must provide the Clerk of Court and all parties a mailing address at which service upon the pro se party can be made."  LCvR17-1(h) provides that "[e]very pro se party shall inform the Clerk of Court and all parties, in writing, of any change of name, address, telephone number, or email address within fourteen days of the change. It is the responsibility of the pro se party to notify the Clerk of Court and the parties of any change."

Here, it appears that plaintiff has either changed or corrected her address.  Regardless, plaintiff's formatting of her address in her pleadings has been and remains non-standard as plaintiff insists on listing her zip code as "…exempt but near 29407" or "…exempt but near 29416" while putting the same in brackets and then stating "without U.S.D.C." or "without United States District of Columbia."

While *Haines v. Kerner*, 404 U.S. 519 (1972) requires courts to hold pro se pleadings to less stringent standards than formal pleadings drafted by lawyers, it has never meant that a court must cater to the idiosyncratic formatting desires with respect to one's mailing address, just as the court does not have to accept invented legal theories as valid, excuse jurisdictional defects, or pretend that "pseudo law" has merit.

Here, the court clerk complied with Fed R. Civ. P. 77(d)(1).  Due to plaintiff's failure to comply with LGnR2-6 and LCvR17-1(h), plaintiff's request for relief pursuant to Fed. R. App. P. 4(a)(6) should be denied.

**B.**

In the alternative, plaintiff claims this court's judgment [DOC 19] is both void and was obtained by fraud. Plaintiff's assertions are meritless.  A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 270 (2010).  Relief under *Fed R. Civ. P. Rule 60(b)(4)* is available only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.  *Id.* at 271.

Relief under Fed. R. Civ. P. Rule 60(d)(3) requires a showing of "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944).  Fraud on the court requires proof that an "officer of the court" perpetrated a "fraud" that "seriously affect[ed] the integrity of the normal process of adjudication." *Bulloch v. United States,* 763 F.2d 1115, 1121 (10th Cir. 1985).  Allegations of fraud on the court are subject to the "clear and convincing evidence" standard and must involve "the most egregious conduct."  *Id.*  This is an extraordinary remedy, and the alleged fraud must rise above mere notice disputes or procedural irregularities.  A failure to receive a routine docket entry or judgment does not constitute fraud on the court.

Plaintiff does not allege the Tulsa County defendants or their counsel engaged in any intentional scheme to prevent plaintiff from receiving notice of the court's judgment.  There is no allegation that the Tulsa County defendants manipulated the docket, interfered with the clerk's notice system, or took any affirmative action to conceal the judgment.  A bare allegation that plaintiff did not receive the judgment, standing alone, does not begin to approach the level of

247

misconduct required to establish fraud on the court.  *See Hazel-Atlas,* 322 U.S. at 245-46 (fraud on the court requires deliberate conduct by an officer of the court to subvert the judicial process.)

### CONCLUSION

Based on the foregoing, the TCSO defendant's respectfully request this Court deny plaintiff's "Motion for Relief from Void Judgment" in its entirety.  The plaintiff's failure to comply with LGnR2-6 and LCvR17-1(h) led to this court's judgment being returned to the court.  Additionally, the judgment is not void, no fraud on the court occurred, and plaintiff has not made the extraordinary showing required for relief under either Fed. R. Civ. P. 60 (b)(4) or 60(d)(3).  This Court's judgment should stand.

Respectfully submitted,

/s/        James D. Dunn
James D. Dunn, OBA#16829
General Counsel
Tulsa County Sheriff's Office
6080 E. 66th Street North
Tulsa, OK  74117
(918) 596-8704
jdunn@tcso.org
*Attorney for David L. Moss Correctional Center, Sheriff Vic Regalado, Deputy Jacob R. Williamson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April 2026, I cause a true and correct copy of this document to be placed in the United States mail, first class postage fully pre-paid, addressed to:

Linh Tran Stephens
P.O. Box 80112
Charleson, SC  29416

/s/ James D. Dunn
James D. Dunn