# U.S. District Court
## U.S. District Court for the Northern District of Oklahoma (Tulsa)
## CIVIL DOCKET FOR CASE #: <u>4:25–cv–00285–GKF–MTS</u>

Stephens v. State of Oklahoma et al

Assigned to: Judge Gregory K Frizzell

Referred to: Magistrate Judge Mark T Steele

Related Cases:  4:22–cv–00480–CVE–JFJ
            4:23–cv–00553–GKF–SH
            4:24–cv–00216–JDR–CDL
            4:24–cv–00259–GKF–MTS
            4:25–cv–00322–SEH–CDL

Case in other court:  Circuit Court of Oregon, 15–DR–18623
            Tenth Circuit, 24–05438
            Tenth Circuit, 25–05063
            10th Circuit, 26–05041 (#21)
            Supreme Court of OK, CI–120847
            Tulsa County District Court, CJ–23–01901
            Tulsa County District Court, CV–24–01311
            Supreme Court of OK, DF–120612
            Supreme Court of OK, DF–120848
            Supreme Court of OK, DF–120849
            Supreme Court of OK, DF–121149
            Supreme Court of OK, DF–121254
            Supreme Court of OK, DF–121851
            Supreme Court of OK, DF–122022
            Tulsa County District Court, FD–15–02228
            Tulsa County District Court, JD–21–00270
            Supreme Court of OK, MA–121200
            Supreme Court of OK, MA–121255
            Supreme Court of OK, MA–122445
            Supreme Court of OK, MA–122859
            Tulsa County District Court, PO–21–03843
            Tulsa County District Court, PO–21–04059
            Supreme Court of OK, PR–121200

Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 06/06/2025
Date Terminated: 01/21/2026
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**<u>Petitioner</u>**

**Linh Tran Stephens**                           represented by  **Linh Tran Stephens**
                                                235 TOM STEWART RD
                                              NEWBERRY, SC 29108
                                            817–631–3223
                                            PRO SE

V.

## Respondent

**State of Oklahoma**
*and its divisions and*
*employees/successors*

## Respondent

**Loretta Radford**
*in her individual capacity and in official*
*capacity as Special Judge of Tulsa County*
*District Court; docket F*

## Respondent

**Deborrah Ludi–Leitch**
*in her individual capacity and in official*
*capacity as Special Judge of Tulsa County*
*District Court; docket F*

## Respondent

**Emmalene Stringer**
*in her individual capacity and in official*
*capacity as State Attorney of Child*
*Support Services*

## Respondent

**Jacob R Williamson**                    represented by **James Dashiell Dunn**
*in his individual capacity and in official*                Tulsa County
*capacity as Tulsa County District Court*                  Tulsa County Sheriff's Office
*Sheriff employee*                                         6080 E. 66th Street North
                                                           Tulsa, OK 74117
                                                           918–596–8704
                                                           Email: jdunn@tcso.org
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

## Respondent

**Vic Regalado**                         represented by **James Dashiell Dunn**
*in his individual capacity and in official*               (See above for address)
*capacity as SHERIFF OF TULSA*                             *LEAD ATTORNEY*
*COUNTY*                                                   *ATTORNEY TO BE NOTICED*

## Respondent

**Kim Hall**
*in her individual capacity as Court Clerk*
*of Tulsa County District Court*

## Respondent

**Jeffrey Cartmell**
*in his individual capacity and in official*
*capacity as DIRECTOR OF OKDHS*
*since 2024 replacing DEBORAH*
*SHROPSHIRE*

**Respondent**

**Gentner Drummond**
*in his individual capacity and in official*
*capacity as OKLAHOMA ATTORNEY*
*GENERAL since 2023*
*also known as*
Gentner Fredrick Drummond

**Respondent**

**John Kevin Stitt**
*in his individual capacity and in official*
*capacity as GOVERNOR OF*
*OKLAHOMA*
*also known as*
J. Kevin Stitt

**Respondent**

**Tulsa County District Court**
*and its divisions (Family Court, Juvenile*
*Court, Civil Court, Small Claim Court*
*Division) and its employees/successors*

**Respondent**

| | | |
|---|---|---|
| **Oklahoma Department of Human Services**<br>*(OKDHS) and its divisions and its*<br>*employees/successors* | represented by | **John K.F. Langford**<br>John Langford<br>Oklahoma Department of Human Services<br>P.O. Box 25352<br>Oklahoma City, OK 73125−0000<br>405−521−3638<br>Email: john.langford@okdhs.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Respondent**

| | | |
|---|---|---|
| **Oklahoma Child Support Services**<br>*(CSS)* | represented by | **John K.F. Langford**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Respondent**

| | | |
|---|---|---|
| **Oklahoma Sheriffs' Association** | represented by | **Sharon K. Parker**<br>JPM Law, PLLC<br>401 S. Boston Ave. |

Ste. 2000
Tulsa, OK 74103
918–938–7944
Fax: 918–938–7966
Email: sparker@jpmlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Oklahoma Attorney General Office**
*(OAG)*

**Respondent**

**Oklahoma Secretary of State**
*(SOS)*

**Respondent**

**Oklahoma State Governor's Office**

**Respondent**

| | | |
|---|---|---|
| **David L. Moss Justice Center/Tulsa County Jail** | represented by | **James Dashiell Dunn** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Respondent**

**Does**
*#1–99 known but unidentified STATE OF OKLAHOMA's employees*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/09/2026 | 20 | MAIL to Linh Tran Stephens Returned – address has been changed to address unknown. (Re: 18 Order,, Dismissing/Terminating Case,, Denying Certificate of Appealability,, Ruling on Petition for Writ of Habeas Corpus (2241/2254),, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Dismiss,, Ruling on Motion to Dismiss for Failure to State a Claim,, Ruling on Motion to Dismiss for Lack of Jurisdiction,,, 19 Judgment, Entering Judgment ) (mm, Dpty Clk) Modified on 5/15/2026 to link to correct entries (mm, Dpty Clk). (Entered: 03/10/2026) |
| 05/18/2026 | 31 | ORDER by Judge Gregory K Frizzell ; setting/resetting Filing Fee deadline(s): ( Filing Fee due by 6/15/2026); directing court clerk to take action; granting in part 22 Motion for Miscellaneous Relief; denying in part 22 Motion for Miscellaneous Relief; denying 29 Motion for Leave to Appeal in Forma Pauperis (Re: 21 Notice of Appeal to Circuit Court, ) (kjp, Dpty Clk) (Entered: 05/18/2026) |

CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA
333 WEST FOURTH STREET, ROOM 411
TULSA, OKLAHOMA 74103-3819

OFFICIAL BUSINESS

TULSA OK 740

25 JAN 2026 AM 3 L

NEOPOST
01/22/2026
US POSTAGE $001.03º

FIRST-CLASS MAIL
IMI

ZIP 74103
041M11287529

RECEIVED

MAR 09 2026

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

RTS

Postmarked 1/22/2026 #19 S
25cv285-GKF-MTS



NIXIE        296    DE 1          0003/05/26
             RETURN TO SENDER
             ATTEMPTED - NOT KNOWN
             UNABLE TO FORWARD
BC: 74103388199        *0857-01355-23-19

Linh Tran Stephens
1964 ASHLEY RIVER RD STE B UNIT 80112
CHARLESTON, SC 29407

Docket Entry #19

4:25-cv-00285-GKF-MTS

005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LINH TRAN STEPHENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-0285-GKF-MTS |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

This matter is before the Court on Petitioner Linh Tran Stephens's two-part motion to reopen time to appeal and motion for relief from judgment under Federal Rule of Civil Procedure 60 (Dkt. 22) and Stephens's motion for leave to appeal in forma pauperis (Dkt. 29). Defendant Oklahoma Sheriff's Association ("OSA") and Defendants David L. Moss Correctional Center, Tulsa County Sheriff Vic Regalado, and Tulsa County Sheriff's Deputy Jacob Williamson (collectively, "TCSO defendants") filed responses in opposition to the two-part motion (Dkts. 27, 28). Stephens did not reply to either response and the time to do so has expired. For the following reasons, the Court grants in part and denies in part the two-part motion and denies the motion for leave to appeal in forma pauperis.

**I.      Background**

This Court denied petitioner's hybrid filing titled as an "emergency petition for writ of habeas corpus for Linh pursuant to 28 U.S.C. § 2254, emergency motion for permanent restraining order and preliminary injunction, and complaint for declaratory and injunctive relief under 42 U.S.C. § 1983" (Dkt. 2) on January 21, 2026, in part for lack of subject matter jurisdiction and in part for failure to comply with Federal Rule of Civil Procedure 8(a), and entered judgment against her that same day. Dkts. 18, 19. The Clerk of Court mailed the order and the judgment to

006

Stephens's mailing address that was on file with the court: 1964 Ashley River Rd Ste B Unit 80112, Charleston, SC 29407.[1] *Id.* On March 9, 2026, the Clerk of Court received as returned mail the copies of the order and the judgment that had been mailed to Stephens nearly two months earlier. Dkt. 20. The envelope was marked "RTS" and had a postage label identifying the mail as "return to sender, attempted not known, unable to forward." *Id.* Because the Clerk of Court had no other mailing address for Stephens, the Clerk of Court changed Stephens's address to "address unknown." *Id.*

On April 9, 2026, Stephens filed a combined "Notice of Appeal to the United States Court of Appeals for the Tenth Circuit and Combined Emergency Motion to Reopen Time to File Notice of Appeal Pursuant to Fed. R. App. P. 4(a)(6) and Motion for Relief from Void Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) and 60(d)(3) for Fraud upon the Court." The Court directed the Clerk of Court to docket this filing twice, first as a notice of appeal (Dkt. 21) and second as a two part-motion for leave to reopen the time to appeal and motion for relief from judgment under Federal Rule of Civil Procedure 60 (Dkt. 22). The Clerk of Court also updated Stephens's address, using the new address she identified in the notice of appeal, and mailed to Stephens an appeal packet.[2] Dkt. 24; *see* Dkt. 21 at 1. The United States Court of Appeals for the Tenth Circuit docketed the

---

[1] As the TCSO defendants note, Stephens provided slight variations of this address in each of her initial filings. Dkt. 28 at 2. For example, in her hybrid petition/complaint, Stephens identified her address as "1964 Ashley River Rd Ste B Unit 80112, Charleston, South Carolina [zip exempt, near 29407] without U.S. Washington, D.C." Dkt. 2 at 1. In the summonses issued to Stephens by the Clerk of Court, Stephens identified her address as "1964 Ashley River Rd Ste B Unit 80112, Charleston, South Carolina [zip exempt but near 29407], Without United States District of Columbia." Dkt. 6 at 1.

[2] On the first page of the notice of appeal, Stephens identified her address as: "P.O. Box 80112, Charleston County, South Carolina [29416]." Dkt. 21 at 1. Near the end of that same document, Stephens identified her address as: "PO Box 80112, Charleston, South Carolina [zip exempt but near 29416] without U.S.D.C." Dkt. 21 at 24.

appeal as Case No. 26-5041 and immediately abated the appeal pending this Court's ruling on the two-part motion.   Dkts. 25, 26.   On May 5, 2026, Stephens filed a motion for leave to appeal in forma pauperis.   Dkt. 29.

## II.      Motion to reopen time to appeal

Stephens brought this civil action against the State of Oklahoma and various state and local officials or employees.   Dkt. 2.   She thus had thirty days after the entry of judgment, or until February 23, 2026, to file a timely notice of appeal.   Fed. R. App. P. 4(a)(1); 28 U.S.C. § 2107(a). And the filing of a timely notice of appeal is jurisdictional.   *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Alva v. Teen Help*, 469 F.3d 946, 948 (10th Cir. 2006).   Because Stephens filed the notice of appeal on April 9, 2026, she asks this Court to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6).   Dkt. 22 at 8-10.   Applying Rule 4(a)(6), the Court finds Stephens's request to reopen the time to appeal should be granted.   Rule 4(a)(6) permits a district court to reopen the time to appeal "only if all the following conditions are satisfied:"

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).[3]   This rule implements 28 U.S.C. § 2107(c) by authorizing district courts to reopen the thirty-day period for filing an appeal, for a brief fourteen-day period, when the would-

---

[3] The "[l]ack of notice of the entry [of the order or judgment] does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)."   Fed. R. App. P. 77(d)(2).

be appellant lacked timely notice of the entry of a judgment or an order.   28 U.S.C. § 2107(c)(1)-(2); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 23-26 (2007).   In support of her request to reopen the time to appeal, Stephens declares, under penalty of perjury, that she first received notice of the entry of judgment on March 23, 2026, through an email notification system she identifies as CourtListener.   Dkt. 22 at 5, 27-28.   The Clerk of Court served notice of the entry of the order and the judgment on Stephens in January 2026, under Rule 77(d), by mailing copies of both to her last known address.   *See* Fed. R. Civ. P. 5(b)(2)(C) (providing that a paper is served . . . by mailing it to the person's last known address—in which event service is complete upon mailing"); Fed. R. Civ. P. 77(d)(1) ("Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear.   The clerk must record the service on the docket.").   The TCSO defendants contend that Stephens's "idiosyncratic formatting" of the addresses she has provided to the court and the Clerk of Court's compliance with Rule 77(d) preclude relief under Rule 4(a)(6).   Dkt. 28 at 2-3.   The Court disagrees.   As explained in *Hamer*, 28 U.S.C. § 2107(c) and Rule 4(a)(6) permit district courts to reopen the time to appeal in "lack-of-notice cases."   *Hamer*, 583 U.S. at 26.   A lack of notice can occur even when a clerk of court has served notice of an order or judgment in accordance with applicable rules.   Evidence that the Clerk of Court complied with Rules 5(b) and 77(d) gives rise to a presumption of receipt, but that is a rebuttable presumption. *See Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995) ("Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee."); *see also* Fed. R. Civ. P. 5(b)(2)(C) (providing that the act of mailing a paper to a party's last known address constitutes service and that "service is complete upon mailing").   And "[w]hen a movant specifically denies receipt of notice, a district judge must then

4

weigh the evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing." *Nunley*, 52 F.3d at 796. "Regardless of the quantum of evidence necessary to rebut the presumption, the movant still bears the burden of proving non-receipt." *Id.* Considering Stephens's sworn declaration and evidence that the order and judgment were returned to the Clerk of Court as undeliverable, the Court finds Stephens has rebutted that presumption and has satisfied the condition in Rule 4(a)(6)(A) by showing that she did not receive formal notice of entry of the order and judgment within twenty-one days after entry.[4] And, accepting as true that Stephens received informal notice of the entry of judgment on March 23, 2026, the Court finds Stephens has satisfied the condition in Rule 4(a)(6)(B) because she filed the notice of appeal within 180 days of entry of judgment.[5] Lastly, the Court finds that no party would be prejudiced by reopening the time to appeal and that Stephens

---

[4] *See* Fed. R. App. P. 4(a)(6), advisory committee's note to 2005 amendments ("Under new subdivision (a)(6)(A), if the court finds that the moving party was not notified under Civil Rule 77(d) of the entry of the judgment or order that the party seeks to appeal within 21 days after entry that judgment or order was entered, then the court is authorized to reopen the time to appeal (if all of the other requirements of subdivision (a)(6) are met).").

[5] The condition in Rule 4(a)(6)(B) requires a finding that that Stephens filed the notice of appeal either "within 180 days after the judgment or order [was] entered or within 14 days after [she] receive[d] notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*." Fed. R. App. P. 4(a)(6)(B) (emphasis added). Here, the fourteen-day period would have been the earlier period, but "only formal notice of the entry of judgment or order under Civil Rule 77(d) will trigger the [14]-day period." Fed. R. App. P. 4(a)(6), advisory committee's note to 2005 amendments. As just discussed, the evidence in the record shows that Stephens did not receive formal notice of entry of the order and judgment. Thus, Stephens satisfied this condition by filing the notice of appeal within 180 days of the entry of judgment.

010

has thus satisfied the condition in Rule 4(a)(6)(C).[6]   The Court therefore grants Stephens's two-part motion, in part, as to the request to reopen the time to appeal, reopens the time to file an appeal for fourteen days from the date of this order, and deems the notice of appeal (Dkt. 21) timely filed. *See Parrish v. United States*, 605 U.S. 376, 391 (2025) ("When a district court grants reopening to a litigant who has already filed a notice making his intent to appeal clear, no second notice of appeal is required.   Instead, the original notice relates forward to the date reopening is granted.").

### III.    Motion for relief from judgment

Stephens also seeks relief from the judgment under Federal Rule of Civil Procedure 60. Dkt. 22 at 10-12.   She asserts that relief is warranted under Rule 60(b)(4) because the judgment is void and under Rule 60(d)(3) based on fraud on the court.   *Id.*

The filing of a notice of appeal generally divests a district court of jurisdiction over a case except for certain collateral matters.   *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010). Absent a remand, this Court lacks jurisdiction to grant Stephens's Rule 60 motion and vacate the

---

[6] The prejudice contemplated in Rule 4(a)(6)(C) "means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal."   Fed. R. App. P. 4(a)(6), advisory committee's note to 1991 amendment.   No responding defendants have suggested that reopening the appeal time would result in prejudice.   Dkts. 27, 28.   OSA urges the Court to deny the two-part motion, in its entirety, because Stephens does not mention OSA in the two-part motion and "[f]or all the reasons stated in the Motion to Dismiss filed by the OSA . . . and the Court's Order and Judgment."   Dkt. 27 at 1-2.   The TCSO defendants oppose reopening the time to appeal on grounds that Stephens did not maintain a correct or current address with the court, as required by local rules, and because the Clerk of Court served notice of entry of the order and judgment, as required by Rule 77(d)(1). Dkt. 28 at 2-3.

011

judgment from which she has appealed.   Nonetheless, this Court has authority to entertain and deny the motion.   *See Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991) ("Although it lacked jurisdiction to grant the Rule 60(b)(2) motion due to the appeal . . . the court was free to consider the motion, and the court could then either deny it on the merits, or the court could have notified us of its intention to grant the motion upon proper remand."); *Aune v. Reynders*, 344 F.2d 835, 841 (10th Cir. 1965) ("In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act."); Fed. R. Civ. P. 62.1(a) (providing court may deny motion for relief that court otherwise lacks authority to grant due to pending appeal).

Stephens's arguments are not well developed.   But even considering them with the leniency that must be afforded to a pro se litigant, the Court finds no basis to grant relief under either Rule 60(b)(4) or Rule 60(d)(3).   "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."   *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).   Stephens appears to allege voidness based on a due process violation, asserting that the Court dismissed her hybrid petition/complaint "without affording her notice, without a jury trial, and without written findings of fact and conclusions of law."   Dkt. 22 at 10-11.   Nothing in the record supports her assertion that the Court deprived her of due process. Stephens commenced this action in June 2025 by filing the hybrid petition/complaint and paying the fee necessary to commence a habeas action.   Dkts. 2, 5.   At case opening, Stephens provided the following mailing address:   "1964 Ashley River Rd Ste B Unit 80112, Charleston, South Carolina [zip exempt, near 29407] without U.S. Washington, D.C."   Dkt. 2 at 1.   Stephens

7

included an email address at the end of the pleading.  *Id.* at 71.  She also filed two motions "to obtain electronic case filing rights for non-attorneys."  Dkts. 3, 4.  She did not, however, file a written consent form to receive service of pleadings and other papers by email, as required by Local Civil Rule 17-1(f).  Under that rule, a pro se party may provide the Clerk of Court and all parties with an email address at which service upon the pro se party can be made, but a pro se party who chooses to receive service by email must complete and file a written consent form that is readily available on the court's website.  LCvR17-1(f).  Because Stephens did not file written consent to receive service by email, using the appropriate form, the Clerk of Court and all parties served motions and other papers on Stephens by using the mailing address she provided.  *See* Fed. R. Civ. P. 5(b)(2)(C) (providing that a paper is served by . . . mailing it to the person's last known address—in which event service is complete upon mailing").  Until mail was returned to the Clerk of Court on March 9, 2026 (nearly two months after entry of judgment), there was no suggestion in the case record that Stephens lacked notice of any court proceedings.  True, Stephens did not respond to any of the three motions to dismiss that were pending as of August 22, 2025.  But, seven days after the last motion to dismiss was filed, Stephens filed proofs of service.  Dkt. 16. Nothing in the record suggests that Stephens then inquired about the status of her case or otherwise informed the Court that she had not received motions or other papers from the Clerk of Court or any parties.  Further, at no time has Stephens filed a notice of change of address, as required by Local General Rule 2-6 and Local Civil Rule 17-1(h).  Rather, the Clerk of Court obtained a new address for Stephens only by reviewing the notice of appeal.  Dkt. 24.  "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v.*

8

*Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Under the circumstances of this case, the Court finds that serving motions and other papers on Stephens by mailing them to Stephens's last known mailing address was reasonably calculated to apprise Stephens of the progress of her case and to provide her an opportunity to present her objections before entry of judgment. Consequently, the Court concludes that no due process violation rendered the judgment void.

Rule 60(d)(3) permits a court to set aside a judgment that was obtained through fraud on the court. Fed. R. Civ. P. 60(d)(3). But "a claim of fraud on the court is difficult to establish" and the party asserting fraud on the court must establish its existence by clear and convincing evidence. *Thomas v. Parker*, 609 F.3d 1114, 1120 (10th Cir. 2010). "Moreover,

> "fraud on the court," whatever else it embodies, requires a showing that one has acted with an intent to deceive or defraud the court. A proper balance between the interests underlying finality on the one hand and allowing relief due to inequitable conduct on the other makes it essential that there be a showing of conscious wrongdoing—what can properly be characterized as a deliberate scheme to defraud—before relief from a final judgment is appropriate . . . . Thus, when there is no intent to deceive, the fact that misrepresentations were made to a court is not of itself a sufficient basis for setting aside a judgment under the guise of "fraud on the court."

*United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (quoting *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995)). Stephens alleges a "systematic and coordinated pattern of conduct by Defendants, acting in concert with judicial officers, state agencies, and Bar card attorneys, as described in the Second Amended Federal Claims, constitutes a fraud upon the court vitiating the judgment." Dkt. 22 at 11. She then lists what, she says, her "Second Amended Federal Claims documented with particularity," namely, "fabricated and false representations by DHS, CPS, and CSS agents to state and federal courts; forgery of signatures and submission of materially false statements to courts; coordination between judicial officers and opposing parties' attorneys; illegal garnishment of ERISA-protected 401(k) retirement accounts; revocation of Plaintiff's passport in violation of her fundamental right to travel; RICO enterprise

014

conduct among judicial actors, bar card attorneys, and state agencies; [and] forced debtor's prison/contempt proceedings in violation of constitutional prohibitions." *Id.* at 11-12. Stephens also alleges:

> The lower court apparently dismissed my Second Amended Federal Claims without holding a jury trial, without affording me the procedural protections guarantee under the Fifth and Fourteenth Amendments, and without providing me written findings of fact and conclusions of law sufficient for appellate review, in violation of Fed. R. Civ. P. 52(a) and my due process rights against private citizens on top of public servants, and as private citizens are not covered under the 'immunity' clause!

*Id.* at 7. Notably, Stephens did not file any "Second Amended Federal Claims" in this case and her fraud-on-the-court allegations appear instead to focus on a different civil action she filed in this court. *See id.* at 4-5 ("On approximately July 30, 2025, I filed my Second Amended Federal Claims (Document 19) in Case No. 4:25-cv-00322-SEH-JFJ . . . asserting 32 causes of action against 84 named Defendants for systemic, organized, and ongoing violations of my constitutional rights, civil rights, and those of my biological offspring (private property) G.L. Stephens, including but not limited to violations under 42 US.C. §§ 1983, 1985, 1986, ERISA, RICO (18 U.S.C. § 1962), ADA, and the Federal Tort Claims Act[.]")[7] Even disregarding Stephens apparent blending of claims or arguments presented in different civil actions, Stephens presents nothing beyond conclusory allegations in her attempt to establish fraud on the court.[8] The Court therefore concludes there is no basis to grant relief from judgment under Rule 60(d)(3).

---

[7] The Court takes judicial notice of this court's own records showing that Stephens did file a document in a different case that was entitled "Second Amended Federal Claims, Injunctive Relief." *See* Dkt. 19, N.D. Okla. Case No. 25-CV-0322-SEH-SH. To date, no judgment has been entered in that case.

[8] As the TCSO defendants contend, none of Stephens's allegations appears to relate to, much less demonstrate, that the TCSO defendants or their counsel acted with intent to deceive or defraud the Court in this civil action. Dkt. 28 at 4-5.

015

For these reasons, the Court denies the two-part motion, in part, as to the motion for relief from judgment under Federal Rule of Civil Procedure 60.

## IV.    Motion for leave to appeal in forma pauperis

Lastly, Stephens seeks leave to appeal, in Case No. 26-5041, without prepayment of the $605 appellate docketing and filing fees.   Dkt. 29.[9]   "[T]o succeed on [t]his motion, [Stephens] must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).   Based on representations in the motion for leave to appeal in forma pauperis, the Court finds that Stephens lacks sufficient funds to prepay the required fees.   Dkt. 29.   Nonetheless, the Court finds nothing in the notice of appeal to suggest the existence of a reasoned, nonfrivolous argument on the law and facts" that Stephens may intend to present on appeal.   Dkt. 21.   The Court therefore denies the motion for leave to appeal in forma pauperis.   On or before June 15, 2026, Stephens shall either:   (1) pay the $605 appellate docketing and filing fees to the Clerk of Court for the district court or (2) renew her request to proceed without prepayment of the fees by filing a motion for leave to appeal in forma pauperis in the United States Court of Appeals for the Tenth Circuit, in accordance with Federal Rule of Appellate Procedure 24(a)(5).

**IT IS THEREFORE ORDERED** that Petitioner Linh Tran Stephens's two-part motion (Dkt. 22) is **granted in part**, as to the motion to reopen time to appeal under Federal Rule of

---

[9] In the motion for leave to appeal in forma pauperis, Stephens identifies a different address.  Dkt. 29 at 6.   The Court therefore directs the Clerk of Court to update Stephens's address as follows: 235 Tom Stewart Rd, Newberry, SC 29108.   *Id.*

Appellate Procedure 4(a)(6), and **denied in part**, as to the motion for relief from judgment under Federal Rule of Civil Procedure 60.

**IT IS FURTHER ORDERED** that the period to file an appeal is reopened for fourteen days from the date of this order and the notice of appeal (Dkt. 21) is deemed timely.

**IT IS FURTHER ORDERED** that the motion for leave to appeal in forma pauperis (Dkt. 29) is **denied**. On or before June 15, 2026, Stephens shall either (1) pay the $605 appellate docketing and filing fees to the Clerk of Court for the district court or (2) renew her request to proceed without prepayment of the fees by filing a motion for leave to appeal in forma pauperis in the United States Court of Appeals for the Tenth Circuit, in accordance with Federal Rule of Appellate Procedure 24(a)(5).

**IT IS FURTHER ORDERED** that the Clerk of Court shall update Petitioner Linh Tran Stephens's address as follows:   235 Tom Stewart Rd, Newberry, SC 29108.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this order, electronically, to the United States Court of Appeals for the Tenth Circuit, regarding Case No. 26-5041.

**DATED** this 18th day of May, 2026.

Gregory K. Frizzell
United States District Judge

12